TEKER CIVILLE TORRES & TANG, PLLC
SUITE 200, 330 HERNAN CORTEZ AVENUE
HAGÅTÑA, GUAM 96910
TELEPHONE: (671) 477-9891/472-8868
FACSIMILE: (671) 472-2601/477-2511

*Attorneys for Plaintiff*

FILED
DISTRICT COURT OF GUAM
OCT 31 2003
MARY L. M. MORAN
CLERK OF COURT

IN THE DISTRICT COURT OF GUAM

----------

| | |
|---|---|
| GUAM MEDICAL PLAZA, L.P., | CIVIL CASE NO. 03-00035 |
| Plaintiff, | |
| vs. | **COMPLAINT** |
| CALVO'S INSURANCE UNDERWRITERS, INC. and MICHAEL D. BROWN, UNDER SECRETARY, FEDERAL EMERGENCY MANAGEMENT AGENCY, | |
| Defendants. | |

----------

Plaintiff, Guam Medical Plaza, L.P., through Phillip Torres, Esq., Teker Civille Torres & Tang, PLLC and complains against the above named Defendants as follows:

1.  This Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1331 and 42 U.S.C. § 4053 and 4072.

2.  Plaintiff, at all times relevant herein, is a Guam limited partnership organized and existing under the laws of Guam.

3.  Upon information and belief, Defendant Calvo's Insurance Underwriters, Inc. ("Defendant Calvo's Insurance") is a licensed insurance agent and a Guam Corporation organized

C:\File3\Guam Medical Plaza\Complaint 002.pld.wpd
ORIGINAL
Case 1:03-cv-00035    Document 1    Filed 10/31/2003    Page 1 of 13

and existing under the laws of Guam.

4. Upon information and belief, Defendant Michael D. Brown is the Under Secretary responsible for the Federal Emergency Management Agency and oversees the Mitigation Division which manages the National Flood Insurance Program ("Flood Program").

**FIRST CAUSE OF ACTION**

5. On or about June 16, 1998, Plaintiff submitted its original application, through Defendant Calvo's Insurance, for flood insurance under the Flood Program.

6. Plaintiff's agent was Defendant Calvo's Insurance who was hired by Plaintiff and charged with the task of obtaining Plaintiff's desired insurance coverage under the Flood Program for Plaintiff's medical building.

7. The plain language of the policy application sought coverage of Five Hundred Thousand Dollars ($500,000.00) for contents located in the basement enclosure and consisting of improvements including electrical improvements, elevators, transformers and equipment.

8. The Flood Program policy as issued provided insurance of Five Hundred Thousand Dollars ($500,000.00) coverage on contents including improvements, electrical improvements, elevators, transformers and equipment as authorized by 42 U.S.C. § 4013(b)(4). The application specifically stated that the electrical improvements and transformers were located in the basement. A copy of the application is attached hereto as Exhibit "A."

9. On or about June 29, 1998, Plaintiff through Defendant Calvo's Insurance, was informed that the Flood Program, after its review and approval of the application, determined there was an underpayment of Five Dollars ($5.00) for the requested coverage in the amount of Five Hundred Thousand Dollars ($500,000.00). The Five Dollars ($5.00) was promptly paid by Plaintiff and an endorsement of coverage for Five Hundred Thousand Dollars ($500,000.00) was given by

TEKER CIVILLE TORRES & TANG, PLLC
SUITE 200, 330 HERNAN CORTEZ AVENUE
HAGÅTÑA, GUAM 96910
TELEPHONE: (671) 477-9891/472-8868

the Flood Program to Plaintiff.

10. Flood Program Insurance Policy No. 3000183910 was initially issued to Plaintiff in 1998 and renewed annually. It was in full force and effect for all claims set forth herein. At all times herein, the Flood Program accepted premium payments in exchange for flood insurance coverage on building contents.

11. In December 2002, Plaintiff suffered flooding to its insured property as a result of Super Typhoon Pongsona. Plaintiff submitted a timely claim for losses sustained to property insured under the policy.

12. The Flood Program examiners who reviewed the claim denied coverage on the claim on February 12, 2003. The copy of the denial letter is attached hereto as Exhibit "B."

13. Plaintiff sought a review of the denial of coverage from the Federal Insurance and Mitigation Administration. On May 22, 2003, the Federal Insurance and Mitigation Administration upheld the denial of coverage and gave instructions to the Flood Program to void the policy and refund all premiums. The copy of the denial letter is attached hereto as Exhibit "C."

14. The May 22, 2003 denial constituted an exhaustion of the Plaintiff's administrative remedies in this matter.

15. The denial of the claim by the Flood Program is contrary to the plain language of the policy. The denial and upholding of the denial and subsequent offer of return of premiums instead of approval of the claim is outrageous and unconscionable.

16. As a result of the wrongful denial of the claim, Plaintiff has suffered damages in the amount of Five Hundred Thousand Dollars ($500,000.00) plus loss of use of the premises, delays in making repairs and related mold problems from those delays.

17. Plaintiff is entitled to punitive damages against Flood Program for the

TEKER CIVILLE TORRES & TANG, PLLC
SUITE 200, 330 HERNAN CORTEZ AVENUE
HAGÅTÑA, GUAM 96910
TELEPHONE: (671) 477-9891/472-8868

unconscionable and bad faith wrongful denial of the claim.

18. Pursuant to § 18608 of Title 22 of the Guam Code Annotated, Plaintiff is also entitled, against Flood Program, to its attorney's fees and additional damages in the amount of twelve percent (12%) for the total amount of damages sustained by Plaintiff.

**SECOND CAUSE OF ACTION** (in the alternative)

19. Plaintiff incorporates and realleges the allegations set forth in paragraphs one (1) to eighteen (18) above.

20. Defendant Calvo's Insurance was the agent for Plaintiff during the application process and administration of the Flood Program insurance.

21. At all times herein Defendant Calvo's Insurance marketed itself as "the most trusted name in insurance" and held itself out as a knowledgeable and experienced insurance agent. Plaintiff hired Defendant Calvo's Insurance to procure and maintain Flood Program insurance for coverage desired by Plaintiff.

22. Defendant Calvo's Insurance was at all times aware of the flood coverage required and requested by Plaintiff and undertook to procure insurance from the Flood Program.

23. It was Defendant Calvo's Insurance's intent to procure insurance coverage for Plaintiff of Five Hundred Thousand Dollars ($500,000.00) on contents covering, among other things, improvements, electrical improvements, elevator transformers and equipment.

24. Defendant Calvo's Insurance informed Plaintiff that it had procured the requested insurance coverage and that Plaintiff was obligated to pay for the insurance which it did.

25. Defendant Calvo's Insurance negligently failed, through its own error or omission, to acquire the necessary requested coverage, based upon the denial of coverage by the Flood Program.

TEKER CIVILLE TORRES & TANG, PLLC
SUITE 200, 330 HERNAN CORTEZ AVENUE
HAGÅTÑA, GUAM 96910
TELEPHONE: (671) 477-9891/472-8868

C:\File3\Guam Medical Plaza\Complaint 002.pld.wpd    -4-

Case 1:03-cv-00035    Document 1    Filed 10/31/2003    Page 4 of 13

26. As a result of the Calvos Insurance's breach of its agreement to procure insurance coverage, Plaintiff suffered foreseeable damages in the amount of Five Hundred Thousand Dollars ($500,000.00) for denial of the claim.

27. Plaintiff has demanded that Defendant Calvo's Insurance cover the losses sustained by Plaintiff as a result of the Flood Program's denial of coverage.

28. Defendant Calvo's Insurance has refused to cover the loss and continues to refuse to pay the flood losses sustained by Plaintiff as the result of failure to procure insurance.

29. Plaintiff is entitled to punitive damages for the gross negligence and unconscionable failure to obtain coverage and Defendant Calvo's Insurance's bad faith refusal to pay the claim.

30. By reason of Defendants' breach of agreement to procure insurance coverage Plaintiff suffered additional foreseeable damages associated with making its flood loss claim and appeal, including loss of use of the damaged portion of the building, delays in repairs and resultant mold problems.

31. Pursuant to § 18608 of Title 22 of the Guam Code Annotated, Plaintiff is also entitled, against Defendant Calvo's Insurance, to its attorney's fees and additional damages in the amount of twelve percent (12%) on the total amount of damages sustained by Plaintiff.

WHEREFORE, Plaintiff prays judgment against Defendants, and each of them, as follows:

1. For general damages of Five Hundred Thousand Dollars ($500,000.00) for lost insurance claim;

2. For foreseeable general damages according to proof;

3. For exemplary and punitive damages of One Million Dollars ($1,000,000.00);

TEKER CIVILLE TORRES & TANG, PLLC
SUITE 200, 330 HERNAN CORTEZ AVENUE
HAGÅTÑA, GUAM 96910
TELEPHONE: (671) 477-9891/472-8868

C:\File3\Guam Medical Plaza\Complaint 002.pld.wpd -5-
Case 1:03-cv-00035   Document 1   Filed 10/31/2003   Page 5 of 13

4. For additional statutory damages of twelve percent (12%) as set forth by Guam law;

5. For attorneys fees pursuant to statute and costs of suit; and

6. That Plaintiff be given all other and further relief that it is entitled to as the Court may deem proper.

Dated this 31st day of October, 2003.

TEKER CIVILLE TORRES & TANG, PLLC

By: *[signature]*
PHILLIP TORRES, ESQ.
*Attorneys for Plaintiff*

TEKER CIVILLE TORRES & TANG, PLLC
SUITE 200, 330 HERNAN CORTEZ AVENUE
HAGÅTÑA, GUAM 96910
TELEPHONE: (671) 477-9891/472-8868

C:\File3\Guam Medical Plaza\Complaint 002.pld.wpd     -6-

Case 1:03-cv-00035     Document 1     Filed 10/31/2003     Page 6 of 13

# EXHIBIT A

# FEDERAL EMERGENCY MANAGEMENT AGENCY
## National Flood Insurance Program
**IMPORTANT— PLEASE PRINT OR TYPE**

**PART 2 OF FLOOD INSURANCE APPLICATION**

O.M.B. NO. 3067-0022 Expires September 30, 1998

**CURRENT POLICY NUMBER**
- [X] NEW
- [ ] RENEWAL      FL _____
- [ ] 3-YEAR      (IF NEW, LEAVE BLANK)

**DIRECT BILL INSTRUCTIONS:**
- [X] BILL INSURED
- [ ] BILL FIRST MORTGAGEE
- [ ] BILL SECOND MORTGAGEE
- [ ] BILL LOSS PAYEE
- [ ] BILL OTHER

POLICY PERIOD IS FROM: _____ TO _____
12:01 A.M LOCAL TIME AT THE INSURED PROPERTY LOCATION

WAITING PERIOD: [ ] STANDARD 30-DAY

INITIAL PURCHASE OF FLOOD INSURANCE RELATED TO:
[ ] LOAN— NO WAITING  [ ] MAP REV. (ZONE CHANGE FROM NON-SHFA TO SHFA)— ONE DAY

**ADDRESS OF LICENSED PROPERTY OR CASUALTY INSURANCE AGENT OR BROKER:**
Calvo's Insurance Underwriters, Inc.
P. O. Box CI, Agana, GU 96932

AGENT'S TAX ID [X] OR SSN [S] 96000113

**NAME AND MAILING ADDRESS OF INSURED:**
Guam Medical Plaza L.P.
Room 207 Regency Hotel
1475 San Vitores Rd., Tumon, Guam 96911

IS INSURANCE REQUIRED FOR DISASTER ASSISTANCE [ ] YES [X] NO   IF YES, CHECK THE GOVERNMENT AGENCY: [ ] SBA  [ ] FEMA  [ ] FMHA
ENTER CASE FILE NUMBER OR INSURED'S SOCIAL SECURITY NUMBER _____  [ ] OTHER SPECIFY: _____

**NAME AND ADDRESS OF FIRST MORTGAGEE**
LOAN NO:
Bank of Hawaii
P. O. Box BH, Agana, Guam  96932

IF SECOND MORTGAGEE, LOSS PAYEE OR OTHER IS TO BE BILLED, THE FOLLOWING MUST BE COMPLETED, INCLUDING THE NAME AND ADDRESS
- [ ] 2ND MORTGAGEE
- [ ] LOSS PAYEE
- [ ] DISASTER AGENCY
- [ ] IF OTHER, PLEASE SPECIFY:

IS INSURED PROPERTY LOCATION SAME AS INSURED MAILING ADDRESS?
[Y] YES  [N] NO   IF NO, ENTER PROPERTY ADDRESS. IF RURAL, DESCRIBE PROPERTY LOCATION (DO NOT USE P.O. BOX).
633 Gov. Carlos Camacho Street, Block 2 NEW-3, Tract 10, Tamuning, Guam  96911

NAME OF COUNTY/PARISH? **Tamuning**   LOCATED IN AN UNINCORPORATED AREA OF THE COUNTY? [X] YES [ ] NO
COMMUNITY NO./PANEL NO. AND SUFFIX FOR LOCATION OF PROPERTY INSURED **660001 - 0034B**
IS BUILDING IN SPECIAL FLOOD HAZARD AREA? [X] YES [ ] NO   FLOOD INSURANCE RATE MAP ZONE **C**
COMMUNITY PROGRAM TYPE IS: [R] REGULAR  [E] EMERGENCY

**BUILDING OCCUPANCY RESIDENTIAL**
- [ ] SINGLE FAMILY
- [ ] 2-4 FAMILY
- [ ] OTHER RESIDENTIAL
- [X] NON-RESIDENTIAL (INCLUDING HOTEL/MOTEL)

**NUMBER OF FLOORS IN ENTIRE BUILDING (INCLUDE BASEMENT/ENCLOSED AREA, IF ANY) OR BUILDING TYPE**
- [ ] 1   [ ] 2
- [X] 3 OR MORE   [ ] SPLIT LEVEL
- [ ] TOWNHOUSE/ROWHOUSE (RCBAP LOWRISE ONLY)
- [ ] MANUFACTURED (MOBILE) HOME ON FOUNDATION

**RESIDENTIAL CONDOMINIUM BUILDING ASSOCIATION POLICY ONLY. TOTAL NUMBER OF UNITS ____ (INCLUDE NON-RES.)**
[ ] HIGH-RISE  [ ] LOW-RISE

ESTIMATED REPLACEMENT COST IF SINGLE FAMILY PRINCIPAL RESIDENCE, RCBAP OR ANY V-ZONE BUILDING AMOUNT $ _____

IS INSURED PROPERTY OWNED BY STATE GOVERNMENT? [ ] YES [X] NO

**DEDUCTIBLE**
[ ] BUILDING $ _____
[X] CONTENTS $ 500

IS BUILDING ELEVATED?
[ ] YES  [X] NO

IF BUILDING IS ELEVATED, COMPLETE PART 2 OF THE FLOOD INSURANCE APPLICATION.
IF YES, AREA BELOW IS:
[ ] FREE OF OBSTRUCTION
[ ] WITH OBSTRUCTION

**DESCRIBE BUILDING AND USE IF NOT A 1-4 FAMILY DWELLING. FOR MANUFACTURED (MOBILE) HOMES, COMPLETE PART 2, SECTION III.**

A three story structure with basement and underground park area. Building used as Medical Office Building

**BASEMENT OR ENCLOSED AREA BELOW AN ELEVATED BUILDING:**
- [ ] NONE
- [X] FINISHED
- [ ] UNFINISHED

IF NOT A SINGLE FAMILY DWELLING, THE NUMBER OF OCCUPANCIES (UNITS) IS _____

IS BUILDING INSURED'S PRINCIPAL RESIDENCE? [ ] YES [X] NO

DOES INSURED QUALIFY AS A SMALL BUSINESS RISK?
[ ] YES [X] NO

CONDO COVERAGE IS FOR: N/A
[ ] UNIT  [ ] ENTIRE BUILDING

IS THIS BUILDING IN THE COURSE OF CONSTRUCTION? [ ] YES [X] NO

CONTENTS LOCATED IN: [X] BASEMENT/ENCLOSURE  [ ] BASEMENT/ENCLOSURE AND ABOVE  [ ] LOWEST FLOOR ONLY ABOVE GROUND LEVEL
[ ] LOWEST FLOOR ABOVE GROUND LEVEL AND HIGHER   [ ] ABOVE GROUND LEVEL MORE THAN ONE FULL FLOOR (IF SINGLE FAMILY, CONTENTS ARE RATED THROUGHOUT THE BUILDING)

IS PERSONAL PROPERTY HOUSEHOLD CONTENTS? [ ] YES [X] NO   IF NO, PLEASE DESCRIBE: Improvements including Electrical Improvements, Elevators, Transformer and Equipments

ALL BUILDINGS: CHECK ONE OF THE FIVE BLOCKS:   [ ] BUILDING PERMIT DATE OR  [X] DATE OF CONSTRUCTION 1/1/97 (MM/DD/YY)
[X] SUBSTANTIAL IMPROVEMENT DATE 1/1/97 (MM/DD/YY)
[ ] MANUFACTURED MOBILE HOMES LOCATED IN A MOBILE HOME PARK OR SUBDIVISION: CONSTRUCTION DATE OF MOBILE HOME PARK OR SUBDIVISION FACILITIES N/A (MM/DD/YY)
[ ] MANUFACTURED MOBILE HOMES LOCATED OUTSIDE A MOBILE HOME PARK OR SUBDIVISION: DATE OF PERMANENT PLACEMENT N/A (MM/DD/YY)

IS BUILDING POST-FIRM CONSTRUCTION [X] YES [ ] NO   BUILDING DIAGRAM NUMBER 2
IF POST-FIRM CONSTRUCTION IN ZONES A, A1-A30, AE, AO, AH, V, V1-V30, VE, OR IF PRE-FIRM CONSTRUCTION IS ELEVATION RATED, ATTACH CERTIFICATION.
LOWEST ADJACENT GRADE (LAG) 41.5
LOWEST FLOOR ELEVATION 38.0  BASE FLOOD ELEVATION ____ (=) DIFFERENCE TO NEAREST FOOT ____ (+ OR -) IN ZONES V AND V1-V30 ONLY
DOES BASE FLOOD ELEVATION INCLUDE AFFECTS OF WAVE ACTION? [ ] YES [ ] NO   IS BUILDING FLOOD-PROOFED? [ ] YES [N] NO
SEE FLOOD INSURANCE MANUAL FOR SUGGESTED CERTIFICATE FORM.

COVERAGE REQUESTED— CHECK ONE BLOCK: [ ] BUILDING AND CONTENTS  [ ] BUILDING ONLY  [X] CONTENTS ONLY

| COVERAGE | BASIC LIMITS ||| ADDITIONAL LIMITS (REGULAR PROGRAM ONLY) ||| DEDUCTIBLE DISCOUNT | BASIC AND ADDITIONAL | TOTAL PREMIUM |
|---|---|---|---|---|---|---|---|---|---|
| | AMOUNT OF INSURANCE | RATE | ANNUAL PREMIUM | AMOUNT OF INSURANCE | RATE | ANNUAL PREMIUM | ANNUAL PREM. REDUCTION | TOTAL AMOUNT OF INSURANCE | |
| BUILDING | | | .00 | | | .00 | .00 | | .00 |
| CONTENTS | $115,000 | .89 | $1,024.00 | $385,000 | .48 | $1,848.00 | .00 | $500,000 | $2,872.00 |

RATE TYPE: (ONE BUILDING PER POLICY — BLANKET COVERAGE NOT PERMITTED)
- [X] MANUAL
- [ ] ALTERNATIVE
- [ ] MORTGAGE PORTFOLIO PROTECTION PROGRAM
- [ ] PROVISIONAL RATING
- [ ] SUBMIT FOR RATING
- [ ] V-ZONE RISK RATING FORM

PAYMENT OPTION:
[ ] CREDIT CARD
[ ] OTHER:

| | |
|---|---|
| ANNUAL SUBTOTAL | $ |
| ICC PREMIUM | |
| SUBTOTAL | |
| CRS PREMIUM DISCOUNT ____% | |
| SUBTOTAL | |
| 3 YEAR SUBTOTAL | |
| PROBATION SURCHARGE + | 50.00 |
| EXPENSE CONSTANT + | 45.00 |
| FEDERAL POLICY FEE + | 30.00 |
| TOTAL PREPAID AMOUNT | $2,997.00 |

THE ABOVE STATEMENTS ARE CORRECT TO THE BEST OF MY KNOWLEDGE. I UNDERSTAND THAT ANY FALSE STATEMENTS MAY BE PUNISHABLE BY FINE OR IMPRISONMENT UNDER APPLICABLE FEDERAL LAW. SEE REVERSE SIDE OF COPIES 2, 3, & 4

SIGNATURE OF INSURANCE AGENT/BROKER      DATE (MM/DD/YY) 6/16/98     (OVER)

FEMA Form 81-16, FEB. 97   PLEASE ATTACH TO NFIP COPY OF APPLICATION CHECK OR MONEY ORDER FOR THE TOTAL PREPAID PREMIUM MADE PAYABLE TO THE NATIONAL FLOOD INSURANCE.

000050 (2/97)

Case 1:03-cv-00035     Document 1     Filed 10/31/2003     Page 8 of 13

# FLOOD INSURANCE APPLICATION — PART 2

ALL APPROPRIATE DATA PROVIDED BY THE INSURED OR OBTAINED FROM THE ELEVATION CERTIFICATE SHOULD BE REVIEWED AND TRANSCRIBED BELOW. THIS PART OF THE APPLICATION MUST BE COMPLETED FOR THE FOLLOWING BUILDING TYPES:

1. Post-FIRM construction located in Zones A1-A30, AE, AH, A, V1-V30, VE, and V.
2. Pre-FIRM construction located in Zones A1-A30, AE, AH, A, V1-V30, VE, and V when using optional Post-FIRM rating.

[X] 1 NEW
[ ] 2 RENEWAL

CURRENT POLICY NUMBER: FL |_|_|_|_|_|_|_|_|_|  IF NEW, LEAVE BLANK

## SECTION I—ALL BUILDING TYPES

1. Diagram number selected from Reference Level Diagrams 1-8: [2]

2. The reference level is (round to nearest foot):
   [10] feet [ ] above [X] below (check one) the lowest ground (grade) immediately next to the building.

3. The garage floor (if applicable) or elevated floor (if applicable) is (round to nearest foot):
   [10] feet [ ] above [X] below (check one) the lowest ground (grade) immediately next to the building.

4. Machinery or equipment located at a level lower than the reference level is (round to nearest foot):
   [10] feet below the reference level.

5. Site location
   a) Approximate distance of site location to nearest shoreline:
      [ ] Less than 200 feet    [ ] 500 to 1000 feet
      [X] 200 to 500 feet       [ ] Over 1000 feet
   b) Source of flooding:
      [ ] Ocean        [ ] River/stream
      [ ] Lake         [X] Other: __Heavy Rains__

6. Basement
   a) Is the basement floor below grade on all four sides?
      [X] Yes [ ] No
   b) Does the basement contain machinery or equipment?
      [X] Yes [ ] No
      If yes, check the appropriate items:
      [ ] Furnace            [ ] Heat pump       [ ] Air conditioner
      [ ] Hot water heater   [ ] Oil tank        [ ] Cistern
      [X] Elevator equipment [ ] Washer & Dryer  [ ] Food freezer
      [X] Other equipment or machinery servicing the building
          Electrical Improvements, Transformers
   c) Is the basement used for any purpose other than storage?
      [X] Yes [ ] No

7. Garage
   a) Is the garage attached to or part of the building?
      [X] Yes [ ] No
   b) Are there any openings (excluding doors) that are designed to allow the passage of flood waters through the garage?
      [X] Yes [ ] No
   c) Is the garage used solely for parking of vehicles, building access, and/or storage?
      [X] Yes [ ] No
   d) Does the garage contain machinery or equipment?
      [X] Yes [ ] No
      If yes, check the appropriate items:
      [ ] Furnace            [ ] Heat pump       [ ] Air conditioner
      [ ] Hot water heater   [ ] Oil tank        [ ] Cistern
      [X] Elevator equipment [ ] Washer & Dryer  [ ] Food freezer
      [X] Other equipment or machinery servicing the building

## SECTION II—ELEVATED BUILDINGS (Including Manufactured (Mobile) Homes) — Not Applicable

8. Elevating foundation of the building:
   [ ] Piers, posts, or piles
   [ ] Reinforced masonry piers or concrete piers or columns
   [ ] Reinforced concrete shear walls
   [ ] Solid perimeter walls
   (Note: This is not an approved method for elevating in Zones V1-V30, VE, or V)

9. Does the area below the elevated floor contain machinery or equipment?
   [Y] Yes [N] No
   If yes, check the appropriate items:
   [ ] Furnace            [ ] Heat pump       [ ] Air conditioner
   [ ] Hot water heater   [ ] Oil tank        [ ] Cistern
   [ ] Elevator equipment [ ] Washer & Dryer  [ ] Food freezer
   [ ] Other equipment or machinery servicing the building

10. Area below the elevated floor
    a) Is the area below the elevated floor enclosed?
       [Y] Yes [N] No
       If yes, check one of the following:
       [ ] Partially
       [ ] Fully
       If 10a is NO, do not answer 10b through 10f.
    b) Is the enclosed area greater than 300 square feet?
       [Y] Yes [N] No
       If yes, estimate size of area: |_|_|_|_|_| square feet.
    c) Is the area below the elevated floor enclosed using materials other than insect screening or light wood lattice?
       [Y] Yes [N] No
       If yes, check one of the following:
       [ ] Breakaway walls
       [ ] Solid wood frame walls
       [ ] Masonry walls
       [ ] Other: _____
    d) Is the enclosed area constructed with openings (excluding doors) to allow the passage of flood waters through the enclosed area?
       [Y] Yes [N] No
    e) Is the enclosed area used for any purpose other than solely for parking of vehicles, building access, or storage?
       [Y] Yes [N] No
       If yes, describe: _____
    f) Does the enclosed area have more than 20 linear feet of finished wall, paneling, etc?
       [Y] Yes [N] No

## SECTION III—MANUFACTURED (MOBILE) HOMES — Not Applicable

11. Manufactured (Mobile) Home Data:
    Make: |_|_|_|_|_|_|_|_|_|_|_|_|_|_|_|_|_|_|_|_|
    Year of manufacture: |_|_|_|_|
    Model number: |_|_|_|_|_|_|_|_|_|_|_|_|_|_|_|_|
    Serial number: |_|_|_|_|_|_|_|_|_|_|_|_|_|_|_|_|

12. Manufactured (mobile) home dimensions: |_|_|_| x |_|_|_| feet.

13. Are there any permanent additions or extensions to the manufactured (mobile) home?
    [Y] Yes [N] No
    If yes, the dimensions are: |_|_|_| x |_|_|_| feet.

14. The manufactured (mobile) home's anchoring system utilizes:
    [ ] Over-the-top ties     [ ] Ground anchor
    [ ] Frame ties            [ ] Slab anchors
    [ ] Frame connectors      [ ] Other: _____

15. Was the manufactured (mobile) home installed in accordance with:
    [ ] Manufacturer's specifications
    [ ] Local floodplain management standards
    [ ] State and/or local building standards?

16. Is the manufactured (mobile) home located in a manufactured (mobile) home park/subdivision?
    [Y] Yes [N] No

THE ABOVE STATEMENTS ARE CORRECT TO THE BEST OF MY KNOWLEDGE. I UNDERSTAND THAT ANY FALSE STATEMENTS MAY BE PUNISHABLE BY FINE OR IMPRISONMENT UNDER APPLICABLE FEDERAL LAW.

_____
SIGNATURE OF INSURANCE AGENT/BROKER

DATE: 6,16,98

# EXHIBIT B



# NATIONAL FLOOD INSURANCE PROGRAM
## Servicing Agent

February 12, 2003

Guam Medical Plaza LP
Rm 207 Regency Hotel
1475 San Vitroes Road
Tumon, GU 96911

Re: Policy Number: 3000183910
     Date of Loss: 12/8/02

Dear Policyholder:

We are in receipt of the adjuster's closing report for the captioned flood claim. The adjuster advises that the flood damage was confined to the basement area of the building. The building was tenant occupied at the time of loss and the damaged contents were owned by the tenant.

Please refer to Standard Flood Insurance Policy, Section III Property Covered, paragraph B.3. where it lists the only contents items covered in a basement.

In addition, the adjuster stated that the damages being claimed were for building items. At the time of loss you did not have building coverage. Your policy included $500,000 coverage for contents only.

Since the building damage sustained was not covered at the time of the loss and the contents damaged was owned by the tenant, we have no choice but to deny your claim and close the file without payment.

You will have one (1) year from the date of this denial to file suit in the United States District Court for the district in which the insured property was located at the time of loss.

Waiving none, but reserving all rights and defenses under the policy, we remain,

Sincerely,

Donna Bowman
Claims Examiner
NFIP Servicing Agent

Duane Paulson
Claims Supervisor
NFIP Servicing Agent

cc    Thorne Claim Service

      Calvo's Insurance Underwriters
      PO Box CI
      Hagatna, GU 96932

P.O. Box 6465 • Rockville, MD 20849-6465 • (800)638-6620

NATIONAL CON-SERV, INC., under contract with the FEDERAL EMERGENCY MANAGEMENT AGENCY,
is the Servicing Agent for the National Flood Insurance Program.

Case 1:03-cv-00035   Document 1   Filed 10/31/2003   Page 11 of 13

# EXHIBIT C



# NATIONAL FLOOD INSURANCE PROGRAM
### Servicing Agent

May 22, 2003

Guam Medical Plaza LP
Rm 207 Regency Hotel
1475 San Vitroes Rd
Tumon GU 96911

Re:   Policy Number:   3000183910
      Date of Loss:    12/08/2002

Dear Policyholder:

After further review of your case by the Federal Insurance and Mitigation Administration, we must respectfully maintain our denial of the captioned flood claim.

Your Flood Insurance Application specifically requested Contents Only coverage. You do not qualify for tenant improvements coverage under the flood policy because you are the owner of the building. Section III. Property Covered B. Coverage B - Personal Property, 7. of the Standard Flood Insurance Policy - General Property Form states:

> "If you are a tenant, you may apply up to 10 percent of the Coverage B limit to improvements
>
> a.   Made a part of the building you occupy; and
> b.   You acquired or made at your expense, even though you cannot legally remove them "

Consequently, no coverage is available to you for building related items under this claim and we must respectfully maintain our February 12, 2003 denial.

Following their review, the Federal Insurance and Mitigation Administration has instructed us to void this policy and afford a full refund of premiums paid back to the policy inception date. We will be initiating this action and the refunds will be generated shortly.

We are required to notify you that you have one year from the date of our February 12, 2003 denial to file suit in the United States District Court for the district in which the insured property was located at the time of loss.

Waiving none, but reserving all rights and defenses under the policy, we remain,

Sincerely,

Duane Paulson
Claims Supervisor
NFIP Servicing Agent

cc   Smith Orloff & Associates
     Calvo's Insurance Underwriters

---

P.O. Box 6468 · Rockville, MD 20849-6468 · (800) 638-6620

NATIONAL CON-SERV, INC., under contract with the FEDERAL EMERGENCY MANAGEMENT AGENCY, is the Servicing Agent for the National Flood Insurance Program.