KLEMM, BLAIR, STERLING & JOHNSON
A PROFESSIONAL CORPORATION
1008 PACIFIC NEWS BUILDING
238 ARCHBISHOP F.C. FLORES STREET
AGANA, GUAM 96910
TELEPHONE 477-7857

By **THOMAS C. STERLING**

Attorneys for *Defendant Calvo's Insurance Underwriters, Inc.*



## IN THE DISTRICT COURT OF GUAM

| | |
|---|---|
| GUAM MEDICAL PLAZA, L.P., | CIVIL CASE NO. CV03-00035 |
| Plaintiff, | |
| vs. | **ANSWER OF DEFENDANT CALVO'S INSURANCE UNDERWRITERS, INC.** |
| CALVO'S INSURANCE UNDERWRITERS, INC. and MICHAEL D. BROWN, UNDER SECRETARY, FEDERAL EMERGENCY MANAGEMENT AGENCY, | |
| Defendants. | |

**COMES NOW** Defendant **CALVO'S INSURANCE UNDERWRITERS, INC.** (hereinafter "Calvo's") and in answer to the Complaint herein admits, denies and alleges as follows:

1. Defendant admits the allegations contained in paragraphs 1, 2 and 3.

2. Defendant lacks sufficient information and belief to formulate a response to paragraph 4 and, basing its denial thereon, denies generally and specifically each and every allegation contained therein.

//

//

**ORIGINAL**

## FIRST CAUSE OF ACTION

3. Defendant admits the allegations contained in paragraphs 5, 9 and 12.

4. In response to paragraph 6, Defendant admits only that it was requested by Plaintiff to seek coverage under the flood program. Defendant denies generally and specifically each and every other allegation contained in said paragraph.

5. Defendant denies generally and specifically each and every allegation contained in paragraph 7 inasmuch as the terms of the insurance application are contained in the application which speaks for itself.

6. In response to paragraph 8, Defendant denies generally and specifically each and every allegation contained in the first and second sentences of said paragraph inasmuch as the coverage under the policy is controlled by the terms of the policy and the policy speaks for itself. In response to the third sentence of paragraph 8, Defendant admits only that Exhibit "A" attached to the Complaint is part of the application. Defendant denies generally and specifically each and every other allegation contained therein.

7. In response to paragraph 10, Defendant admits that Flood Program Insurance Policy No. 300018391 was initially issued to Plaintiff in 1998 and renewed annually. Defendant further admits that the Flood Program accepted premium payments for

KLEMM, BLAIR,
STERLING & JOHNSON
A PROFESSIONAL CORPORATION
1008 PACIFIC NEWS BLDG
238 ARCHBISHOP
F.C. FLORES ST.
HAGÅTÑA, GUAM 96910
TELEPHONE 477-7857

coverage in accordance with the terms of the policy. Defendant denies generally and specifically each and every other allegation contained in paragraph 10.

8. In response to paragraph 11, Defendant admits only that the Plaintiff suffered flooding to its property as a result of Supertyphoon Pongsona. Defendant lacks sufficient information and belief to formulate a response as to the allegation that the Plaintiff submitted a timely claim for losses and, basing its denial thereon, denies generally and specifically said allegation. Defendant denies generally and specifically each and every other allegation contained in paragraph 11.

9. Defendant lacks sufficient information and belief to formulate a response to paragraphs 13, 14, 15, and 16 and, basing its denial thereon, denies generally and specifically each and every allegation contained therein.

10. Defendant denies generally and specifically each and every allegation contained in paragraphs 17 and 18.

**SECOND CAUSE OF ACTION**

11. In response to paragraph 19, Defendant realleges and incorporates herein by this reference its responses to paragraphs 1 through 18, inclusive.

12. In response to paragraph 21, Defendant admits only that it marketed itself as the most trusted name in insurance and held itself out as a knowledgeable and experienced insurance agent.

KLEMM, BLAIR, STERLING & JOHNSON
A PROFESSIONAL CORPORATION
1008 PACIFIC NEWS BLDG
238 ARCHBISHOP
F.C. FLORES ST.
HAGÅTÑA, GUAM 96910
TELEPHONE 477-7857

Defendant denies generally and specifically each and every other allegation contained in paragraph 21.

13. In response to paragraph 23, Defendant admits only that it undertook to apply for coverage for Plaintiff under the Flood Program. Defendant denies generally and specifically each and every other allegation contained in paragraph 23.

14. In response to paragraph 24, Defendant admits only that it notified Plaintiff that the Flood policy had been issued and that payment was due. Defendant denies generally and specifically each and every other allegation contained in said paragraph.

15. In response to paragraph 27, Defendant admits only that Plaintiff requested it to pay for its flood losses. Defendant denies generally and specifically each and every other allegation contained in paragraph 27.

16. Defendant denies generally and specifically each and every allegation contained in paragraphs 20, 22, 25, 26, 28, 29, 30, and 31.

**FIRST AFFIRMATIVE DEFENSE**

The Complaint herein fails to state a claim or claims upon which relief may be granted.

**SECOND AFFIRMATIVE DEFENSE**

The loss alleged in the Complaint resulted solely and proximately from the negligent and careless conduct of Plaintiff Guam Medical Plaza L.P. and the amount of damages recoverable

- 4 -

Case 1:03-cv-00035    Document 6    Filed 12/01/2003    Page 4 of 5

from this answering Defendant, if any, must be reduced in a percentage commensurate to the percentage of causal negligence attributable to the Plaintiff.

**THIRD AFFIRMATIVE DEFENSE**

The loss alleged in the Complaint herein resulted solely and proximately from the negligent and careless conduct of Plaintiff Guam Medical Plaza L.P. and the percentage of causal negligence attributable to the Plaintiff is greater than that, if any, attributable to this answering Defendant so that the Plaintiff's claims are barred in their entirety.

**WHEREFORE**, Defendant **CALVO'S INSURANCE UNDERWRITERS, INC.** prays judgment as follows:

1. That Plaintiff take nothing by its Complaint;

2. For costs of suit incurred herein; and

3. For such other and further relief as the Court may deem just and proper.

KLEMM, BLAIR, STERLING & JOHNSON
A PROFESSIONAL CORPORATION

DATED: DECEMBER  1 , 2003      BY: _____
**THOMAS C. STERLING**
*Attorneys for Defendant Calvo's Insurance Underwriters, Inc.*

E62\08105-01
\\PNB1\CABINET\WORD97\OFFICE\WORDDOC\PLD\TCS\163
-ANSWER OF CALVO'S RE GUAM MEDICAL PLAZA V
CALVO'S INS.DOC

KLEMM, BLAIR,
STERLING & JOHNSON
A PROFESSIONAL CORPORATION
1008 PACIFIC NEWS BLDG
238 ARCHBISHOP
F.C. FLORES ST.
HAGÅTÑA, GUAM 96910
TELEPHONE 477-7857