ORIGINAL

LEONARDO M. RAPADAS
United States Attorney
MIKEL W. SCHWAB
Assistant U.S. Attorney
Sirena Plaza, Suite 500
108 Hernan Cortez Avenue
Hagatna, Guam 96910
Tel: (671) 472-7332
Fax: (671) 472-7215

MARGARET M. BEES
Trial Attorney
Federal Emergency Management Agency
500 C St., S.W. Room 840
Washington, D.C. 20472
Tel. (202) 646-4191
Fax (202) 646-4536

Attorneys for the United States of America

FILED
DISTRICT COURT OF GUAM
JAN 14 2004
MARY L. M. MORAN
CLERK OF COURT

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF GUAM

| | |
|---|---|
| GUAM MEDICAL PLAZA, L.P., | Civil Case Number 03-00035 |
| Plaintiff | |
| v. | **Answer** |
| CALVO'S INSURANCE UNDERWRITERS, INC. and MICHAEL D. BROWN, UNDER SECRETARY, FEDERAL EMERGENCY MANAGEMENT AGENCY, | |
| Defendants. | |

Defendant Michael D. Brown, Under Secretary, Department of Homeland Security, Federal Emergency Management Agency, by and through his undersigned attorneys,

Answers as follows:

1. The allegations found in Paragraph No. 1 appear to be Plaintiff's statement of jurisdiction which requires no response. Insofar as a response is deemed necessary, Federal Defendant denies the allegations contained in Paragraph No. 1 and avers that when appropriate, jurisdiction for the disallowance of a proved and approved claim is found under 42 U.S.C. § 4072.

2. The allegations found in Paragraph No. 2 appear to be Plaintiff's characterization of party Plaintiff to which no response is required. Insofar as a response is deemed necessary, Federal Defendant is without knowledge and information sufficient to admit or deny the allegations.

3. The allegations found in Paragraph No. 3 appear to be Plaintiff's characterization of party Defendant to which no response is required. Insofar as a response is deemed necessary, Federal Defendant is without knowledge and information sufficient to admit or deny the allegations.

4. The allegations found in Paragraph No. 4 appear to be Plaintiff's characterization of party Defendant to which no response is required. Insofar as a response is deemed necessary, Federal Defendant denies the allegations and avers that Michael D. Brown is the Under Secretary for Emergency Preparedness and Response, Department of Homeland Security and is responsible for the Federal Emergency Management Agency (FEMA). Federal Defendant further avers that the Federal Insurance Administration, an administration within FEMA, is delegated the authority to administer the National Flood Insurance Program.

## FIRST CAUSE OF ACTION

5. Federal Defendant admits the allegations contained in Paragraph No. 5.

6. Federal Defendant is without sufficient knowledge and information to admit or deny the allegations contained in Paragraph No. 6, except to admit that Calvo's Insurance acted as Plaintiff's agent.

7. Federal Defendant denies the allegations contained in Paragraph No. 7 and avers that the application speaks for itself.

8. Federal Defendant denies the allegations contained in Paragraph No. 8, except to admit that a copy of the application is attached to the Complaint as Exhibit "A." Federal Defendant avers that the document speaks for itself.

9. Federal Defendant denies the allegations contained in Paragraph No. 9, except to admit that there was an underpayment of Five Dollars ($5.00) for the requested coverage and that the Five Dollars ($5.00) was paid.

10. Federal Defendant denies the allegations contained in Paragraph No. 10 except to admit that Flood Program Insurance Policy No 300018391000 for contents coverage was initially issued to Plaintiff in 1998; was renewed annually, and was in effect at the time of the alleged loss.

11. Federal Defendant admits the allegations contained in Paragraph No. 11.

12. Federal Defendant admits the allegations contained in Paragraph No. 12.

13. Federal Defendant denies that May 22, 2003 was the date that the Federal Insurance Administration made its determination to uphold the denial of coverage and admits the remaining allegations contained in Paragraph 13.

14. Federal Defendant denies the allegations contained in Paragraph No. 14.

- 3 -

15. Federal Defendant denies the allegations contained in Paragraph No. 15.

16. The allegations contained in Paragraph No. 16 are Plaintiff's are conclusions of law to which no response is required. Insofar as a response is deemed necessary, Federal Defendant denies the allegations.

17. The allegations contained in Paragraph No. 17 are conclusions of law to which no response is required. Insofar as a response is deemed necessary, Federal Defendant denies the allegations.

18. The allegations contained in Paragraph No. 18 are conclusions of law to which no response is required. Insofar as a response is deemed necessary, Federal Defendant denies the allegations.

**SECOND CAUSE OF ACTION** (in the alternative)

19. Federal Defendant incorporates its responses to Paragraphs one (1) through eighteen (18) above as if they were set forth herein.

20. Federal Defendant admits the allegations contained in Paragraph 20.

21. Federal Defendant is without knowledge and information sufficient to admit or deny the allegations contained in Paragraph No. 21.

22. Federal Defendant is without knowledge and information sufficient to admit or deny the allegations contained in Paragraph No. 22.

23. Federal Defendant is without knowledge and information sufficient to admit or deny the allegations contained in Paragraph No. 23.

24. Federal Defendant is without knowledge and information sufficient to admit or deny the allegations contained in Paragraph No. 24.

- 4 -

25. The allegations contained in Paragraph No. 25 are conclusions of law to which no response is deemed necessary. Insofar as a response is required, Federal Defendant is without information and knowledge sufficient to admit or deny the allegations.

26. The allegations contained in Paragraph No. 26 are conclusions of law to which no response is required. Insofar as a response is deemed necessary, Federal Defendant is without knowledge and information sufficient to admit or deny the allegations.

27. Federal Defendant is without knowledge and information sufficient to admit or deny the allegations.

28. Federal Defendant is without knowledge and information sufficient to admit or deny the allegations.

29. The allegations contained in Paragraph No. 29 are conclusions of law to which no response is required. Insofar as a response is deemed necessary, Federal Defendant is without knowledge and information sufficient to admit or deny the allegations.

30. The allegations contained in Paragraph No. 30 are conclusions of law to which no response is required. Insofar as a response is deemed necessary, Federal Defendant is without knowledge and information sufficient to admit or deny the allegations.

31. The allegations contained in Paragraph No. 31 are conclusions of law to which no response is required. Insofar as a response is deemed necessary, Federal Defendant is without knowledge and information sufficient to admit or deny the allegations.

//
//
//
//

The remaining allegations are Plaintiff's prayer for relief to which no response is required. Insofar as a response is deemed necessary, Federal Defendant denies the allegations.

1. The allegations contained in Paragraph No. 1 are Plaintiff's prayer for relief to which no response is required. Insofar as a response is deemed necessary, Federal Defendant denies the allegations.

2. The allegations contained in Paragraph No. 2 are Plaintiff's prayer for relief to which no response is required. Insofar as a response is deemed necessary, Federal Defendant denies the allegations.

3. The allegations contained in Paragraph No. 3 are Plaintiff's prayer for relief to which no response is required. Insofar as a response is deemed necessary, Federal Defendant denies the allegations.

4. The allegations contained in Paragraph 4 are Plaintiff's prayer for relief to which no response is required. Insofar as a response is deemed necessary, Federal Defendant denies the allegations.

5. The allegations contained in Paragraph No. 5 are Plaintiff's prayer for relief to which no response is required. Insofar as a response is deemed necessary, Federal Defendant denies the allegations.

6. The allegations contained in Paragraph No. 6 are Plaintiff's prayer for relief to which no response is required. Insofar as a response is deemed necessary, Federal Defendant denies the allegations.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

1. The Court lacks subject matter jurisdiction over this matter.

### SECOND AFFIRMATIVE DEFENSE

2. There is no waiver of sovereign immunity for this claim.

### THIRD AFFIRMATIVE DEFENSE

3. The Plaintiff fails to state a claim upon which relief can be granted.

### FOURTH AFFIRMATIVE DEFENSE

4. The Plaintiff failed to comply with all of the requirements of the policy, a condition precedent to filing a lawsuit.

### FIFTH AFFIRMATIVE DEFENSE

5. The Plaintiff failed to file a Proof of Loss for its claim, a condition precedent to filing a lawsuit.

### SIXTH AFFIRMATIVE DEFENSE

6. The Standard Flood Insurance Policy purchased by Plaintiff did not provide coverage for Plaintiff's building.

### SEVENTH AFFIRMATIVE DEFENSE

7. The Standard Flood Insurance Policy does not provide for contents coverage for claimed items.

## EIGHTH AFFIRMATIVE DEFENSE

8. The limited waiver of sovereign immunity found at 42 U.S.C. § 4072 does not provide subject matter jurisdiction for a state-law tort such as bad faith.

## NINTH AFFIRMATIVE DEFENSE

9. The limited waiver of sovereign immunity found at 42 U.S.C. sec 4072 does not provide for punitive damages.

## TENTH AFFIRMATIVE DEFENSE

10. The limited waiver of sovereign immunity found at 42 U.S.C. § 4072 does not provide for costs.

## ELEVENTH AFFIRMATIVE DEFENSE

11. The limited waiver of sovereign immunity found at 42 U.S.C. § 4072 does not provide for consequential damages.

## TWELFTH AFFIRMATIVE DEFENSE

12. The limited waiver of sovereign immunity found at 42 U.S.C. § 4072 does not provide for attorney fees.

The Federal defendant denies all allegations not specifically admitted or denied

//
//
//
//
//

The Federal defendant Michael Brown, Under Secretary for Emergency Preparedness & Response, DHS, FEMA, having fully answered, respectfully requests that this action be dismissed with prejudice and that the Court grant to Federal defendant costs, expenses and such other relief as may be deemed appropriate.

Respectfully submitted,

LEONARDO M. RAPADAS
UNITED STATES ATTORNEY
Districts of Guam and NMI

_____
MIKEL W. SCHWAB
Assistant United States Attorney

MARGARET M. BEES
Trial Attorney
Federal Emergency Management Agency
500 C St., S.W. Room 840
Washington, D.C. 20472
Tel. (202) 646-4191
Fax (202)646-4536

CERTIFICATE OF SERVICE

I, FRANCES B. LEON GUERRERO, Legal Assistant, working in the U.S. Attorney's Office, in the District of Guam, hereby certify that, I caused to be served by personal service a copy of the "Answer" of the United States Federal Emergency Management Agency, in Civil Case No. 03-00035, <u>Guam Medical Plaza, L.P. v. Calvo's Insurance Underwriters, Inc., and Michael D. Brown, Under Secretary, Federal Emergency Management Agency,</u> to the following attorney of record:

>Guam Medical Plaza
>
>Phillip Torres, Esq.
>Teker Civille Torres and Tang
>330 Hernan Cortez Avenue, Suite 200
>Hagatna, Guam 96910
>
>Calvo's Insurance Underwriters
>
>Thomas C. Sterling
>Klemm, Blair, Sterling & Johnson
>Suite 1008, PNB
>238 Archbishop Flores Street
>Hagatna, Guam 96910

Dated: January 14, 2004

FRANCES B. LEON-GUERRERO
Legal Assistant