LEONARDO M. RAPADAS
United States Attorney
MIKEL W. SCHWAB
Assistant U.S. Attorney
Sirena Plaza, Suite 500
108 Hernan Cortez Avenue
Hagatna, Guam 96910
Tel: (671) 472-7332
Fax: (671) 472-7215
MARGARET M. BEES
Trial Attorney
Federal Emergency Management Agency
500 C. St., S.W., Room 840
Washington, D.C. 20472
Tel: (202) 646-4191
Fax: (202) 646-4536



DISTRICT FILED
DISTRICT COURT OF GUAM
SEP 10 2004
MARY L. M. MORAN
CLERK OF COURT

Attorneys for the United States of America

## IN THE UNITED STATES DISTRICT COURT

### FOR THE

### DISTRICT OF GUAM

| | |
|---|---|
| GUAM MEDICAL PLAZA, L.P., <br><br> Plaintiff <br><br> v. <br><br> CALVO'S INSURANCE UNDERWRITERS, INC. and MICHAEL D. BROWN, UNDER SECRETARY, FEDERAL EMERGENCY MANAGEMENT AGENCY, <br><br> Defendants. | CIVIL CASE NO.   03-00035 <br><br> **MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO DISMISS OR IN THE ALTERNATIVE FOR SUMMARY JUDGMENT** |

Defendant Michael D. Brown, Under Secretary, Department of Homeland

Security, Federal Emergency Management Agency (FEMA), by and through his

ORIGINAL

undersigned attorneys, hereby files this Memorandum of Law and Points of Authority in Support of its Motion to Dismiss. FEMA seeks dismissal pursuant to Federal Rule of Civil Procedure 12(b)(1) because this Court lacks subject matter jurisdiction and pursuant to 12(b)(6) because Plaintiff fails to state a claim upon which relief can be granted.

## INTRODUCTION

Plaintiff sued FEMA claiming subject matter jurisdiction under 42 U.S.C § 4053, 42 U.S.C. 4072, and 28 U.S.C. § 1331. Specifically, Plaintiff is seeking monetary damages, consequential damages, and punitive damages based on FEMA's alleged wrongful denial of a flood insurance claim under the National Flood Insurance Program (NFIP). Plaintiff also seeks additional damages in tort and attorneys fees pursuant to Title 22 of the Guam Code Annotated.

Through this Motion, FEMA asks the Court to dismiss it from this lawsuit because there has been no waiver of sovereign immunity; and, therefore, this Court lacks subject matter jurisdiction. Plaintiff also fails to state a claim and this case should be dismissed under Federal Rule of Civil Procedure 12(b)(6) because there was no coverage under the Standard Flood Insurance Policy (SFIP) for Plaintiff's loss.

## STATUTORY AND REGULATORY SCHEME

NFIP was established in 1968 pursuant to the National Flood Insurance Act, 42 U.S.C. § 4001 et seq. (NFIA or the Act). NFIP is federally-subsidized program which provides flood insurance at or below actuarial rates. Congress created the program to provide to property

owners economically feasible flood insurance otherwise unavailable prior to the Act and to require that new construction in flood prone areas be located and built in a manner that would reduce flood hazard and loss of life and property. H. R. Rep. No. 786, 90th Cong., 2d Sess. (1967); S. Rep. No. 1123, 90th Cong., 1st Sess. (1967).

Initially the Act provided for the administration of NFIP as an insurance program operated by the National Flood Insurers Association (the Association), an unincorporated association of insurers. See Title 42 U.S.C. § 4041. The program operated with the support of federal funds pursuant to an agreement between the Association and the Department of Housing and Urban Development. (HUD). Id.

The Association issued and serviced individual policies of flood insurance, processed claims for losses, and accepted responsibility for the defense of legal actions brought by policyholders under these agreements until December 31, 1977.

On January 1, 1978, HUD assumed the administration of the NFIP. 42 U.S.C. § 4071. HUD became the sole insurer of all outstanding Standard Flood Insurance Policies (SFIP) and operated all of the insurance aspects of the program previously performed by Association. See the revisions of Parts 61 and 62 of the Code of Federal Regulations at 42 Fed. Reg. 25701.

On April 1, 1979, Executive Order 12127, 44 Fed. Reg. 19367, transferred the operation of NFIP to FEMA by Reorganization Plan No. 3 of 1978, 43 Fed. Reg. 41943. and NFIP was administered by the Federal Insurance and Mitigation Administration ("FIMA"), an administration within FEMA. FEMA was incorporated into the Department of Homeland

Security (DHS) on March 1, 2003 and the NFIP is now operated by the DHS, Emergency, Preparedness and Response (EP&R) Directorate, Mitigation Division.

## FACTS

On June 24, 1998, NFIP received an application for a Standard Flood Insurance Policy (SFIP) (codified at 44 C.F.R. Part 61, Appendix A(2), for the policy term July 17, 1998 to July 17, 1999, from Plaintiff Guam Medical Plaza, L.P.[1] through Plaintiff's agent, Calvo's Insurance Underwriters, Inc., for property located at 633 Gov. Carlos Camacho Street, Block 2 Nev-3, Tract 10, Tamuning, Guam 96911, effective July 7, 1998. *See* Declaration of Donald R. Beaton (Beaton Declaration) attached here as Exhibit A. For the policy term July 17, 2002 to July 17, 2003 Guam Medical Plaza selected coverage for the building in the amount of $0 with a $0 deductible and coverage for the contents in the amount of $500,000.00 with a $500.00 deductible. Id. at ¶ 3. Like other insurers, NFIP does not inspect property prior to issuing a policy, but rather relies on the information provided by the applicant or his agent. Id ¶ 4.

On or about December 8, 2002, the insured allegedly suffered a loss from flooding caused by accumulation of heavy rains created by Typhoon Pongsona. Declaration of David O. Odegard (Odegard Declaration) attached as Exhibit B. The NFIP received from Calvo's Insurance Underwriters, Inc. a notice of loss on January 10, 2003. Id. at ¶ 4. Routinely upon the receipt of a notice of loss, an independent private adjusting firm is

---

[1] Guam Medical Plaza, L.P. is the General Partner of the Partnership that owns the building at issue. *See* Declaration of David O. Odegard at ¶ 8.

assigned to adjust the loss. Here the loss was assigned to Thorne Claim Service, an independent adjustment company.

By letter of January 10, 2003, NFIP acknowledged receipt of the Notice of Loss. Odegard Declaration at ¶ 5. In this letter, NFIP also gave notice to Plaintiff that the SFIP, under General Conditions, Paragraph J 4, required Plaintiff to submit a proof of loss within sixty (60) days of the loss. By letter of January 14, 2003, NFIP again reminded Plaintiff of the 60-day requirement and identified February 6, 2003 as the deadline for filing the proof of loss. Id. at ¶ 6.

On January 14, 2003, Bill Young, an adjuster from Thorne, inspected the Plaintiff's property. Id. at ¶ 7. Independent adjuster Young found a general condition of flooding and found that 38 inches of water entered Plaintiff's structure and remained there for twenty-four hours. Mr. Young also reported that the building was owned by Plaintiff, who leased part of the building to the Cancer Institute of Guam. The tenant owned the contents. [2] Id. at ¶ 8.

On January 30, 2003, Independent Adjuster Young issued his final report. Id. at ¶ 9. Independent adjuster Young determined that the building was below grade on all four sides triggering the SFIP's basement restrictions. Id. Because there was no building coverage and because the owner of the building had no insurable interest in the contents, Independent Adjuster Young made no estimate of the cost of damage to the structure or to

---

[2] The "improvements" identified in the application were part of the original structure owned by Guam Medical Center and not "improvements" made by the tenant as the application was initially construed. As such, they are part of the building and are not considered contents. The tenant Cancer Institute owned the contents. Odegard Declaration at ¶ 8.

the contents and recommended that NFIP close the file without payment (CWOP). Mr. Young informed Plaintiff of his recommendation. Id.

By memo of February 4, 2003, Calvo's informed NFIP that the intent of the application was to cover all of the items listed in the application. Odegard Declaration ¶ 10.

Plaintiff's time for filing a signed, sworn proof of loss expired on February 6, 2003. Id. at ¶ 11. Plaintiff did not request an extension of the filing period and the Flood Insurance Administrator did not extend the time for filing the signed, sworn proof of loss. Id.

On February 12, 2003, NFIP issued a letter to Plaintiff denying its claim. Id. at ¶ 12. The denial letter stated that Plaintiff's claim was denied because: 1) the building was tenant occupied at the time of the loss and the damaged contents were owned by the tenant; 2) the SFIP, with certain exceptions not here relevant, did not cover personal property in a basement; and 3) Plaintiff selected coverage for only the contents.

By memorandum of February 25, 2003, Calvo's Insurance Underwriters, Inc. asked NFIP to reconsider its denial. Id. at ¶ 13. On May 1, 2003, Plaintiff's request for reconsideration of its claim was forwarded to FIMA for review. Odegard Declaration at ¶ 14.

On March 14, 2003, NFIP received a letter from Smith Orloff & Associates, representative for the Plaintiff. Id. at ¶ 16. The letter stated that Plaintiff was seeking compensation for contents, which he identified as "improvements, including " electrical,

improvements," elevator, transformers, and equipment." Attached to the March 14, 2003 letter was a separate claim for building damage that included "[r]eplace Elec&Breakers" and "[r]epair Elevator Bank." Id.

On May 20, 2003, FIMA determined that the denial was appropriate because there was no coverage for the loss under Plaintiff's SFIP. Odegard Declaration at ¶ 17.

Because the owner had no contents in the building, the only recourse was to nullify the policy from its inception and return the premium payments to the insured. By letter of May 22, 2003, NFIP informed Plaintiff of FIMA's determination. Odegard Declaration at ¶ 18.

By letter of June 16, 2003, Plaintiff, through its public adjuster, asked NFIP to reconsider its decision because the declarations page clearly indicates that coverage exists for "electrical improvements, elevators, transformers and equipments (sic), " the items for which Plaintiff submitted its claim. Id. at ¶ 19. By letter of June 23, 2003, NFIP explained it would not reconsider its denial because the language cited by Plaintiff was not in the Policy Declaration and because the language in the application was construed as a request for coverage for tenant improvements, which would have been available to a tenant but were not available to an owner. Id. at ¶ 20. Because Guam Medical Plaza, L.P. was not a tenant, coverage could not be extended for "improvements" listed on the application.

On October 31, 2003, Plaintiff filed the instant Complaint.

## ARGUMENT

Federal law controls the interpretation of the Federal Flood insurance policy. Flick

v. Liberty Mutual Ins. Co., 205 F.3d 386, 389 (9th Cir. 2000); McHugh v. United Serv.

Auto Assoc., 164 F.3d 451, 454 (9th Cir. 1999); Brazil v. Giuffrida, 763 F.2d 1072, 1074-

75 (9th Cir. 1985)[3]. The SFIP itself provides notice that it is governed by the NFIP

regulations issued by FEMA, the National Flood Insurance Act of 1968, as amended, and

federal common law. 44 C.F.R. Pt. 61 App. A(1), Article 9.

The Government may set the terms and conditions for recovery on a federal

insurance policy. See Federal Crop Ins. Corp. v. Merrill, 332 U.S. 380, 385 (1947). The

terms and conditions of the Standard Flood Insurance Policy are set by federal regulation,

see 42 U.S.C. § 4013(a), and have the force and effect of law. See La Casa Del

Convaleciente v. Sullivan, 965 F.2d 1175, 1178 (1st Cir. 1992). See also Wright v.

FEMA, 913 F.2d 1566, 1568 (11th Cir 1990). The terms and conditions of an insurance

policy offered pursuant to a congressionally mandated program, such as the NFIP, must

be strictly observed. Flick v. Liberty Mutual Ins. Co., 205 F.3d 386, 389 (9th Cir. 2000);

Wagner v. Director, Federal Emergency Mgmt. Agency, 847 F.2d 515 (9th Cir. 1988).

The SFIP itself clearly expresses the intent to limit the waiver of sovereign

immunity to those cases where the insured has complied with the all the requirements of

the policy. SFIP at Article VII, Section R.

Moreover, the SFIP, Article VII, Section D states that "[t]his Standard Flood

---

[3] SFIPs are also issued by participating private Write Your Own (WYO) insurance companies. See 44 C.F.R. §62.23. Policies issued by WYO companies are identical to those issued by FEMA and claims are baid using Federal Treasury Funds. See Flick v. Liberty Mutual Ins. Co., 205 F.3d 386 (9th Cir. 2000)

Insurance Policy cannot be changed nor can any of its provisions be waived without the express written consent of the Federal Insurance Administrator." Plaintiff does not allege a waiver of these requirements and, as stated above, the conditions of an insurance policy offered pursuant to a congressionally mandated program, such as the NFIP must be strictly observed.

## I. **Plaintiff Failed To File A Timely Proof Of Loss.**

The SFIP requires claimants to submit a signed and sworn proof of loss within 60 days after the loss. The SFIP states:

> *Requirements in Case of Loss*: In case of a flood loss to the insured property, you must:
>
> . . . .
>
> Within 60 days after the loss, send us a proof of loss, which is your statement of the amount you are claiming under the policy signed and sworn to by you, and which furnishes us with the following information
>
> . . . .
>
> Your interest (for example "owner) and the interest, if any, of others in the damaged property.
>
> . . . .
>
> Specifications of damaged buildings and detailed repair estimates
>
> . . . .
>
> Details about who occupied any insured building at the time of the loss and for what purpose
>
> . . .
>
> The inventory of damaged property described in J.3 above[4]

44 C.F.R. Pt. 61, App. A(2), Art. VII Section J.

---

[4] Article J.3. requires an insured seeking coverage for a loss to prepare an inventory of the damaged property showing the quantity, description, actual cash value, and amount of loss and to attach receipts and related documents.

Courts have long held that failure to comply with the SFIP provision requiring the filing a Proof of Loss within 60 days bars recovery for the loss. See, e.g., Flick v. Liberty Mutual Fire Insuarance, 205 F. 3d 386 (9th Cir 2000); Wagner v. FEMA, 847 F.2d 515, 518 (9th Cir. 1988); Sturla v. Director, Federal Emergency Management Agency, 1997 U.S. Dist LEXIS 14463 (N. D. Ca. 1997); Forman v. Federal Emergency Management Agency, 138 F.3d 543 (5th Cir. 1998); Gowland v. Aetna, 143 F.3d 951 (5th Cir. 1998); Moyer v. Federal Emergency Management Agency, 721 F. Supp. 235 (D. Az. 1989).

Moreover, a court may not order an Agency to pay federal funds for a purpose for which they were not intended. See OPM v. Richmond, 496 U.S. 414, 434, 424, (1990) where the court found that it could not order recovery contrary to the terms of a federal statute "for to do so would disregard 'the duty of all courts to observe the conditions defined by Congress for charging the public treasury.'" Applying Richmond to the NFIP, the 9th Circuit, in Flick v. Liberty Mutual Fire Insurance, 205 F. 3d at 391, concluded that Richmond precludes a court from granting a remedy that, as here, would draw funds from the U.S. Treasury in a manner that is not authorized by Congress. See also Forman, *supra,* applying the holding of Richmond to NFIP funds. FEMA did not receive a signed and sworn proof of loss from Plaintiff by February 6, 2003 and, indeed, never received a signed and sworn proof of loss.

On March 14, 2003, more than three months after the alleged loss, NFIP received a letter from Smith Orloff & Associates, International Insurance Loss Consultants/Adjusters Representing the Insured, as representative for the Plaintiff. See

Odegard Declaration at ¶ 16. The letter stated that Plaintiff was seeking compensation for contents, which he identified as "improvements, including " electrical, improvements, elevator, transformers, and equipment." Attached to the March letter was a separate claim for building damage that included "[r]eplace Elec&Breakers" and "[r]epair Elevator Bank. Id. Neither was signed by Plaintiff and neither was sworn. Plaintiff did not otherwise file a signed, sworn proof of loss as required by the SFIP as a precondition to suit. Odegard Declaration at ¶ 11.

Plaintiff failed to file a signed and sworn proof of loss within the 60 days as required by the SFIP; accordingly, plaintiff is barred from recovery under its SFIP because it fails to meet a jurisdictional requirement for the court to hear its claim.

## II. **Plaintiff's Policy Did Not Provide Coverage For The Damaged Property**

### A. **Plaintiff Did Not Purchase Coverage For The Building.**

The SFIP defines "improvements" as "[f]ixtures, alterations, installations, or additions comprising a part of the insured **building**." 44 C.F.R. Part 61, App. A(2) (emphasis added). The SFIP clearly limits coverage of elevator equipment to building property coverage, which is identified in the SFIP as Coverage A. The SFIP states that:

> We insure against direct physical loss by or from flood to:
>
> . . .
>
> The following fixtures, machinery, and equipment, which are covered under **Coverage A only**. . . .

e. Elevator equipment . . .

44 C.F.R. Pt. 61, App: A(2), Art. III, A. Coverage A—Building Property.

Plaintiff purchased an SFIP for contents only. <u>See</u> Beaton Declaration at ¶ 3. In the application for flood insurance, Plaintiff, through its insurance agent, described the property to be insured as contents only. <u>Id.</u> at Exhibit 1, "Coverage and Rating." Further, Plaintiff listed the contents as "improvements" including electrical improvements, elevators, transformers and equipment. Because these are building property, they cannot be covered under Plaintiff's SFIP for contents.[5]

The NFIP does not inspect property prior to issuing a policy, but rather relies on the information provided by the applicant or his agent. Beaton Declaration at ¶ 4. The insured is given notice of this reliance in an unnumbered introductory paragraph in the SFIP titled *Insuring Agreement*:

> The Insurer insures the Insured against all *direct physical loss by or from flood to the insured property*, based upon:
> 1. Your having paid the correct amount of premium; and
> 2. Our reliance on the accuracy of the information and statements you have furnished.
> 3. All the terms of this *policy*, the National Flood Insurance Act of 1968, as amended, and Title 44 of the Code of Federal Regulations.

44 C.F.R. Pt. 61, App. A (2).

Plaintiff was on notice that it carried insurance only on the contents and not on the building. On June 29, 1998, NFIP sent to Calvo's Insurance Underwriters, Guam Medical Plaza's insurance agent or broker, an Underpayment Remittance Form stating that an additional remittance would be required to secure the amount of coverage

---

[5] The SFIP provides limited coverage for improvements. If an insured is a tenant, it may apply up to 10% of the Coverage B (personal property) to improvements. 44 C.F.R. Part 61, App. A(2), Art. III B. This coverage does not apply to Plaintiff because it is not a tenant; but rather is the owner of the building.

originally requested because the premium was underpaid. See Beaton Declaration, ¶ 11.

The purpose for the form was to allow the insured to increase coverage for the contents from $499,100 to $500,000 as originally requested in the application. The Underpayment Remittance Form identified the amount of coverage for the building as $0. On July 15, 1998, Calvo's returned the form to NFIP with the additional $5.00 premium payment necessary to secure the requested coverage of $500,000 for contents and $0.00 for building. Id. On July 24, 1998, NFIP sent to Plaintiff and to Calvo's Insurance Underwriters an Amended Policy Declarations listing no coverage for the building.[6] See Beaton Declaration at ¶ 12. On June 2, 1999, NFIP sent a renewal invoice to Plaintiff. The invoice showed no coverage for the building. See Beaton Declaration at ¶ 14. Similar renewal invoices were sent to Calvo's and to Guam Medical Plaza in June 2000, 2001, and 2002, each identifying no coverage for the building. Id.

On June 15, 1999, NFIP sent to Guam Medical Plaza and to Calvo's Insurance Underwriters a Flood Policy Declarations for the policy term July 17, 1999 to July 17, 2000 identifying coverage for the building as "NONE." See Beaton Declaration at ¶ 15. Similar Declarations were sent to Guam Medical Plaza and to Calvo's Insurance Underwriters in June 2000, 2001, and 2002, each listing no coverage for the building for the subsequent annual policy periods. Id. Clearly Plaintiff was given notice that it had contents coverage and no coverage for the building. If Plaintiff intended to procure flood

---

[6] The Policy Declarations is a computer-generated document that identifies the information provided by the insured in its application. Beaton Declaration at ¶ 13. NFIP routinely sends Policy Declarations to the insured and to the insured's agent to verify and confirm the information provided by the insured and the coverage sought by the insured.

insurance to cover the building, the foregoing demonstrates that it was given several opportunities to do so.

NFIP initially believed that the term "improvements" listed on the application were "improvements" made by a tenant to a structure owned by another for which there would be limited coverage available under the policy. See Odegard Declaration at ¶ 8. During his January 14, 2003 inspection, Independent AdjusterYoung learned that Plaintiff was the owner of the building and that the "electrical improvements," the elevator and transformer were incorporated into the building at the time of construction. See Odegard Declaration at ¶ 8. Because these were building elements, not personal property, and Plaintiff had no building coverage, Plaintiff could not recover for these building items. Robinette v. Alabama Farm Bureau Mut. Ins. Co., 1981 U.S. Dist. Lexis 15147 (S.D. Ala. July 28, 1981)(the written policy did not include contents coverage, so the NFIP was not bound by any representations made by the insurance agency to the insured that it had contents coverage). Any ambiguity in the description of what is to be covered may not be construed against FEMA as the language is supplied by the insured or its agent or broker. Kaye v. Macy,1987 Fire & Cas. Cases (CCH) 1317 (N.D. Okla. Aug. 28, 1986). Moreover, the terms of the SFIP cannot be varied or waived without the express written authorization of the Federal Insurance Administrator (44 C.F.R. Pt. 61, App. A(2), Art. VII Section D) and the terms of the SFIP, as Federal regulation, must be strictly construed. Flick v. Liberty Mutual Ins. Co., 205 F.3d 386 (9th Cir. 2000); Wagner v.

Director, Federal Emergency Mgmt. Agency, 847 F.2d 515 (9th Cir 1988). No waiver was granted.

### B. **Plaintiff Did Not Own The Contents**.

A basic principle of insurance is that, in order to obtain insurance on property, the person seeking insurance must have an insurable interest in the property. To the extent that Plaintiff is seeking compensation for "equipment" other than building items located in the basement, such equipment was owned by the tenant. Therefore, Plaintiff had no insurable interest in such equipment.

### C. **Contents In A Basement Are Not Covered**.

Even assuming that Plaintiff claimed compensation for personal property owned by Plaintiff, the SFIP would not provide coverage. The SFIP, in the introduction at 44 C.F.R. Part 61, App. A(2), expressly cautions the insured that "coverage provided is subject to imitations, restrictions, and exclusions." In the application, Plaintiff states that the items at issue were located in the basement of a three-story structure that was used as a Medical Office building.

By its express terms, the SFIP excludes coverage for personal property stored in a basement as defined in Article 2. Article III B – Personal Property of the SFIP provides:

> If you have purchased personal property coverage, we insure
> . . . .
> Items of property in a basement . . . limited to the following:
>
> > a. Air conditioning units – portable or window type;
> > b. Clothes washers and dryers and
> > c. Food freezers, other than walk-in, and food in any
> >    freezer

44 C.F.R. Part 61 App. A (2), Art. III B(4). Courts consistently have held that personal property located in a basement are excluded from coverage under SFIP. Seavers v. FEMA, 1985 U.S. Dist LEXIS 23740 (D. N.J. 1985), aff'd 774 F.2d 1153 (3d Cir. 1985); Nelson v. Becton, 929 F.2d 1287 (8th Cir. 1991) (SFIP unambiguously excludes from coverage certain losses to a home's lowest level when its floor is subgrade on all sides. Because the contents at issue were stored in Plaintiff's basement, even assuming that they could be considered personal property, no coverage was available under the SFIP.

### D. **Mold, Delay And Loss Of Use Are Not Covered Losses Under The SFIP**.

The SFIP is a single risk policy. Coverage under the SFIP is limited to direct loss by flood to the property. 44 C.F.R. Pt. 61, App. A(2), Art. 1. Plaintiff's claims for damage from mold, delay of repair, and from loss of use not are the types of loss insured under the SFIP. See Atlas Pallet, Inc. v. Gallagher, 725 F.2d 131 (1st Cir. 1984). Moreover, the SFIP expressly excludes coverage for these losses. Under SFIP at Article V, Exclusions, the SFIP states:

> We only provide coverage for direct physical loss by or from flood, which which means that we do not pay for:
> . . . .
> loss of use of the insured property or described location
> . . . .
> Any expenses incurred while the insured building is being repaired
> . . . .
> Any other economic loss you suffer
> . . . .
> We do not insure you for direct physical loss caused directly or indirectly by . . . mildew or mold that results from any condition. . . substantially confined to the insured building.

44 C.F.R. Pt. 61, App. A(2), Art. V. Because the SFIP clearly excluded delay in repair, mold, and loss of use from coverage, Plaintiff is barred from recovery for such alleged loss.

Further, Plaintiff did not make a claim for delay, mold, or loss of use and, therefore, cannot raise these claims here. Plaintiff cannot recover for more than it claimed. Nabhan v. National Con-Serv, Inc. FEMA, 1 F. Supp. 2d 91 (D. Mass 1998), *aff'd mem.* (1st Cir Dec. 11 1998).

### III. **Plaintiff Fails To State a Claim For Claims Sounding in Tort**

Plaintiff seeks to recover for claims sounding in tort. Plaintiff claims that it is entitled to punitive damages for the unconscionable and "bad faith" denial of its claim and is further entitled to 12% additional damages under the § 18608 of Title 22 of the Guam Code Annotated. These claims do not assert a valid claim against the Federal Government under the National Flood Insurance Act and they are further barred by the procedural requirements of the Federal Tort Claims Act (FTCA), 28, U.S.C. §§ 2041(b), 2675(a) requiring an administrative claim.

The Federal Government is not subject to suit unless it waives its sovereign immunity. See United States Department of Energy v. Ohio, 503 U.S. 607 (1992); United States v. Nordic Village, 503 U.S. 30(1992); Army & Air Force Exchange Serv. v. Sheehan, 456 U.S. 728, 724 (1982). No action can lie against the United States unless Congress has authorized it and consented to suit. Gould v. U.S. Dept. of Health & Human Services, 905 F.2d 738 (4th Cir 1990). The terms of its consent to be sued

determine the court's jurisdiction to hear the suit. Id., *citing* United States v. Sherwood, 312 U.S. 584, 586 (1941). Congress provided for suit on a Standard Flood Insurance Policy only on a theory of contract. See 42 U.S.C. §4072.[7]

Congress created a limited waiver of sovereign immunity for claims sounding in tort in the FTCA . This waiver permits suit only on terms and conditions strictly prescribed by Congress. Id. *citing* Honda v. Clark, 386 U.S. 484, 501 (1967). Prior to commencing an action under the FTCA, a claim first must have been presented to the appropriate Federal Agency and have been denied. 28 U.S.C. §§2401(b), 2675(a). The requirement that plaintiff present an administrative claim is jurisdictional. See. e.g. Gould, 905 F. 2d at 741, *citing* Kielwien v. United States, 540 F.2d 676, 679 (4th Cir.), *cert denied,* 429 U.S. 979 (1976); West v. United States, 592 F.2d 487, 492 (5th Cir 1979). Plaintiff has not presented an administrative claim to FEMA under the FTCA. See Declaration of Robert S. Brock at ¶ 7 attached as Exhibit C..

Plaintiff's allegations of bad faith do not state a claim under the FTCA because they are inseparable from Plaintiff's breach of contract claim. Stark v. Giuffrida, 1983-84 Fire & Casualty Cas. (CCH) 569 (S.D. Ala. 1983); *see also* Claxton v. SBA, 525 F. Supp. 777 (S.D. Ga. 1981) (claim that is a breach of contract claim is outside the reach of the Federal Tort Claims Act).

---

[7] Assuming a waiver of sovereign immunity, Plaintiff's claims sounding in tort are preempted by federal law. Mason v. Witt, 74 F. Supp. 2d 955, WL 1033825 (E.D. Cal. Nov. 4, 1999). See also McHugh v. United Service Auto Owners Ass'n., 164 F.3d 451 (9th Cir. 1999); Scherz v. South Carolina Ins. Co., 2000 U.S. Dist LEXIS 13852 (C.D. Cal. Sept 21, 2000).

Because Plaintiff failed to demonstrated a waiver of sovereign immunity either under the FTCA or the NFIP, Plaintiff's claims for punitive damages for unconscionable and bad faith wrongful denial of its claim and its claim for attorney's fees and additional damages pursuant to §18608 of Title 22 of the Guam Code Annotated should be dismissed for lack subject matter jurisdiction.

## IV. There Is No Waiver Of Sovereign Immunity For Payment Of Costs Or Attorney's Fees.

The Federal Government is not subject to suit unless it waives its sovereign immunity. *See* United States Department of Energy v. Ohio, *supra*; United States v. Nordic Village, *supra*; Army & Air Force Exchange Serv. v. Sheehan, *supra*. Thus, the costs of litigation and attorney's fees cannot be recovered from the United States unless recovery is specifically authorized. The limited waiver of sovereign immunity found at 42 U.S.C. § 4072 does not provide for recovery of litigation costs or attorney's fees; therefore, plaintiff cannot recover the cost of litigation or attorney's fees. L'Auberge de France, Inc. v. FEMA, 1985-86 Fire & Casualty Cas. (CCH) 1157 (D.N.J. 1985); Friedman v. South Carolina Ins. Co., 855 F. Supp. 348, 350 (M.D. Fla. 1994); see also Cunningham v. Federal Bureau of Investigation, 664 F.2d 383, 384 (3d Cir. 1981). In absence of any express waiver of sovereign immunity, costs and expenses of litigation are not recoverable from the United States).

## V. Consequential And Punitive Damages Are Not Available Under The SFIP.

The SFIP does not provide for consequential damages or punitive damages. The

SFIP states that coverage only extends to direct loss by flood to the property. Thus Plaintiff cannot recover for consequential or punitive damages. Mason v. Witt, 74 F. Supp. 2d 955, 963 (E.D. Cal. 1999); Atlas Pallet, Inc. v. Gallagher, 725 F.2d 131 (1st Cir 1984; In re Estate of Lee, 812 F.2d 253 (5th Cir. 1987). Therefore, Plaintiff's request for consequential and punitve damages must be dismissed.

## CONCLUSION

For the reasons set forth above, Defendant FEMA respectfully requests that this Court dismiss Plaintiff's Complaint for lack of jurisdiction and because Plaintiff fails to state a claim upon which relief can be granted.

Respectfully submitted,

LEONARDO M. RAPADAS
UNITED STATES ATTORNEY
Districts of Guam and NMI

MIKEL SCHWAB
Assistant United States Attorney

MARGARET M. BEES
Trial Attorney
Federal Emergency Management Agency
500 C St., S.W. Room 840
Washington, D.C. 20472
Tel. (202) 646-4191
Fax (202)646-4536

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF GUAM

| | | |
|---|---|---|
| Guam Medical Plaza, L.P., | ) | Civil Case Number 03-00035 |
| | ) | |
| Plaintiff | ) | |
| | ) | |
| v. | ) | **DECLARATION OF** |
| | ) | **DONALD R. BEATON** |
| Calvo's Insurance Underwriters, Inc. | ) | |
| And Michael D. Brown, Under | ) | |
| Secretary, Federal Emergency | ) | |
| Management Agency, | ) | |
| | ) | |
| Defendants. | ) | |

I, Donald R. Beaton, Jr. state as follows:

1.  I am the Chief Underwriter for the Risk Insurance Branch, Mitigation Division, Federal Emergency Management Agency, Department of Homeland Security. The Risk Insurance Branch was formerly a part of the Federal Insurance and Mitigation Administration ("FIMA"), an administration within the Federal Emergency Management Agency ("FEMA"), Emergency, Preparedness & Response Directorate, Department of Homeland Security. My responsibilities as Chief Underwriter include overseeing the underwriting of policies including establishing rates pursuant to the National Flood Insurance Program ("NFIP").

2.  Prompted solely by the Complaint filed by the plaintiffs in the above-captioned action, I have reviewed the information within the NFIP System of records and my testimony is based on this review and my present knowledge.

3.  On June 24, 1998, NFIP received an application for flood insurance from Guam Medical Plaza, L.P., (Guam Medical Plaza) through its insurance agent or broker,

**EXHIBIT**

**A**

Calvo's Insurance Underwriters, Inc. Exhibit 1. Guam Medical Plaza, L.P. sought insurance on the property located at 633 Gov. Carlos Camacho Street, Block 2 New 3Trac 10., Tamuning, Guam 96911. Guam Medical Plaza, L.P. selected coverage on the structure in the amount of $0.00 with a $ 0.00 deductible and $500,000 coverage on the contents with a $500.00 deductible. Id.

4. Like other insurers, NFIP does not inspect property prior to issuing a policy, but rather relies on the information provided by the applicant.

5. The Guam Medical Plaza application identified in ¶ 3 above was completed and submitted to NFIP by Plaintiff's insurance agent or broker, Calvo's Insurance Underwriters, Inc., who identified a premium rate of $.89 per $100 for the first $115,000 (basic coverage) of contents coverage and $.48 per $100 for the remaining $385,000 contents coverage. Id. at Coverage and Rating. A probation surcharge of $50.00, an expense constant fee of $50.00, and a Federal policy fee of $30.00 were added which brought the total premium identified by Calvo's Insurance Underwriters, Inc. to $2,997.00 for the policy period. Id.

6. FEMA publishes and regularly updates a Flood Insurance Manual that is the authoritative source for rating information and is used by agents and brokers to provide rating information to their clients. Insurance agents and brokers use the Flood Insurance Manual to determine premium rates.

7. The NFIP does not sell flood insurance policies directly; but rather, sells insurance policies to individuals and businesses that are represented by an insurance agent or broker who is licensed by a state insurance regulatory authority. The insurance

or broker acts for the insured and does not act as an agent for the Federal Government, FEMA, or the NFIP servicing agent.

8. The application for flood insurance contains information supplied by the insured, through its agent, that is necessary for NFIP to identify the correct premium rate for the property to be insured. The terms and conditions under which NFIP will provide coverage on the property identified in the application are set forth in the Standard Flood Insurance (SFIP), which is found at 44 C.F.R. Part 61, Appendix A. The information provided in the application cannot alter the terms and conditions of coverage under the SFIP.

9. The application identified in ¶ 3 above identified the contents as "improvements" including electrical improvements, elevators, transformer, and equipment.

10. Coverage for "improvements" to a structure is available under contents coverage only to tenants who have made improvements to a building owned by a landlord. Guam Medical Plaza, L.P. is not a tenant.

11. On June 29, 1998, NFIP sent to Calvo's Insurance Underwriters, Guam Medical Plaza's insurance agent or broker, an Underpayment Remittance Form stating that an additional remittance would be required to secure the amount of coverage originally requested because the premium was underpaid. *See* Attachment 2. The purpose for the form was to allow the insured to increase coverage for the contents from $499,100 to $500,000 as originally requested in the application. The Underpayment Remittance Form identified the amount of coverage for the building as $0. On July 15, 1998, Calvo's returned the form to NFIP with the additional $5.00 premium payment

necessary to secure the requested coverage of $500,000 for contents and $0.00 for building. Id.

12. On July 24, 1998, NFIP sent to Plaintiff and to Calvo's Insurance Underwriters an Amended Policy Declarations listing no coverage for the building. *See* Attachment 3.

13. The Policy Declarations is a computer-generated document that identifies the information provided by the insured in its application. NFIP routinely sends Policy Declarations to the insured and to the insured's agent to verify and confirm the information provided by the insured and the coverage sought by the insured.

14. On June 2, 1999, NFIP sent a renewal invoice to Plaintiff. The invoice showed no coverage for the building. Attachment 4. Similar renewal invoices were sent to Calvo's and to Guam Medical Plaza in June 2000, 2001, and 2002, each identifying no coverage for the building. *See* Attachment 4 at pp. 2, 3, and 4.

15. On June 15, 1999, NFIP sent to Guam Medical Plaza and to Calvo's Insurance Underwriters a Flood Policy Declarations for the policy term July 17, 1999 to July 17, 2000 identifying coverage for the building as "NONE." *See* Attachment 5. Similar Declarations were sent to Guam Medical Plaza and to Calvo's Insurance Underwriters in June 2000, 2001, and 2002, each listing no coverage for the building for the subsequent annual policy periods. *See* Attachment 5, pp. 2, 3, and 4.

16. By Memorandum of February 4, 2003, Calvo's Insurance Underwriters communicated to NFIP that it intended to insure "improvements, electrical improvements, elevators, transformers and equipments" as contents under the SFIP No.

3000183910. The NFIP servicing agent forwarded Calvo's Insurance Underwriters communication to NFIP for direction on how to proceed with Plaintiff's policy.

17. On May 20, 2003, as Chief Underwriter for FEMA, I determined that, because the SFIP does not provide coverage for the items identified as contents in the application identified in ¶ 3 above, NFIP would nullify the policy from its original policy inception date and return the entire amount paid for premiums to Guam Medical Plaza.

In accordance with 28 U.S.C. §1746, I hereby declare and affirm under penalty of perjury that the above statements are true and correct.

Signed this 2nd day of September 2004

Donald R. Beaton, Jr.
Chief Underwriter
Risk Insurance Branch
Mitigation Division

NO. 3047 000
1998
FEDERAL EMERGENCY MANAGEMENT AGENCY
National Flood Insurance Program
PART ( (OF  F FLO    3000183910    ON
IMPORTANT— PLEASE PRINT OR TYPE

**POLICY TERM**

DIRECT BILL INSTRUCTIONS:
- [X] BILL INSURED
- [ ] BILL SECOND MORTGAGEE
- [ ] BILL OTHER
- [ ] BILL FIRST MORTGAGEE
- [ ] BILL LOSS PAYEE

CURREN
- [X] NEW
- [ ] RENEWAL
- [ ] 3-YEAR          FL ____ (IF NEW, LEAVE BLANK)

POLICY PERIOD IS FROM 7/17/98 TO 7/17/99
12:01 A.M. LOCAL TIME AT THE INSURED PROPERTY LOCATION    O.K.

WAITING PERIOD: [X] STANDARD 30-DAY

INITIAL PURCHASE OF FLOOD INSURANCE RELATED TO:
[ ] LOAN— NO WAITING  [ ] MAP REV. (ZONE CHANGE FROM NON-SHFA TO SHFA)— ONE DAY

**AGENT INFORMATION**

ADDRESS OF LICENSED PROPERTY OR CASUALTY INSURANCE AGENT OR BROKER:
Calvo's Insurance Underwriters, Inc.
P. O. Box CI, Agana, GU 96932

AGENTS TAX ID [X] OR SSN [0]96000113

NAME AND MAILING ADDRESS OF INSURED:
Guam Medical Plaza L.P.
Room 207 Regency Hotel
1475 San Vitores Rd., Tumon, Guam 96911

**DISAS. ASSIST.**

IS INSURANCE REQUIRED FOR DISASTER ASSISTANCE [ ] YES [N] NO  IF YES, CHECK THE GOVERNMENT AGENCY: [ ] SBA [ ] FEMA [ ] FMHA
ENTER CASE FILE NUMBER OR INSURED'S SOCIAL SECURITY NUMBER ____ [ ] OTHER SPECIFY: ____

**FIRST MORTGAGE**

NAME AND ADDRESS OF FIRST MORTGAGEE
LOAN NO:
Bank of Hawaii
P. O. Box BH, Agana, Guam  96932

IF SECOND MORTGAGEE, LOSS PAYEE OR OTHER IS TO BE BILLED, THE
FOLLOWING MUST BE COMPLETED, INCLUDING THE NAME AND ADDRESS
- [ ] 2ND MORTGAGEE      [ ] DISASTER AGENCY
- [ ] LOSS PAYEE         [ ] IF OTHER, PLEASE SPECIFY:

**PROPERTY LOCATION**

IS INSURED PROPERTY LOCATION SAME AS INSURED MAILING ADDRESS?
[Y] YES [N] NO  IF NO, ENTER PROPERTY ADDRESS. IF RURAL, DESCRIBE
PROPERTY LOCATION (DO NOT USE P.O. BOX).
633 Gov. Carlos Camacho Street, Block 2 NEW-3, Tract 19,
Tamuning, Guam 96911

JUN 17 1998
CERTIFIED

**COMMUNITY**

NAME OF COUNTY/PARISH: Tamuning  LOCATED IN AN UNINCORPORATED AREA OF THE COUNTY? [X] YES [N] NO
COMMUNITY NO./PANEL NO. AND SUFFIX FOR LOCATION OF PROPERTY INSURED  660001    0048
IS BUILDING IN SPECIAL FLOOD HAZARD AREA? [Y] [B] [N] [Ø]  FLOOD INSURANCE RATE MAP ZONE  C
COMMUNITY PROGRAM TYPE IS:
[R] REGULAR  [E] EMERGENCY

**BUILDING**

BUILDING OCCUPANCY: RESIDENTIAL:
- [ ] SINGLE FAMILY
- [ ] 2-4 FAMILY
- [ ] OTHER RESIDENTIAL
- [X] NON-RESIDENTIAL (INCLUDING HOTEL/MOTEL)

NUMBER OF FLOORS IN ENTIRE
BUILDING (INCLUDING
BASEMENT/ENCLOSED AREA(S) IF ANY)
OR BUILDING TYPE
- [ ] 1     [ ] 2
- [X] 3 OR MORE  [ ] SPLIT LEVEL
- [ ] TOWNHOUSE/ROWHOUSE
- [ ] (RCBAP LOW-RISE ONLY)
- [ ] MANUFACTURED (MOBILE) HOME ON FOUNDATION

RESIDENTIAL CONDOMINIUM
BUILDING ASSOCIATION POLICY
ONLY:  TOTAL NUMBER OF UNITS
(INCLUDE NON-RES.)
- [ ] HIGH-RISE [ ] LOW-RISE

ESTIMATED REPLACEMENT COST IF
SINGLE FAMILY PRINCIPAL RESIDENCE.
RCBAP, OR ANY V-ZONE BUILDING
AMOUNT $ ____

IS INSURED PROPERTY OWNED BY
STATE GOVERNMENT? [ ] YES [X] NO

DEDUCTIBLE
- [ ] BUILDING  $ ____
- [X] CONTENTS  $ 500

IS BUILDING ELEVATED?
[Y] YES [X] NO

DESCRIBE BUILDING AND USE
(IF NOT A 1-4 FAMILY DWELLING,
FOR MANUFACTURED (MOBILE)
HOMES, COMPLETE PART 2,
SECTION III.)

A three story
structure with
basement and
underground park
area.  Building
used as Medical
Office Building

BASEMENT OR ENCLOSED AREA
BELOW AN ELEVATED BUILDING
- [ ] NONE
- [X] FINISHED
- [ ] UNFINISHED

DOES INSURED BUSINESS QUALIFY AS A SMALL
BUSINESS RISK?  [Y] YES [X] NO

IF NOT A SINGLE FAMILY DWELLING,
THE NUMBER OF OCCUPANCIES
(UNITS) IS ____

CONDO COVERAGE IS FOR:  N/A
[ ] UNIT [ ] ENTIRE BUILDING

IS BUILDING ELEVATED, COM-
PLETE PART 2 OF THE FLOOD
INSURANCE APPLICATION

IS THIS BUILDING IN THE COURSE OF
CONSTRUCTION? [ ] YES [X] NO

IF YES, AREA BELOW IS:
- [ ] FREE OF OBSTRUCTION
- [ ] WITH OBSTRUCTION

**CONTENTS**

CONTENTS LOCATED IN: [X] BASEMENT/ENCLOSURE  [ ] BASEMENT/ENCLOSURE AND ABOVE  [ ] LOWEST FLOOR ONLY ABOVE GROUND LEVEL
[ ] LOWEST FLOOR ABOVE GROUND LEVEL AND HIGHER  [ ] ABOVE GROUND LEVEL MORE THAN ONE FULL FLOOR (IF SINGLE FAMILY, CONTENTS ARE RATED
THROUGHOUT THE BUILDING) Improvements Including Electrical
IS PERSONAL PROPERTY HOUSEHOLD CONTENTS? [ ] YES [X] NO  IF NO, PLEASE DESCRIBE  Elevators, Transformer
and Equipments

**CONSTRUCTION DATA**

ALL BUILDINGS: CHECK ONE OF THE FIVE BLOCKS  [ ] BUILDING PERMIT DATE OR  [X] DATE OF CONSTRUCTION  1/1/97 (MM/DD/YY)
[X] SUBSTANTIAL IMPROVEMENT DATE 1/1/97 (MM/DD/YY)  [ ] MANUFACTURED/MOBILE HOMES LOCATED IN A MOBILE HOME PARK OR
SUBDIVISION: CONSTRUCTION DATE OF MOBILE HOME PARK OR SUBDIVISION
FACILITIES ____ /____/ N/A (MM/DD/YY)
[ ] MANUFACTURED/MOBILE HOMES LOCATED OUTSIDE A MOBILE HOME PARK OR SUBDIVISION: DATE OF PERMANENT PLACEMENT ____/____/ N/A (MM/DD/YY)
IS BUILDING POST-FIRM CONSTRUCTION [X] YES [N] NO  BUILDING DIAGRAM NUMBER ____  LOWEST ADJACENT GRADE (LAG) 41.5
IF POST-FIRM CONSTRUCTION IN ZONES A-A1-A30, AE, AO, AH, V, V1-V30, VE, OR (F) PRE-FIRM CONSTRUCTION IS ELEVATION RATED, ATTACH CERTIFICATION.
LOWEST FLOOR ELEVATION 38.0 BASE FLOOD ELEVATION ____  (=) DIFFERENCE TO NEAREST FOOT ____ (+ OR -) IN ZONES V AND V1-V30 ONLY
DOES BASE FLOOD ELEVATION INCLUDE AFFECTS OF WAVE ACTION? [Y] YES [N] NO  IS BUILDING FLOOD-PROOFED? [Y] YES [N] NO
SEE FLOOD INSURANCE MANUAL FOR SUGGESTED CERTIFICATE FORM.)

**COVERAGE AND RATING**

COVERAGE REQUESTED— CHECK ONE BLOCK  [ ] BUILDING AND CONTENTS  [ ] BUILDING ONLY [X] CONTENTS ONLY

| COVERAGE | BASIC LIMITS | | | ADDITIONAL LIMITS (REGULAR PROGRAM ONLY) | | | DEDUCTIBLE DISCOUNT | BASIC AND ADDITIONAL | TOTAL PREMIUM |
|---|---|---|---|---|---|---|---|---|---|
| | AMOUNT OF INSURANCE | RATE | ANNUAL PREMIUM | AMOUNT OF INSURANCE | RATE | ANNUAL PREMIUM | ANNUAL PREM. REDUCTION | TOTAL AMOUNT OF INSURANCE | |
| BUILDING | | | .00 | | | .00 | .00 | | .00 |
| CONTENTS | $115,000 | .89 | $1,024.00 | $385,000 | .48 | $1,848.00 | .00 | $500,000 | $2,872.00 |

RATE TYPE: (ONE BUILDING PER POLICY  BLANKET COVERAGE NOT PERMITTED)
- [X] MANUAL
- [ ] ALTERNATIVE
- [ ] MORTGAGE PORTFOLIO PROTECTION PROGRAM
- [ ] PROVISIONAL RATING
- [ ] SUBMIT FOR RATING
- [ ] V-ZONE RISK RATING FORM

PAYMENT OPTION:
- [ ] CREDIT CARD
- [ ] OTHER:

RECEIVED
JUN 24 1998
45

| | |
|---|---|
| ANNUAL SUBTOTAL | $ |
| ICC PREMIUM | |
| SUBTOTAL | |
| CRS PREMIUM DISCOUNT ____ % | |
| SUBTOTAL | |
| 3 YEAR SUBTOTAL | |
| PROBATION SURCHARGE | 50.00 |
| EXPENSE CONSTANT | 45.00 |
| FEDERAL POLICY FEE | 30.00 |
| TOTAL PREPAID AMOUNT | $2,997.00 |

**SIGNATURE**

THE ABOVE STATEMENTS ARE CORRECT TO THE BEST OF MY KNOWLEDGE. I UNDERSTAND THAT ANY
FALSE STATEMENTS MAY BE PUNISHABLE BY FINE OR IMPRISONMENT UNDER APPLICABLE FEDERAL LAW.
SEE REVERSE SIDE OF COPIES 2, 3, & 4

SIGNATURE OF INSURANCE AGENT/BROKER    DATE (MM/DD/YY) 6/16/98    (OVER)

FEMA Form 31-13, FEB. 97    000050 (2/97)

EXHIBIT
1

# FLOOD INSURANCE APPLICATION — PART 2

ALL APPROPRIATE DATA PROVIDED BY THE INSURED OR OBTAINED FROM THE ELEVATION CERTIFICATE SHOULD BE REVIEWED AND TRANSCRIBED BELOW. THIS PART OF THE APPLICATION MUST BE COMPLETED FOR THE FOLLOWING BUILDING TYPES:

1. Post-FIRM construction located in Zones A1-A30, AE, AH, A, V1-V30, VE, and V.

2. Pre-FIRM construction located in Zones A1-A30, AE, AH, A, V1-V30, VE, and V when using optional Post-FIRM rating.

[X] 1 NEW   3000183910

[ ] 2 RENEWAL   FL |_|_|_|_|_|_|_|_|_|_|
IF NEW, LEAVE BLANK

## SECTION I—ALL BUILDING TYPES

1. Diagram number selected from Reference Level Diagrams 1-8: [2]

2. The reference level is (round to nearest foot):
|_10_| feet [ ] above [X] below (check one) the lowest ground (grade) immediately next to the building.

3. The garage floor (if applicable) or elevated floor (if applicable) is (round to nearest foot):
|_10_| feet [ ] above [X] below (check one) the lowest ground (grade) immediately next to the building.

4. Machinery or equipment located at a level lower than the reference level is (round to nearest foot):
|_10_| feet below the reference level.

5. Site location
a) Approximate distance of site location to nearest shoreline:
[ ] Less than 200 feet   [ ] 500 to 1000 feet
[X] 200 to 500 feet   [ ] Over 1000 feet

b) Source of flooding:
[ ] Coastal   [ ] River/stream
[ ] Lake   [X] Other: __Heavy Rains__

6. Basement
a) Is the basement floor below grade on all four sides?
[X] Yes   [ ] No

b) Does the basement contain machinery or equipment?
[X] Yes   [ ] No
If yes, check the appropriate items:
[ ] Furnace   [ ] Heat pump   [X] Air conditioner
[ ] Hot water heater   [ ] Oil tank   [ ] Cistern
[X] Elevator equipment   [ ] Washer & Dryer   [ ] Food freezer
[X] Other equipment or machinery servicing the building

c) Is the basement used for any purpose other than storage?
[X] Yes   [ ] No

7. Garage
a) Is the garage attached to or part of the building?
[X] Yes   [ ] No

b) Are there any openings (excluding doors) that are designed to allow the passage of flood waters through the garage?
[X] Yes   [ ] No

c) Is the garage used solely for parking of vehicles, building access, and/or storage?
[X] Yes   [ ] No

d) Does the garage contain machinery or equipment?
[X] Yes   [ ] No
If yes, check the appropriate items:
[ ] Furnace   [ ] Heat pump   [ ] Air conditioner
[ ] Hot water heater   [ ] Oil tank   [ ] Cistern
[X] Elevator equipment   [ ] Washer & Dryer   [ ] Food freezer
[X] Other equipment or machinery servicing the building

## SECTION II—ELEVATED BUILDINGS
(Including Manufactured [Mobile] Homes)   Not Applicable

8. Elevating foundation of the building:
[ ] Piers, posts, or piles
[ ] Reinforced masonry piers or concrete piers or columns
[ ] Reinforced concrete shear walls
[ ] Solid perimeter walls
(Note: This is not an approved method for elevating in Zones V1-V30, VE, or V)

9. Does the area below the elevated floor contain machinery or equipment?
[ ] Yes   [ ] No
If yes, check the appropriate items:
[ ] Furnace   [ ] Heat pump   [ ] Air conditioner
[ ] Hot water heater   [ ] Oil tank   [ ] Cistern
[ ] Elevator equipment   [ ] Washer & Dryer   [ ] Food freezer
[ ] Other equipment or machinery servicing the building

10. Area below the elevated floor
a) Is the area below the elevated floor enclosed?
[ ] Yes   [ ] No
If yes, check one of the following:
[ ] Partially
[ ] Fully
If 10a is NO, do not answer 10b through 10f.
b) Is the enclosed area greater than 300 square feet?
[ ] Yes   [ ] No

If yes, estimate size of area: |_|_|_| square feet.

c) Is the area below the elevated floor enclosed using materials other than insect screening or light wood lattice?
[ ] Yes   [ ] No
If yes, check one of the following:
[ ] Breakaway walls
[ ] Solid wood frame walls
[ ] Masonry walls
[ ] Other: _____

d) Is the enclosed area constructed with openings (excluding doors) to allow the passage of flood waters through the enclosed area?
[ ] Yes   [ ] No

e) Is the enclosed area used for any purpose other than solely for parking of vehicles, building access, or storage?
[ ] Yes   [ ] No
If yes, describe: _____

f) Does the enclosed area have more than 20 linear feet of finished wall, paneling, etc?
[ ] Yes   [ ] No

## SECTION III—MANUFACTURED (MOBILE) HOMES   Not Applicable

11. Manufactured (Mobile) Home Data:
Make: |_|_|_|_|_|_|_|_|_|_|_|_|_|_|_|_|_|_|_|
Year of manufacture: |_|_|_|_|
Model number: |_|_|_|_|_|_|_|_|_|_|_|_|
Serial number: |_|_|_|_|_|_|_|_|_|_|_|_|

12. Manufactured (mobile) home dimensions: |_|_|_| x |_|_|_| feet.

13. Are there any permanent additions or extensions to the manufactured (mobile) home?
[ ] Yes   [ ] No
If yes, the dimensions are: |_|_|_| x |_|_|_| feet.

14. The manufactured (mobile) home's anchoring system utilizes:
[ ] Over-the-top ties   [ ] Ground anchor
[ ] Frame ties   [ ] Slab anchors
[ ] Frame connectors   [ ] Other: _____

15. Was the manufactured (mobile) home installed in accordance with:
[ ] Manufacturer's specifications
[ ] Local floodplain management standards
[ ] State and/or local building standards?

16. Is the manufactured (mobile) home located in a manufactured (mobile) home park/subdivision?
[ ] Yes   [ ] No

THE ABOVE STATEMENTS ARE CORRECT TO THE BEST OF MY KNOWLEDGE. I UNDERSTAND THAT ANY FALSE STATEMENTS MAY BE PUNISHABLE BY FINE OR IMPRISONMENT UNDER APPLICABLE FEDERAL LAW.

RECEIVED
JUN 24 1996

_____   DATE |_|_|_|_|_|_|
SIGNATURE OF INSURANCE AGENT/BROKER   MM/DD/YY



# NATIONAL FLOOD INSURANCE PROGRAM
### Servicing Agent

### UNDERPAYMENT REMITTANCE FORM

**INSURED NAME & ADDRESS**

CALVO'S INSURANCE UNDERWRITERS  
PO BOX CL  
AGANA, GU  96932

GUAM MEDICAL PLAZA LP  
RM 207 REGENCY HOTEL  
1475 SAN VITROES RD  
TUMON, GU  96911

POLICY NUMBER: 3000183910       POLICY TERM: 1

AMOUNT OF COVERAGE:   BLDG: $         0   CONTENTS: $   499,100  
AMOUNT OF DEDUCTIBLE:  BLDG: $         0   CONTENTS: $       500

### LIMITS OF COVERAGE ORIGINALLY REQUESTED

| COV | LIMIT | BASIC RATE | PREM | COV | LIMIT | ADDITIONAL RATE | PREM |
|------|--------|------|------|------|--------|------|------|
| BLDG | 0 | .00 | .00 | BLDG | 0 | .00 | .0 |
| CONT | 115,000 | .89 | 1,024.00 | CONT | 385,000 | .48 | 1,848.0 |

| | |
|---|---|
| ICC PREMIUM (COVERAGE D) | $.0 |
| ANNUAL PREMIUM | $2,872.0 |
| 3 YEAR TOTAL, IF APPLICABLE | $.0 |
| DEDUCTIBLE REDUCTION | –    $.0 |
| CRS CREDIT | –    $.0 |
| PROBATION SURCHARGE | $50.0 |
| EXPENSE CONSTANT | $50.0 |
| SERVICE FEE | $30.0 |
| TOTAL PREMIUM FOR COVERAGE REQUESTED | $3,002.0 |
| TOTAL PREMIUM PAID | $2,997.0 |
| UNDERPAYMENT | $5.0 |

REMITTANCE DUE FOR COVERAGE ORIGINALLY REQUESTED          $5.0

THE SOLE PURPOSE OF THIS FORM IS FOR INCREASING COVERAGES  
TO THOSE ORIGINALLY REQUESTED.  ANY OTHER POLICY CHANGES  
MUST BE MADE ON A GENERAL CHANGE ENDORSEMENT.  TO INCREASE  
POLICY COVERAGE LIMITS TO THOSE ORIGINALLY REQUESTED,  
RETURN THIS FORM WITH THE REMITTANCE INDICATED WITHIN 30 DAYS.  
IF REDUCED COVERAGE IS ACCEPTABLE PLEASE DISREGARD.

ISSUE DATE:  6/29/98

_____     /__/__/__  
AGENT SIGNATURE                  DATE

PLEASE ATTACH REMITTANCE TO THIS FORM AND RETURN TO:  
NATIONAL FLOOD INSURANCE PROGRAM; P.O. BOX 6464  
ROCKVILLE, MD 20849-6464  
P.O. Box 6468 • Rockville, MD  20849-6468 • (800) 638-6620

**EXHIBIT**

**2-**

NATIONAL CON-SERV, INC., under contract with the FEDERAL EMERGENCY MANAGEMENT
is the Servicing Agent for the National Flood Insurance Program.

FLOOD POLIC DECLARATIONS

AGENT COPY
NO. 3000183910

07/../1998

# NATIONAL FLOOD INSURANCE PROGRAM
## ROCKVILLE MD 20849-6468



## AMENDED POLICY DECLARATIONS

ISSUE DATE **7/24/1998**

| AGENT'S NAME AND ADDRESS | NAMED INSURED AND MAILING ADDRESS |
|---|---|
| **CALVO'S INSURANCE UNDERWRITERS**<br>**PO BOX CL**<br>**AGANA GU   96932** | **GUAM MEDICAL PLAZA LP**<br>**RM 207 REGENCY HOTEL**<br>**1475 SAN VITROES RD**<br>**TUMON GU   96911** |

POLICY TERM: **1** YEAR(S)    INCEPTION: **7/17/1998**  EXPIRATION: **7/17/1999**

THESE DECLARATIONS ARE EFFECTIVE **7/17/1998**  12:01 A.M. LOCAL TIME AT THE DESCRIBED LOCATION COVER
BY THIS POLICY LOCATED AT THE ABOVE MAILING ADDRESS, UNLESS OTHERWISE STATED BELOW.

**633 GOV CARLOS CAMACHO ST BLK 2**
**NEW 3 TRAC 10**
**TAMUNING GU   96911**

## RATING INFORMATION

| | |
|---|---|
| CONSTRUCTION DATE: **01/01/97** | COMMUNITY NAME: **GUAM, TERRITORY OF** |
| BUILDING DESCRIPTION: **NON-RESIDENTIAL** | COMMUNITY NO.: **6600010034B**  COMMUNITY RATING |
| NO. OF FLOORS: **THREE OR MORE** | PROGRAM STATUS: **PROBATIONARY** RISK ZONE: |
| BASEMENT DESCRIPTION: **FINISHED** | CONDO TYPE: **NOT A CONDO** NO. OF UNITS: |
| CONTENTS LOCATION: **BASEMENT AND ABOVE** | ELEVATED BUILDING: |

| LOWEST FLOOR ELEVATION: **N/A** | BASE FLOOD ELEVATION: **N/A** | RATING ELEVATION: **N/A** |
|---|---|---|

| LIMITS OF LIABILITY | BUILDING<br>CONTENTS | **NONE**<br>$500,000 | DEDUCTIBLE<br>AMOUNTS | BUILDING<br>CONTENTS | N<br>$5 |
|---|---|---|---|---|---|

### RATES AND AMOUNT OF INSURANCE IN FORCE FOR BUILDING AND CONTENTS

| TYPE OF COVERAGE | BASIC | | | ADDITIONAL | | | DEDUCTIBLE BUYBACK/DISC. | TC PRE |
|---|---|---|---|---|---|---|---|---|
| | AMT. OF INS. | RATE | PREMIUM | AMT. OF INS. | RATE | PREMIUM | | |
| BUILDING | ----- | | | ----- | | | N/A | |
| CONTENTS | 115,000 x | .89 | = $1,024 | 385,000 x | .48 | = $1,848 | $.00 | $2,8 |

| FIRST MORTGAGEE NAME AND ADDRESS | |
|---|---|
| **BANK OF HAWAII**<br>**P O BOX BH**<br>**AGANA GU   96932** | PREVIOUS PREMIUM SUBTOTAL    2,9:<br>ENDORSEMENT AMOUNT<br>*TOTAL PREMIUM    $3,0 |

ENDORSEMENTS:

**CONTENTS AMT OF INS CHANGE**

***PROBATION SURCHARGE OF $50 INCL**

| AGENCY NO.<br>0960000113 | PRODUCER NO. | AGENT PHONE NO.<br>(671) 472-6816 | PAYOR<br>INSURED | EXHIBIT<br>**3** |
|---|---|---|---|---|

# NATIONAL FLOOD INSURANCE PROGRAM
## FLOOD INSURANCE RENEWAL INVOICE



THIS FLOOD INSURANCE POLICY EXPIRES AT 12:01 A.M. ON: 7/17/99

Policy #: 3000183910

**INSURED PROPERTY LOCATION:**
633 GOV CARLOS CAMACHO ST BLK 2
NEW 3 TRAC 10
TAMUNING GU 96911
DATE ISSUED: 6/02/99

PAYOR IS: INSURED

PAYOR NAME & MAILING ADDRESS
GUAM MEDICAL PLAZA LP
RM 207 REGENCY HOTEL
1475 SAN VITROES RD
TUMON GU 96911

AGENT/BROKER NAME & MAILING ADDRESS
CALVO'S INSURANCE UNDERWRITERS
PO BOX CL
AGANA GU 96932

(671)472-6816

Special Instructions:

\*PREMIUM INCLUDES $50 PROBATION SURCHARGE\*
## SEE REVERSE SIDE OF BILL FOR IMPORTANT MESSAGES

| OPTION | CURRENT COVERAGE | | OPTION | INCREASED COVERAGE | |

| | COVERAGE | DEDUCTIBLE | PREMIUM | | COVERAGE | DEDUCTIBLE | PREMIUM |
|---|---|---|---|---|---|---|---|
| **A** | Building | Building | 1 Yr $3,298.00 | **B** | Building | Building | 1 Yr |
| | Contents 500,000 | Contents 500 | 3 Yr * NOT * AVAILABLE | | Contents | Contents | 3 Yr |

MAXIMUM COVERAGE AVAILABLE THROUGH
THE NATIONAL FLOOD INSURANCE PROGRAM:     BUILDING: 500,000     CONTENTS: 500,000

# PAYOR'S COPY
## RETAIN TOP PORTION FOR YOUR RECORDS

▲ DETACH HERE
## FLOOD INSURANCE RENEWAL INVOICE
DETACH HERE ▲

POLICY #: 3000183910   MORTGAGE LOAN NO:          EXPIRATION DATE: 7/17/99     DATE ISSUED: 6/02/99

| OPTION A | COVERAGE | OPTION B | COVERAGE |
|---|---|---|---|

ONE YEAR:      $3,298.00  ☐ Bldg       ONE YEAR:       ☐ Bldg
THREE YEAR:    N/A        ☐ Cont  500,000   THREE YEAR:     ☐ Cont
Check desired coverage & return bottom section of notice
with check or money order made payable to:

INSURED NAME & MAILING ADDRESS

NATIONAL FLOOD INSURANCE PROGRAM
P.O. BOX 105656
ATLANTA, GEORGIA, 30348-5656

GUAM MEDICAL PLAZA LP
RM 207 REGENCY HOTEL
1475 SAN VITROES RD
TUMON GU 96911

RETURN WITH PAYMENT                    DO NOT FOLD, STAPLE, OR WR

EXHIBIT
4

# NATIONAL FLOOD INSURANCE PROGRAM
## FLOOD INSURANCE RENEWAL INVOICE

THIS FLOOD INSURANCE POLICY EXPIRES AT 12:01 A.M. ON: **7/17/2000**

Policy #: 3000183910

**INSURED PROPERTY LOCATION:**
633 GOV CARLOS CAMACHO ST BLK 2
NEW 3 TRAC 10
TAMUNING GU  96911

**DATE ISSUED:** 6/02/2000

**PAYOR IS:** INSURED

PAYOR NAME & MAILING ADDRESS
GUAM MEDICAL PLAZA LP
RM 207 REGENCY HOTEL
1475 SAN VITROES RD
TUMON GU  96911

AGENT/BROKER NAME & MAILING ADDRESS
CALVO'S INSURANCE UNDERWRITERS
PO BOX CL
AGANA GU  96932

(671)472-6816

Special Instructions:

## SEE REVERSE SIDE OF BILL FOR IMPORTANT MESSAGES

| OPTION | | CURRENT COVERAGE | | OPTION | | INCREASED COVERAGE | |
|--------|---|---|---|--------|---|---|---|
| | COVERAGE | DEDUCTIBLE | PREMIUM | | COVERAGE | DEDUCTIBLE | PREMIUM |
| **A** | Building | Building | 1 Yr $3,380.00 | **B** | Building | Building | 1 Yr |
| | Contents 500,000 | Contents 500 | 3 Yr * NOT * AVAILABLE | | Contents | Contents | 3 Yr |

MAXIMUM COVERAGE AVAILABLE THROUGH THE NATIONAL FLOOD INSURANCE PROGRAM:  BUILDING: 500,000  CONTENTS: 500,000

# PAYOR'S COPY
## RETAIN TOP PORTION FOR YOUR RECORDS

▲ DETACH HERE ........................................................ DETACH HERE ▲

## FLOOD INSURANCE RENEWAL INVOICE

POLICY #: 3000183910  MORTGAGE LOAN NO:  EXPIRATION DATE: 7/17/2000  DATE ISSUED: 6/02/2000

| | OPTION A | COVERAGE | | OPTION B | COVERAGE |
|---|---|---|---|---|---|
| ONE YEAR: | $3,380.00 | Bldg | ONE YEAR: | | Bldg |
| THREE YEAR: | N/A | Cont  500,000 | THREE YEAR: | | Cont |

Check desired coverage & return bottom section of notice with check or money order made payable to:

NATIONAL FLOOD INSURANCE PROGRAM
PO BOX 105656
ATLANTA GA  30348-5656

INSURED NAME & MAILING ADDRESS
GUAM MEDICAL PLAZA LP
RM 207 REGENCY HOTEL
1475 SAN VITROES RD
TUMON GU  96911

RETURN WITH PAYMENT

DO NOT FOLD, STAPLE, OR WRITE BELOW THIS LINE



# NATIONAL FLOOD INSU' ANCE PROGRAM
## FLOOD INSURANCE RENEWAL INVOICE

THIS FLOOD INSURANCE POLICY EXPIRES AT 12:01 A.M. ON: 7/17/2001

Policy #: 3000183910

**INSURED PROPERTY LOCATION:**
633 GOV CARLOS CAMACHO ST BLK 2
NEW 3 TRAC 10
TAMUNING GU 96911

**DATE ISSUED:** 6/04/2001

**PAYOR IS:** INSURED

PAYOR NAME & MAILING ADDRESS
GUAM MEDICAL PLAZA LP
RM 207 REGENCY HOTEL
1475 SAN VITROES RD
TUMON GU 96911

AGENT/BROKER NAME & MAILING ADDRESS
CALVO'S INSURANCE UNDERWRITERS
PO BOX CI
HAGATNA GU 96932

(671) 472-6816

Special Instructions:

*PREMIUM INCLUDES $50 PROBATION SURCHARGE*
## SEE REVERSE SIDE OF BILL FOR IMPORTANT MESSAGES

| OPTION | | CURRENT COVERAGE | | OPTION | | INCREASED COVERAGE | |
|---|---|---|---|---|---|---|---|
| | COVERAGE | DEDUCTIBLE | PREMIUM | | COVERAGE | DEDUCTIBLE | PREMIUM |
| **A** | Building | Building | 1 Yr $3,449.00 | **B** | Building | Building | 1 Yr |
| | Contents 500,000 | Contents 500 | 3 Yr * NOT * AVAILABLE | | Contents | Contents | 3 Yr |

MAXIMUM COVERAGE AVAILABLE THROUGH THE NATIONAL FLOOD INSURANCE PROGRAM:    BUILDING: 500,000    CONTENTS: 500,000

# PAYOR'S COPY
## RETAIN TOP PORTION FOR YOUR RECORDS

▲ DETACH HERE ................................. **FLOOD INSURANCE RENEWAL INVOICE** ......... DETACH HERE ▲

POLICY #: 3000183910   MORTGAGE LOAN NO:     EXPIRATION DATE: 7/17/2001    DATE ISSUED: 6/04/2001

| OPTION A | COVERAGE | OPTION B | COVERAGE |
|---|---|---|---|
| ONE YEAR: $3,449.00 ☐ Bldg | | ONE YEAR: ☐ Bldg | |
| THREE YEAR: N/A ☐ Cent 500,000 | | THREE YEAR: ☐ Cent | |

Check desired coverage & return bottom section of notice with check or money order made payable to:

NATIONAL FLOOD INSURANCE PROGRAM
PO BOX 105656
ATLANTA GA 30348-5656

INSURED NAME & MAILING ADDRESS
GUAM MEDICAL PLAZA LP
RM 207 REGENCY HOTEL
1475 SAN VITROES RD
TUMON GU 96911

RETURN WITH PAYMENT

DO NOT FOLD, STAPLE, OR WRITE BELOW THIS LINE



# NATIONAL FLOOD INSURANCE PROGRAM
## FLOOD INSURANCE RENEWAL INVOICE

THIS FLOOD INSURANCE POLICY EXPIRES AT 12:01 A.M. ON: 7/17/2002

Policy #: 3000183910

**INSURED PROPERTY LOCATION:**
633 GOV CARLOS CAMACHO ST BLK 2
NEW 3 TRAC 10
TAMUNING GU 96911
DATE ISSUED: 6/03/2002

**PAYOR IS: INSURED**

PAYOR NAME & MAILING ADDRESS
GUAM MEDICAL PLAZA LP
RM 207 REGENCY HOTEL
1475 SAN VITROES RD
TUMON GU 96911

AGENT/BROKER NAME & MAILING ADDRESS
CALVO'S INSURANCE UNDERWRITERS
PO BOX CI
HAGATNA GU 96932

(671)472-6816

Special Instructions:

## SEE REVERSE SIDE OF BILL FOR IMPORTANT MESSAGES

| OPTION | CURRENT COVERAGE | | | OPTION | INCREASED COVERAGE | | |
|---|---|---|---|---|---|---|---|
| | COVERAGE | DEDUCTIBLE | PREMIUM | | COVERAGE | DEDUCTIBLE | PREMIUM |
| **A** | Building | Building | 1 Yr $3,490.00 | **B** | Building | Building | 1 Yr |
| | Contents 500,000 | Contents 500 | 3 Yr * NOT * AVAILABLE | | Contents | Contents | 3 Yr |

MAXIMUM COVERAGE AVAILABLE THROUGH
THE NATIONAL FLOOD INSURANCE PROGRAM:  BUILDING: 500,000  CONTENTS: 500,000

## PAYOR'S COPY
### RETAIN TOP PORTION FOR YOUR RECORDS

▲ DETACH HERE
## FLOOD INSURANCE RENEWAL INVOICE
DETACH HERE ▲

POLICY #: 3000183910  MORTGAGE LOAN NO:  EXPIRATION DATE: 7/17/2002  DATE ISSUED: 6/03/2002

| | OPTION A | COVERAGE | | OPTION B | COVERAGE |
|---|---|---|---|---|---|
| ONE YEAR: | $3,490.00 | ☐ Bldg | ONE YEAR: | | ☐ Bldg |
| THREE YEAR: | N/A | ☐ Cont 500,000 | THREE YEAR: | | ☐ Cont |

Check desired coverage & return bottom section of notice
with check or money order made payable to:

NATIONAL FLOOD INSURANCE PROGRAM
PO BOX 105656
ATLANTA GA 30348-5656

INSURED NAME & MAILING ADDRESS
GUAM MEDICAL PLAZA LP
RM 207 REGENCY HOTEL
1475 SAN VITROES RD
TUMON GU 96911

RETURN WITH PAYMENT

DO NOT FOLD, STAPLE, OR WRITE BELOW THIS LINE





# FLOOD POLICY DECLARATIONS

06/15/1995

## NATIONAL FLOOD INSURANCE PROGRAM
### ROCKVILLE MD  20849-6468



**RENEWAL**

ISSUE DATE    6/15/1999

| NAMED INSURED AND MAILING ADDRESS | AGENT'S    NAME    AND    ADDRESS |
|---|---|
| GUAM MEDICAL PLAZA LP<br>RM 207 REGENCY HOTEL<br>1475 SAN VITROES RD<br>TUMON GU  96911 | CALVO'S INSURANCE UNDERWRITERS<br>PO BOX CL<br>AGANA GU  96932 |

POLICY TERM: **1** YEAR(S)      INCEPTION: **7/17/1999**    EXPIRATION: **7/17/2000**

THESE DECLARATIONS ARE EFFECTIVE    **7/17/1999**    12:01 A.M. LOCAL TIME AT THE DESCRIBED LOCATION COVERED BY THIS POLICY LOCATED AT THE ABOVE MAILING ADDRESS, UNLESS OTHERWISE STATED BELOW.

**633 GOV CARLOS CAMACHO ST BLK 2
NEW 3 TRAC 10
TAMUNING GU  96911**

## RATING INFORMATION

| | | |
|---|---|---|
| CONSTRUCTION DATE: **01/01/97** | COMMUNITY NAME: **GUAM, TERRITORY OF** | |
| BUILDING DESCRIPTION: **NON-RESIDENTIAL** | COMMUNITY NO.: **6600010034B** | COMMUNITY RATING: **10** |
| NO. OF FLOORS: **THREE OR MORE** | PROGRAM STATUS: **PROBATIONARY** | RISK ZONE: **C** |
| BASEMENT DESCRIPTION: **FINISHED** | CONDO TYPE: **NOT A CONDO** | NO. OF UNITS: **N/A** |
| CONTENTS LOCATION: **BASEMENT AND ABOVE** | | ELEVATED BUILDING: **NO** |

LOWEST FLOOR ELEVATION:    **N/A**    BASE FLOOD ELEVATION:    **N/A**    RATING ELEVATION:    **N/A**

| LIMITS OF LIABILITY | BUILDING<br>CONTENTS | **NONE**<br>**$500,000** | DEDUCTIBLE<br>AMOUNTS | BUILDING<br>CONTENTS | **N/A**<br>**$500** |
|---|---|---|---|---|---|

### RATES AND AMOUNT OF INSURANCE IN FORCE FOR BUILDING AND CONTENTS

| TYPE OF COVERAGE | BASIC | | | ADDITIONAL | | | DEDUCTIBLE BUYBACK/DISC. | TOTAL PREMIUM |
|---|---|---|---|---|---|---|---|---|
| | AMT. OF INS. | RATE | PREMIUM | AMT. OF INS. | RATE | PREMIUM | | |
| BUILDING | - - - - - | | | - - - - - | | | **N/A** | - - - - - |
| CONTENTS | 115,000 x | .98 = | $1,127 | 385,000 x | .53 = | $2,041 | $.00 | $3,168.00 |

| FIRST MORTGAGEE NAME AND ADDRESS | | |
|---|---|---|
| BANK OF HAWAII<br>P O BOX BH<br>AGANA GU  96932 | PREMIUM SUBTOTAL<br>EXPENSE CONSTANT<br>FEDERAL POLICY FEE<br>*TOTAL PREMIUM | 3,168.00<br>50.00<br>30.00<br>$3,298.00 |

ENDORSEMENTS:

**EXHIBIT**

**5**

*PROBATION SURCHARGE OF $50 INCLUDED



# FLOOD POLICY DEC[  ]RATIONS

**G**

06/22/2000

## NATIONAL FLOOD INSURANCE PROGRAM
### ROCKVILLE MD  20849-6468

FILE COPY

NO.   3000183910



**RENEWAL**

ISSUE DATE    6/22/2000

| NAMED INSURED AND MAILING ADDRESS | AGENT'S   NAME   AND   ADDRESS |
|---|---|
| GUAM MEDICAL PLAZA LP<br>RM 207 REGENCY HOTEL<br>1475 SAN VITROES RD<br>TUMON GU  96911 | CALVO'S INSURANCE UNDERWRITERS<br>PO BOX CL<br>AGANA GU  96932 |

POLICY TERM: **1** YEAR(S)     INCEPTION: **7/17/2000**     EXPIRATION: **7/17/2001**

THESE DECLARATIONS ARE EFFECTIVE   **7/17/2000**     12:01 A.M. LOCAL TIME AT THE DESCRIBED LOCATION COVERED BY THIS POLICY LOCATED AT THE ABOVE MAILING ADDRESS, UNLESS OTHERWISE STATED BELOW.

**633 GOV CARLOS CAMACHO ST BLK 2
NEW 3 TRAC 10
TAMUNING GU  96911**

## RATING INFORMATION

| | | | | |
|---|---|---|---|---|
| CONSTRUCTION DATE: | **01/01/1997** | COMMUNITY NAME: | **GUAM, TERRITORY OF** | |
| BUILDING DESCRIPTION: | **NON-RESIDENTIAL** | COMMUNITY NO.: | **6600010034B** | COMMUNITY RATING: **10** |
| NO. OF FLOORS: | **THREE OR MORE** | PROGRAM STATUS: | **REGULAR** | RISK ZONE: **C** |
| BASEMENT DESCRIPTION: | **FINISHED** | CONDO TYPE: | **NOT A CONDO** | NO. OF UNITS: **N/A** |
| CONTENTS LOCATION: | **BASEMENT AND ABOVE** | | | ELEVATED BUILDING: **NO** |

LOWEST FLOOR ELEVATION:     **N/A**     BASE FLOOD ELEVATION:     **N/A**     RATING ELEVATION:     **N/A**

| LIMITS OF LIABILITY | BUILDING | **NONE** | DEDUCTIBLE AMOUNTS | BUILDING | **N/A** |
|---|---|---|---|---|---|
| | CONTENTS | **$500,000** | | CONTENTS | **$500** |

### RATES AND AMOUNT OF INSURANCE IN FORCE FOR BUILDING AND CONTENTS

| TYPE OF COVERAGE | BASIC | | | ADDITIONAL | | | DEDUCTIBLE BUYBACK/DISC. | TOTAL PREMIUM |
|---|---|---|---|---|---|---|---|---|
| | AMT. OF INS. | RATE | PREMIUM | AMT. OF INS. | RATE | PREMIUM | | |
| BUILDING | - - - - - | | | - - - - - | | | **N/A** | - - - - - |
| CONTENTS | **130,000** x | **1.03** = | **$1,339** | **370,000** x | **.53** = | **$1,961** | **$.00** | **$3,300.00** |

| FIRST MORTGAGEE NAME AND ADDRESS | | |
|---|---|---|
| **BANK OF HAWAII**<br>**P O BOX BH**<br>**AGANA GU  96932** | PREMIUM SUBTOTAL | 3,300.00 |
| | EXPENSE CONSTANT | 50.00 |
| | FEDERAL POLICY FEE | 30.00 |
| | TOTAL PREMIUM | **$3,380.00** |

ENDORSEMENTS:

**END3:CBL**

| AGENCY NO.<br>0960000113 | PRODUCER NO. | AGENT PHONE NO.<br>(671)  472-6314 | PAYOR | COUNTERSIGNATURE |
|---|---|---|---|---|

# FLOOD POLICY DECLARATIONS

**FILE COPY**

NO. **3000183910**

07/24/2001

## NATIONAL FLOOD INSURANCE PROGRAM
### ROCKVILLE MD  20849-6468



**RENEWAL**

ISSUE DATE    7/24/2001

| NAMED INSURED AND MAILING ADDRESS | AGENT'S    NAME    AND    ADDRESS |
|---|---|
| GUAM MEDICAL PLAZA LP<br>RM 207 REGENCY HOTEL<br>1475 SAN VITROES RD<br>TUMON GU  96911 | CALVO'S INSURANCE UNDERWRITERS<br>PO BOX CI<br>HAGATNA GU  96932 |

POLICY TERM: **1** YEAR(S)    INCEPTION: **7/17/2001**    EXPIRATION: **7/17/2002**

THESE DECLARATIONS ARE EFFECTIVE  **7/17/2001**  12:01 A.M. LOCAL TIME AT THE DESCRIBED LOCATION COVERED BY THIS POLICY LOCATED AT THE ABOVE MAILING ADDRESS, UNLESS OTHERWISE STATED BELOW.

633 GOV CARLOS CAMACHO ST BLK 2
NEW 3 TRAC 10
TAMUNING GU  96911

## RATING INFORMATION

| | | | |
|---|---|---|---|
| CONSTRUCTION DATE: | **01/01/1997** | COMMUNITY NAME: | **GUAM, TERRITORY OF** |
| BUILDING DESCRIPTION: | **NON-RESIDENTIAL** | COMMUNITY NO.: | **6600010034B** | COMMUNITY RATING: | **10** |
| NO. OF FLOORS: | **THREE OR MORE** | PROGRAM STATUS: | **PROBATIONARY** | RISK ZONE: | **C** |
| BASEMENT DESCRIPTION: | **FINISHED** | CONDO TYPE: | **NOT A CONDO** | NO. OF UNITS: | **N/A** |
| CONTENTS LOCATION: | **BASEMENT AND ABOVE** | | | ELEVATED BUILDING: | **NO** |

LOWEST FLOOR ELEVATION:    **N/A**    BASE FLOOD ELEVATION:    **N/A**    RATING ELEVATION:    **N/A**

| LIMITS OF<br>LIABILITY | BUILDING<br>CONTENTS | **NONE**<br>**$500,000** | DEDUCTIBLE<br>AMOUNTS | BUILDING<br>CONTENTS | **N/A**<br>**$500** |
|---|---|---|---|---|---|

### RATES AND AMOUNT OF INSURANCE IN FORCE FOR BUILDING AND CONTENTS

| TYPE OF COVERAGE | BASIC | | | ADDITIONAL | | | DEDUCTIBLE BUYBACK/DISC. | TOTAL PREMIUM |
|---|---|---|---|---|---|---|---|---|
| | AMT. OF INS. | RATE | PREMIUM | AMT. OF INS. | RATE | PREMIUM | | |
| BUILDING | ----- | | | ----- | | | **N/A** | ----- |
| CONTENTS | 130,000 x | 1.13 = | $1,469 | 370,000 x | .50 = | $1,850 | $.00 | $3,319.00 |

| FIRST MORTGAGEE NAME AND ADDRESS | | |
|---|---|---|
| **BANK OF HAWAII**<br>P O BOX BH<br>**AGANA GU  96932** | PREMIUM SUBTOTAL<br>EXPENSE CONSTANT<br>FEDERAL POLICY FEE<br>*TOTAL PREMIUM | 3,319.00<br>50.00<br>30.00<br>$3,449.00 |

ENDORSEMENTS:

*PROBATION SURCHARGE OF $50 INCLUDED

G

# FLOOD POLICY DEC \RATIONS

06/25/2002
## NATIONAL FLOOD INSURANCE PROGRAM
### ROCKVILLE MD  20849-6468



**RENEWAL**

ISSUE DATE   6/25/2002

| NAMED INSURED AND MAILING ADDRESS | AGENT'S   NAME   AND   ADDRESS |
|---|---|
| GUAM MEDICAL PLAZA LP<br>RM 207 REGENCY HOTEL<br>1475 SAN VITROES RD<br>TUMON GU  96911 | CALVO'S INSURANCE UNDERWRITERS<br>PO BOX CI<br>HAGATNA GU  96932 |

POLICY TERM: **1** YEAR(S)       INCEPTION: **7/17/2002**    EXPIRATION: **7/17/2003**

THESE DECLARATIONS ARE EFFECTIVE  **7/17/2002**   12:01 A.M. LOCAL TIME AT THE DESCRIBED LOCATION COVERED BY THIS POLICY LOCATED AT THE ABOVE MAILING ADDRESS, UNLESS OTHERWISE STATED BELOW.

**633 GOV CARLOS CAMACHO ST BLK 2
NEW 3 TRAC 10
TAMUNING GU  96911**



## RATING INFORMATION

| | | | | | |
|---|---|---|---|---|---|
| CONSTRUCTION DATE: | **01/01/1997** | COMMUNITY NAME: | **GUAM, TERRITORY OF** | | |
| BUILDING DESCRIPTION: | **NON-RESIDENTIAL** | COMMUNITY NO.: | **6600010034B** | COMMUNITY RATING: | **10** |
| NO. OF FLOORS: | **THREE OR MORE** | PROGRAM STATUS: | **REGULAR** | RISK ZONE: | **C** |
| BASEMENT DESCRIPTION: | **FINISHED** | CONDO TYPE: | **NOT A CONDO** | NO. OF UNITS: | **N/A** |
| CONTENTS LOCATION: | **BASEMENT AND ABOVE** | | | ELEVATED BUILDING: | **NO** |

| LOWEST FLOOR ELEVATION: | **N/A** | BASE FLOOD ELEVATION: | **N/A** | RATING ELEVATION: | **N/A** |
|---|---|---|---|---|---|

| LIMITS OF<br>LIABILITY | BUILDING | **NONE** | DEDUCTIBLE<br>AMOUNTS | BUILDING | **N/A** |
|---|---|---|---|---|---|
| | CONTENTS | **$500,000** | | CONTENTS | **$500** |

### RATES AND AMOUNT OF INSURANCE IN FORCE FOR BUILDING AND CONTENTS

| TYPE OF COVERAGE | BASIC | | | ADDITIONAL | | | DEDUCTIBLE BUYBACK/DISC. | TOTAL PREMIUM |
|---|---|---|---|---|---|---|---|---|
| | AMT. OF INS. | RATE | PREMIUM | AMT. OF INS. | RATE | PREMIUM | | |
| BUILDING | ----- | | | ----- | | | **N/A** | ----- |
| CONTENTS | 130,000 x | 1.20 = | $1,560 | 370,000 x | .50 = | $1,850 | $.00 | $3,410.00 |

| FIRST MORTGAGEE NAME AND ADDRESS | | |
|---|---|---|
| BANK OF HAWAII<br>P O BOX BH<br>AGANA GU  96932 | PREMIUM SUBTOTAL<br>EXPENSE CONSTANT<br>FEDERAL POLICY FEE<br>TOTAL PREMIUM | 3,410.00<br>50.00<br>30.00<br>$3,490.00 |

ENDORSEMENTS:

| AGENCY NO. | PRODUCER NO. | AGENT PHONE NO. | PAYOR | COUNTERSIGNATURE |
|---|---|---|---|---|
| 0550000113 | | (671) 472-6813 | | |

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF GUAM

| | | |
|---|---|---|
| Guam Medical Plaza, L.P., | ) | Civil Case Number 03-00035 |
| | ) | |
| Plaintiff | ) | |
| | ) | |
| v. | ) | **DECLARATION OF** |
| | ) | **DAVID O. ODEGARD** |
| Calvo's Insurance Underwriters, Inc. | ) | |
| And Michael D. Brown, Under | ) | |
| Secretary, Federal Emergency | ) | |
| Management Agency, | ) | |
| | ) | |
| Defendants. | ) | |

I, David O. Odegard, state as follows:

1. I currently hold the position of Insurance Examiner, Risk Identification Branch, Mitigation Division, Department of Homeland Security, Federal Emergency Management Agency. The organization was formerly the Federal Insurance and Mitigation Administration ("FIA"), an administration within the Department of Homeland Security, Federal Emergency Management Agency ("FEMA"). In my capacity as Insurance Examiner, Risk Identification Branch , I have administrative responsibility over claims for the National Flood Insurance Program ("NFIP").

2. Prompted by the Complaint filed in the above-captioned action, I have reviewed the information within the NFIP system of records and my testimony is based on this review and my present knowledge.

3. Guam Medical Plaza, L.P. was originally issued SFIP No. 3000183910 through it's agent, Calvo's Insurance Underwriters, Inc., for property located at 633 Gov. Carlos Camacho Street, Block 2 Nev-3, Tract 10, Tamuning, Guam 96911, effective July

EXHIBIT
B
tabbies

7, 1998. *See* Attachment 1. For the policy term July 17, 2002 to July 17, 2003 Guam Medical Plaza selected coverage for the building in the amount of $0 with a $0 deductible and coverage for the contents in the amount of $500,000.00 with a $500.00 deductible. *Id.*

4. On or about December 8, 2002, the insured allegedly suffered a loss from flooding caused by accumulation of heavy rains created by Typhoon Pongsona. The NFIP received a notice of loss on January 10, 2003. *See* Attachment 2. Routinely upon the receipt of a notice of loss, an independent private adjusting firm is assigned to adjust the loss. Here the loss was assigned to Thorne Claim Service, an independent adjustment company.

5. By letter of January 10, 2003, NFIP acknowledged receipt of the Notice of Loss. *See* Attachment 3. In this letter, NFIP also gave notice to Plaintiff that the SFIP, under General Conditions, Paragraph J 4, required Plaintiff to submit a proof of loss within sixty (60) days of the loss.

6. By letter of January 14, 2003, NFIP again reminded Plaintiff of the 60-day requirement and identified February 6, 2003 as the deadline for filing the proof of loss. *See* Attachment 4.

7. On January 14, 2003, Bill Young, an adjuster from Thorne, inspected the Plaintiff's property. Independent Adjuster Young found a general condition of flooding and found that 38 inches of water entered Plaintiff's structure and remained there for twenty-four hours. *See* Attachment 5.

8. Independent Adjuster Young also reported that Plaintiff Guam Medical Plaza was the General Partner of the Partnership that owns the building and that Plaintiff leased

part of the building to the Cancer Institute of Guam. The "improvements" identified in the application were part of the original structure owned by Guam Medical Center and not "improvements" made by the tenant as the application was initially construed. As such, they are part of the building and are not considered contents. Adjuster Young also reported that The Cancer Institute of Guam, the tenant, owned the contents. *See* Attachment 6.

9. On January 30, 2003, Independent Adjuster Young issued his final report. *Id.* Adjuster Young reported that the risk was below grade on all four sides. Additionally, because there was no building coverage and because the owner of the building had no insurable interest in the contents, Independent Adjuster Young made no estimate of the cost of damage to the structure or to the contents and recommended that NFIP close the file without payment (CWOP). Mr. Young informed Plaintiff of his recommendation. *Id.* at p. 1.

10. By memorandum of February 4, 2003, Calvo's informed NFIP that the intent of the application was to cover all of the items listed in the application. *See* Attachment 7.

11. Plaintiff's time for filing a signed, sworn proof of loss expired on February 6, 2003. Plaintiff did not request an extension of the filing period and the Flood Insurance Administrator did not extend the time for filing the signed, sworn proof of loss.

12. By letter of February 12, 2003, NFIP denied Plaintiff's claim. The denial letter stated that Plaintiff's claim was denied because: 1) the building was tenant occupied at the time of the loss and the damaged contents were owned by the tenant; 2) the SFIP, with certain exceptions not here relevant, did not cover personal property in a

basement; and 3) Plaintiff selected coverage for only the contents. *See* Attachment No. 8.

13. By Memorandum of February 25, 2003, Calvo's Insurance Underwriters asked NFIP to reconsider its denial of Plaintiff's claim. *See* Attachment No. 9.

14. On May 1, 2003, Plaintiff's request for reconsideration of its claim was forwarded to FIMA. *See* Attachment 10.

15. On March 10, 2003, NFIP informed Calvo's Insurance Underwriters that Plaintiff's claim would be closed without payment. *See* Attachment 11.

16. On March 14, 2003, NFIP received a letter from Len Orloff, Esq. as representative for the Plaintiff. *See* Attachment 12. The letter stated that Plaintiff was seeking compensation for contents, which he identified as "improvements, including " electrical, improvements, elevator, transformers, and equipment." Attached to Attorney Orloff's letter was a separate claim for building damage that included "[r]eplace Elec&Breakers" and "[r]epair Elevator Bank. *Id*. at p. 7, Miscellaneous.

17. On May 20, 2003, FIMA, determined that the denial was appropriate. However, FIMA also determined that, because there was no coverage available under the SFIP, the SFIP should be cancelled *ab initio* and the premium payments should be returned to Plaintiff.

18. By letter of May 22, 2003, NFIP informed Plaintiff of FIMA's determination. *See* Attachment 13.

19. By letter of June 16, 2003, Plaintiff, through its public adjuster, asked NFIP to reconsider its decision. *See* Attachment 14.

20. By letter of June 23, 2003, NFIP informed Plaintiff that it would not reconsider its denial.

In accordance with 28 U.S.C. §1746, I hereby declare and affirm under penalty of perjury that the above statements are true and correct.

Signed this 2ⁿᵈ day September 2004.

David O. Odegard
Insurance Examiner
Federal Insurance and Mitigation
Administration

**FEDERAL EMERGENCY MANAGEMENT AGENCY**
National Flood Insurance Program
(IMPORTANT—PLEASE PRINT OR TYPE)

O.M.B. NO. 3067-0022 Expires September 30, 1998

PART 2 OF FLOOD INSURANCE APPLICATION

CURRENT POLICY NUMBER

[X] NEW
[ ] RENEWAL          P(___
[ ] 3-YEAR          (IF NEW, LEAVE BLANK)

DIRECT BILL INSTRUCTIONS:
[X] BILL INSURED          [ ] BILL FIRST MORTGAGEE
[ ] BILL SECOND          [ ] BILL LOSS PAYEE
    MORTGAGEE
[ ] BILL OTHER

POLICY PERIOD IS FROM ___ TO ___
12:01 A.M LOCAL TIME AT THE INSURED PROPERTY LOCATION

WAITING PERIOD: [ ] STANDARD 30-DAY

INITIAL PURCHASE OF FLOOD INSURANCE RELATED TO:
[ ] LOAN— NO-WAITING [ ] MAP REV (ZONE CHANGE FROM NON-SFHA TO SFHA)— ONE DAY

ADDRESS OF LICENSED PROPERTY OR CASUALTY INSURANCE AGENT OR BROKER:

Calvo's Insurance Underwriters, Inc.
P. O. Box CI, Agana, GU 96932

AGENT'S TAX ID [X] OR SSN [S] ___96000113___

NAME AND MAILING ADDRESS OF INSURED:

Guam Medical Plaza L.P.
Room 207 Regency Hotel
1475 San Vitores Rd., Tumon, Guam 96911

IS INSURANCE REQUIRED FOR DISASTER ASSISTANCE [Y] YES [X] NO IF YES, CHECK THE GOVERNMENT AGENCY: [ ] SBA [ ] FEMA [ ] FMHA
ENTER CASE FILE NUMBER OR INSURED'S SOCIAL SECURITY NUMBER ___ [ ] OTHER SPECIFY:

NAME AND ADDRESS OF FIRST MORTGAGEE
LOAN NO.
Bank of Hawaii
P. O. Box BH, Agana, Guam 96932

IF SECOND MORTGAGEE, LOSS PAYEE OR OTHER IS TO BE BILLED, THE FOLLOWING MUST BE COMPLETED, INCLUDING THE NAME AND ADDRESS
[ ] 2ND MORTGAGEE          [ ] DISASTER AGENCY
[ ] LOSS PAYEE          [ ] IF OTHER, PLEASE SPECIFY:

IS INSURED PROPERTY LOCATION SAME AS INSURED MAILING ADDRESS?
[Y] YES [N] NO IF NO, ENTER PROPERTY ADDRESS. IF RURAL, DESCRIBE
PROPERTY LOCATION (DO NOT USE P.O. BOX).

633 Gov. Carlos Camacho Street, Block 2 NEW-3, Tract 10,
Tamuning, Guam 96911

NAME OF COUNTY/PARISH: **Tamuning** LOCATED IN AN UNINCORPORATED AREA OF THE COUNTY? [X] YES [N] NO
COMMUNITY NO./PANEL NO. AND SUFFIX FOR LOCATION OF PROPERTY INSURED 660001 — 0034B
COMMUNITY PROGRAM TYPE IS

IS BUILDING IN SPECIAL FLOOD HAZARD AREA? [X] YES [N] NO FLOOD INSURANCE RATE MAP ZONE C
[X] REGULAR [E] EMERGENCY

| BUILDING OCCUPANCY RESIDENTIAL | NUMBER OF FLOORS IN ENTIRE BUILDING (INCLUDE BASEMENT/ENCLOSED AREA, IF ANY) OR BUILDING TYPE | RESIDENTIAL CONDOMINIUM BUILDING ASSOCIATION POLICY ONLY. TOTAL NUMBER OF UNITS (INCLUDE NON-RES) | IS INSURED PROPERTY OWNED BY STATE GOVERNMENT? [Y] YES [X] NO | DESCRIBE BUILDING AND USE IF NOT A 1-4 FAMILY DWELLING. FOR MANUFACTURED (MOBILE) HOMES, COMPLETE PART 2, SECTION III. |
|---|---|---|---|---|

BUILDING OCCUPANCY RESIDENTIAL
[ ] SINGLE FAMILY
[ ] 2-4 FAMILY
[ ] OTHER RESIDENTIAL
[X] NON-RESIDENTIAL (INCLUDING HOTEL/MOTEL)

NUMBER OF FLOORS...
[ ] 1 [ ] 2
[X] 3 OR MORE [ ] SPLIT LEVEL
[ ] TOWNHOUSE/ROWHOUSE (RCBAP LOWRISE ONLY)
[ ] MANUFACTURED (MOBILE) HOME ON FOUNDATION

[ ] HIGH-RISE [ ] LOWRISE

ESTIMATED REPLACEMENT COST IF SINGLE FAMILY PRINCIPAL RESIDENCE, RCBAP OR ANY V-ZONE BUILDING AMOUNT $ ___

DEDUCTIBLE
[ ] BUILDING $ ___
[X] CONTENTS $ 500

A three story
structure with
basement and
underground parking
area. Building
used as Medical
Office Building

BASEMENT OR ENCLOSED AREA BELOW AN ELEVATED BUILDING:
[ ] NONE
[X] FINISHED
[ ] UNFINISHED

IF NOT A SINGLE FAMILY DWELLING, THE NUMBER OF OCCUPANCIES (UNITS) IS ___

IS BUILDING ELEVATED?
[Y] YES [X] NO

DOES BUILDING QUALIFY AS A SMALL BUSINESS RISK?
[Y] YES [X] NO

CONDO COVERAGE IS FOR: N/A
[ ] UNIT [ ] ENTIRE BUILDING

IS BUILDING INSURED'S PRINCIPAL RESIDENCE? [Y] YES [X] NO

IS THIS BUILDING IN THE COURSE OF CONSTRUCTION? [Y] YES [X] NO

IF BUILDING IS ELEVATED, COMPLETE PART 2 OF THE FLOOD INSURANCE APPLICATION.
IF YES, AREA BELOW IS:
[ ] FREE OF OBSTRUCTION
[ ] WITH OBSTRUCTION

CONTENTS LOCATED IN: [X] BASEMENT/ENCLOSURE [ ] BASEMENT/ENCLOSURE AND ABOVE [ ] LOWEST FLOOR ONLY ABOVE GROUND LEVEL
[ ] LOWEST FLOOR ABOVE GROUND LEVEL AND HIGHER [ ] ABOVE GROUND LEVEL MORE THAN ONE FULL FLOOR (IF SINGLE FAMILY, CONTENTS ARE RATED THROUGHOUT THE BUILDING)

IS PERSONAL PROPERTY HOUSEHOLD CONTENTS? [Y] YES [X] NO. IF NO, PLEASE DESCRIBE: Improvements including Electrical Improvements, Elevators, Transformers and Equipments

ALL BUILDINGS: CHECK ONE OF THE FIVE BLOCKS: [ ] BUILDING PERMIT DATE OR [X] DATE OF CONSTRUCTION 1/1/97 (MM/DD/YY)
[X] SUBSTANTIAL IMPROVEMENT DATE 1/1/97 (MM/DD/YY) [ ] MANUFACTURED/MOBILE HOMES LOCATED IN A MOBILE HOME PARK OR SUBDIVISION: CONSTRUCTION DATE OF MOBILE HOME PARK OR SUBDIVISION FACILITIES ___/ N/A (MM/DD/YY)
[ ] MANUFACTURED/MOBILE HOMES LOCATED OUTSIDE A MOBILE HOME PARK OR SUBDIVISION: DATE OF PERMANENT PLACEMENT ___/ N/A (MM/DD/YY)

IS BUILDING POST-FIRM CONSTRUCTION [Y] YES [N] NO BUILDING DIAGRAM NUMBER 2 LOWEST ADJACENT GRADE (LAG) 41.5
IF POST-FIRM CONSTRUCTION IN ZONES A,A1-A30, AE,AO,AH, V,V1-V30,VE, OR IF PRE-FIRM CONSTRUCTION IS ELEVATION RATED, ATTACH CERTIFICATION.
LOWEST FLOOR ELEVATION 38.8 BASE FLOOD ELEVATION ___ (=) DIFFERENCE TO NEAREST FOOT ___ (+ OR -) IN ZONES V AND V1-V30 ONLY
DOES BASE FLOOD ELEVATION INCLUDE AFFECTS OF WAVE ACTION? [Y] YES [N] NO IS BUILDING FLOOD-PROOFED? [Y] YES [N] NO
SEE FLOOD INSURANCE MANUAL FOR SUGGESTED CERTIFICATE FORMS.

COVERAGE REQUESTED— CHECK ONE BLOCK: [ ] BUILDING AND CONTENTS [ ] BUILDING ONLY [X] CONTENTS ONLY

| COVERAGE | BASIC LIMITS | | | ADDITIONAL LIMITS (REGULAR PROGRAM ONLY) | | | DEDUCTIBLE DISCOUNT | BASIC AND ADDITIONAL | |
|---|---|---|---|---|---|---|---|---|---|
| | AMOUNT OF INSURANCE | RATE | ANNUAL PREMIUM | AMOUNT OF INSURANCE | RATE | ANNUAL PREMIUM | ANNUAL PREM REDUCTION | TOTAL OF INS | |

EXHIBIT
1

| CONTENTS | $115,000 | .89 | 1,024.00 | $385,000 | .48 | $1,848.00 | | .00 | | | .00 |
|---|---|---|---|---|---|---|---|---|---|---|---|

RATE TYPE (ONE BUILDING PER POLICY — BLANKET COVERAGE NOT PERMITTED)

[X] MANUAL          [ ] SUBMIT FOR RATING
[ ] ALTERNATIVE     [ ] V-ZONE RISK RATING FORM
[ ] MORTGAGE PORTFOLIO PROTECTION PROGRAM
[ ] PROVISIONAL RATING

PAYMENT OPTION:
[ ] CREDIT CARD
[ ] OTHER:

THE ABOVE STATEMENTS ARE CORRECT TO THE BEST OF MY KNOWLEDGE. I UNDERSTAND THAT ANY FALSE STATEMENTS MAY BE PUNISHABLE BY FINE OR IMPRISONMENT UNDER APPLICABLE FEDERAL LAW. SEE REVERSE SIDE OF COPIES 2, 3, & 4

SIGNATURE OF INSURANCE AGENT/BROKER          DATE (MM/DD/YY)  6/16/98          (OVER)

| | | |
|---|---|---|
| ANNUAL SUBTOTAL | $500,000 | $2,872 .00 |
| ICC PREMIUM | | $ |
| SUBTOTAL | | |
| CRS PREMIUM DISCOUNT ___ % | | |
| SUBTOTAL | | |
| 3 YEAR SUBTOTAL | | |
| PROBATION SURCHARGE | | 50.00 |
| EXPENSE CONSTANT | | 45.00 |
| FEDERAL POLICY FEE | | 30.00 |
| TOTAL PREPAID AMOUNT | | $2,997.0 |

FEMA Form 81-16, FEB. 97     PLEASE ATTACH TO NFIP COPY OF APPLICATION... MONEY ORDER FOR THE TOTAL PREPAID PREMIUM MADE PAYABLE TO THE NATIONAL FLOOD INSURANCE PROGRAM

IMPORTANT - MAKE SURE BOTH SIDES OF APPLICATION ARE COMPLETE BEFORE SUBMITTING TO THE NFIP - IMPORTANT

000050 (2/97)

# FLOOD INSURANCE APPLICATION — PART 2

ALL APPROPRIATE DATA PROVIDED BY THE INSURED OR OBTAINED FROM THE ELEVATION CERTIFICATE SHOULD BE REVIEWED AND TRANSCRIBED BELOW. THIS PART OF THE APPLICATION MUST BE COMPLETED FOR THE FOLLOWING BUILDING TYPES:

1. Post-FIRM construction located in Zones A1-A30, AE, AH, A, V1-V30, VE, and V.
2. Pre-FIRM construction located in Zones A1-A30, AE, AH, A, V1-V30, VE, and V when using optional Post-FIRM rating.

[X] 1 NEW    [ ] 2 RENEWAL

**CURRENT POLICY NUMBER**

FL |_|_|_|_|_|_|_|_|_|_|_|
IF NEW, LEAVE BLANK

## SECTION I—ALL BUILDING TYPES

1. Diagram number selected from Reference Level Diagrams 1-8: [2]

2. The reference level is (round to nearest foot):
|_10_| feet [↑] above [X] below (check one) the lowest ground (grade) immediately next to the building.

3. The garage floor (if applicable) or elevated floor (if applicable) is (round to nearest foot):
|_10_| feet [↑] above [X] below (check one) the lowest ground (grade) immediately next to the building.

4. Machinery or equipment located at a level lower than the reference level is (round to nearest foot):
|_10_| feet below the reference level.

5. Site location
a) Approximate distance of site location to nearest shoreline:
[1] Less than 200 feet    [3] 500 to 1000 feet
[X] 200 to 500 feet    [ ] Over 1000 feet
b) Source of flooding:
[1] Ocean    [3] River/stream
[2] Lake    [X] Other: __Heavy Rains__

6. Basement
a) Is the basement floor below grade on all four sides?
[X] Yes [N] No

b) Does the basement contain machinery or equipment?
[X] Yes [N] No
If yes, check the appropriate items:
[1] Furnace    [5] Heat pump    [4] Air conditioner
[2] Hot water heater    [6] Oil tank    [9] Cistern
[3] Elevator equipment    [7] Washer & Dryer    [10] Food freezer
[X] Other equipment or machinery servicing the building  Electrical Panels, Transformers
c) Is the basement used for any purpose other than storage?
[X] Yes [N] No

7. Garage
a) Is the garage attached to or part of the building?
[X] Yes [N] No

b) Are there any openings (excluding doors) that are designed to allow the passage of flood waters through the garage?
[X] Yes [N] No

c) Is the garage used solely for parking of vehicles, building access, and/or storage?
[X] Yes [N] No

d) Does the garage contain machinery or equipment?
[X] Yes [N] No
If yes, check the appropriate items:
[1] Furnace    [5] Heat pump    [4] Air conditioner
[2] Hot water heater    [6] Oil tank    [9] Cistern
[X] Elevator equipment    [7] Washer & Dryer    [10] Food freezer
[X] Other equipment or machinery servicing the building

## SECTION II—ELEVATED BUILDINGS
(including Manufactured (Mobile) Homes)    Not Applicable

8. Elevating foundation of the building:
[1] Piers, posts, or piles
[2] Reinforced masonry piers or concrete piers or columns
[3] Reinforced concrete shear walls
[4] Solid perimeter walls
(Note: This is not an approved method for elevating in Zones V1-V30, VE, or V)

9. Does the area below the elevated floor contain machinery or equipment?
[Y] Yes [N] No
If yes, check the appropriate items:
[1] Furnace    [5] Heat pump    [4] Air conditioner
[2] Hot water heater    [6] Oil tank    [9] Cistern
[3] Elevator equipment    [7] Washer & Dryer    [10] Food freezer
[4] Other equipment or machinery servicing the building

10. Area below the elevated floor
a) Is the area below the elevated floor enclosed?
[Y] Yes [N] No
If yes, check one of the following:
[1] Partially
[2] Fully
If 10a is NO, do not answer 10b through 10f.
b) Is the enclosed area greater than 300 square feet?
[Y] Yes [N] No

If yes, estimate size of area: |_|_|_|_| square feet.

c) Is the area below the elevated floor enclosed using materials other than insect screening or light wood lattice?
[Y] Yes [N] No
If yes, check one of the following:
[1] Breakaway walls
[2] Solid wood frame walls
[3] Masonry walls
[4] Other:_____

d) Is the enclosed area constructed with openings (excluding doors) to allow the passage of flood waters through the enclosed area?
[Y] Yes [N] No

e) Is the enclosed area used for any purpose other than solely for parking of vehicles, building access, or storage?
[Y] Yes [N] No
If yes, describe: _____

f) Does the enclosed area have more than 20 linear feet of finished wall, paneling, etc.?
[Y] Yes [N] No

## SECTION III—MANUFACTURED (MOBILE) HOMES    Not Applicable

11. Manufactured (Mobile) Home Data:
Make: |_|_|_|_|_|_|_|_|_|_|_|_|_|_|_|_|_|_|_|_|_|
Year of manufacture: |_|_|_|_|
Model number: |_|_|_|_|_|_|_|_|_|_|_|_|_|_|_|

14. The manufactured (mobile) home's anchoring system utilizes:
[1] Over-the-top ties    [ ] Ground anchor
[2] Frame ties    [ ] Slab anchors
[ ] Frame connectors    [ ]

Serial number: | | | | | | | | | | | | | | | | | | | |

□ Other: _____

15. Was the manufactured (mobil .me installed in accordance with:

12. Manufactured (mobile) home dimensions: | | | | × | | | | feet.

1 Manufacturer's specifications

2 Local floodplain management standards

13. Are there any permanent additions or extensions to the manufactured (mobile) home?

3 State and/or local building standards?

Y Yes  N No

16. Is the manufactured (mobile) home located in a manufactured (mobile) home park/subdivision?

If yes, the dimensions are: | | | | × | | | | feet.

Y Yes  N No

THE ABOVE STATEMENTS ARE CORRECT TO THE BEST OF MY KNOWLEDGE. I UNDERSTAND THAT ANY FALSE STATEMENTS MAY BE PUNISHABLE BY FINE OR IMPRISONMENT UNDER APPLICABLE FEDERAL LAW

_____
SIGNATURE OF INSURANCE AGENT/BROKER

6 1 6 9 8
DATE
(MM/DD/YY)

# NOTICE OF LOSS

(See reverse side for Privacy Act Statement and Paperwork Burden Disclosure Notice)

**EXHIBIT**
tabbies
**2**

| | | |
|---|---|---|
| **1. NAME OF SERVICING OFFICE**<br>Calvo's Insurance Underwriters, Inc. | **7. POLICY NUMBER**<br>FL 3000183910 | **8. POLICY PERIOD (FROM, TO)**<br>7/17/02 – 7/17/03 |

**2. AGENCY NAME AND MAILING ADDRESS (RUBBER STAMP OR TYPE)**
Calvo's Insurance Underwriters, Inc.
P. O. Box CI
Hagatna, Guam 96932

**9. DATE OF LOSS**
12/8/02

**10. KIND OF LOSS**
X☐ Flood , ☐ Mudslide

**11. PROBABLE AMOUNT OF LOSS-ALL PERILS**
$

**12. ESTIMATE OF LOSS-THIS POLICY**
$

**13. OTHER INSURANCE (SEE ITEM 18)**
☐X Yes   ☐ No   ☐ Buildings   ☐ Contents

**3. INSURED:**
Guam Medical Plaza LP

**14. REMARKS: BRIEF DESCRIPTION OF DAMAGE (if emergency handling required, explain why).**
Various Flood damages to contents

**4. PROPERTY ADDRESS:**
633 Gov. Carlos Camacho St.
Block 2, New 3, Tract 10, Tamuning, Guam 96911
PHONE NO. (671) 646-1384

**5. MAIL ADDRESS (IF DIFFERENT)**
Rm. 207, Regency Hotel
1475 San Vitores Rd., Tumon, Guam 96911
PHONE NO.

**6. LOCATION OF PROPERTY IF REMOVED FOR PROTECTION**

**15. DESCRIPTION OF PROPERTY COVERED**

| ITEM NO. | AMOUNT INSURANCE | DESCRIPTION |
|---|---|---|
| 1 BLDG. | $ | On the _____ Family _____ Story Building of _____<br>_____ Construction. Bsmt. Yes ☐ No ☐ |
| * 2 CONTS. | $500,000<br>500 | On the contents in the Building described above ☐ or in the _____ Family 3 Story Building of _____ concrete<br>_____ Construction. Bsmt. Yes ☒ No ☐ |

**16. MORTGAGEE (BUILDING)**

**17. LOSS PAYEE (CONTENTS)**
Bank of Hawaii

**18. LIST ANY OTHER INSURANCE APPLICABLE TO THE PROPERY DESCRIBED IN ITEM 15 ABOVE INCLUDING: HOMEOWNERS, WIND, AND/OR EXCESS POLICY; COVERAGE ON SPECIFI-CALLY DESCRIBED ARTICLES, E.G., FURS, JEWELRY, ETC. PLEASE PROVIDE POLICY NUMBERS AS APPLICABLE.**
Property Policy covering Building – Policy No. SMP-7620929
Insured Amount: $5,000,000

PJB

**19. COPIES SENT TO**

**CATASTROPHE SERIAL NO.**

**CAT. ZONE NO.**

**DATED**

**20. NAME OF ADJUSTER TO WHOM THIS NOTICE HAS BEEN FORWARDED**

**21. NAME OF ADJUSTER HANDLING E/C OR OTHER INSURANCE LOSS**
FAXED

THIS SPACE FOR USE BY SERVICING OFFICE
JAN 10 2003
#Pages_____ JAN 10 2003

No priors    Thorn

The Standard Flood Insurance Policy is subject to the National Flood Insurance Act of 1968, and any Acts Amendatory thereof, and Regulations issued by the Federal Insurance Administration pursuant to such statute(s).

FEMA Form 81-43, SEP 00          REPLACES ALL PREVIOUS EDITIONS          F-102 (9/00)
* – CONTENTS includes improvements, electrical improvements, elevators, transformers and equipments as described on the application submitted to your office.

JAN 10 2003



# NATIONAL FLOOD INSURANCE PROGRAM
### Servicing Agent

1/10/2003

RE: POLICY NUMBER: 3000183910
DATE OF LOSS: 12/08/2002

GUAM MEDICAL PLAZA LP
RM 207 REGENCY HOTEL
1475 SAN VITROES RD
TUMON, GU 96911

CALVO'S INSURANCE UNDERWRITERS
PO BOX CI
HAGATNA, GU 96932

Dear Policyholder:

We received your notice of claim for: 633 GOV CARLOS CAMACHO ST BLK 2
TAMUNING, GU 96911

Your loss has been assigned to: THORNE CLAIM SERVICE

If you do not find a local telephone listing for this adjuster, contact
your agent or the Flood Insurance Processing Center.

An adjuster from this firm will investigate your loss to determine if it is
covered by your policy, and may help you present your claim. We ask that
you submit your claim as soon as possible. Your policy requires you to
submit a proof of loss to the Flood Center within sixty (60) days of the
loss. Please refer to the - General Conditions, Paragraph J4 -
"Requirements in Case of Loss". Your adjuster can provide this form to you
and help you complete it.

Please do not discard any damaged property prior to the adjuster's inspec-
tion unless it poses a health or safety hazard. It is especially important
that you do not dispose of the major contents items, before the adjuster's
first visit.

Our records show your mortgagee to be: BANK OF HAWAII

If eligible, the check we issue for your building claim will be payable to
you and to the above. If this information is incorrect, please provide the
adjuster with the correct information. You may be requested to furnish
supporting documents in this regard.

If you have not heard from the adjuster, or have any other problem or
questions regarding your claim, please call us at the above number.

Sincerely,

Flood Insurance Processing Center - Claims Department

ADJ04

P.O. Box 6468 • Rockville, MD 20849-6468 • (800) 638-6620

**EXHIBIT**

**3**

NATIONAL CON-SERV, INC., under contract with the FEDERAL EMERGENCY MANAGEMENT
is the Servicing Agent for the National Flood Insurance Program



# NATIONAL FLOOD INSURANCE PROGRAM

### Servicing Agent

January 14, 2003

Guam Medical Plaza LP
RM 207 Regency Hotel
1475 San Vitroes Road
Tumon GU 96911

RE: Policy Number: 3000183910
    Date of Loss:   12/08/2002
    Examiner:    Donna Bowman

Dear Policyholder:

Your flood policy requires that a formal Proof of Loss be filed within sixty (60) days of the loss date or any extension granted by the Administrator. If this is not done, the terms and conditions of the policy would be violated and your claim could be denied. Your deadline for filing a Proof of Loss for the above captioned claim is **February 6, 2003.**

This letter is to inform you that you have until that time to conclude your claim with the adjuster and file your Proof of Loss with us. If we have not received the Proof of Loss within the allotted time mentioned above, we will assume that you are not pursuing your claim and will close our file without further activity.

*Please disregard this letter if you have already submitted your proof of loss. Please call your adjuster if you have any questions.*

Waiving none, but reserving all rights and defenses under our policy, we remain,

Sincerely,

Sheila Lynch
Claims Representative
NFIP Servicing Agent

Duane Paulson
Claims Supervisor
NFIP Servicing Agent

cc:   Thorne Claim Service

    Calvo's Insurance Underwriters
    PO Box CI
    Hagatna GU 96932

**EXHIBIT**

**4**

P.O. Box 6465 • Rockville, MD 20849-6465 • (800)638-6620

NATIONWIDE CONSERVICES, under contract with the FEDERAL EMERGENCY MANAGEMENT AGENCY, is the Servicing Agent for the National Flood Insurance Program.

Case 1:03-cv-00035    Document 14-2    Filed 09/10/2004    Page 12 of 34

FEDERAL EMERGENCY MANAGEMENT AGENCY

THE NFIP REQUIRES THAT A PRELIMINARY REPORT BE RECEIVED WITHIN 15 DAYS OF ASSIGNMENT,
AND AN INTERIM OR FINAL REPORT NOT LATER THAN EVERY 30 DAYS THEREAFTER.



**EXHIBIT**

**5**

| NATIONAL FLOOD INSURANCE PROGRAM PRELIMINARY REPORT |

INSURED    GUAM MEDICAL PLAZA LP                    POLICY NUMBER   3000183910

PROPERTY ADDRESS   633 GOV. CARLOS CAMACHO, TAMUNING, GU 96911      DATE OF LOSS   12/08/02

MAILING ADDRESS   1475 SAN VITORES RD #207, TUMON, GU 96911      CATASTROPHE NO. _____

INSURED TELEPHONE NUMBER: HOME   671 646-1384    WORK   671 646-1384     ADJ. FILE NO.   03-038BY

ADJUSTING COMPANY   TCS-THORNE CLAIMS SERVICE, INC            TAX ID NO.   522078846

ADJUSTER ADDRESS   9621 FLAMING OAK WAY, FAIRFAX STATION, VA 22039     ADJ. PHONE NO.   541 840 2368

    DATE LOSS ASSIGNED   01/10/03     DATE INSURED CONTACTED   01/13/03     DATE LOSS INSPECTED _____

ENCLOSURES |[ ] Building Worksheets ( ) [ ] Photographs ( ) [ ] Proof of Loss   [ ] Other _____

         |[ ] Contents Worksheets ( ) [ ] Narrative ( pp) [ ] R/C Proof    [ ] Other _____

INSURANCE |Coverage verified from: [■] NFIP [ ] Agent's Daily [ ] Insured's Policy   Program: [ ] Emergency [■] Regular

    |Term   07/17/02   to   07/17/03    Edition: [ ] 95 [ ] 96 [ ] 97 [■] 00   Form: [ ] Dwelling [■] Gen Prop [ ] RCBAP

                            Coverage        Deductible         Reserve

    |   RESERVES: |   Building    $    0.00     $    0.00     $    0.00

    |                Contents    $   500000.00    $   500.00     $    0.00

    |ADVANCED PAYMENT REQUESTED? [ ] No [ ] Yes: Building $ _____         Contents $ _____

    |If yes, Proof of Loss for amount of payment and supporting documentation must be submitted with this report.

RISK   |Type of    [ ] Single Family    [ ] 2-4 Family   [ ] Condo Assn   [ ] CondoUnit   [ ] Other Residential   [■] Non-residential

    |Building: [ ] Mobile Home: Make _____         Model _____        Serial No. _____

    |Occupancy: [ ] Owner [■] Tenant   [ ] State government owned   [ ] Unoccupied   Residency: [ ] Principal [ ] Seasonal

    |Title verified? [ ] Yes [■] No   Source of verification _____

    |Number of floors in building incl. basement: [ ] 1 [ ] 2 [■] 3 or more   Is building a split level? [ ] Yes [■] No

    |In case of multiple occupancy, indicate floor(s) occupied by insured: [ ] Basement [ ] First [ ] Second and/or above

    |Type of basement: [ ] None [ ] Unfinished [■] Finished   Is basement floodproofed? [ ] Yes [ ] No

    |Building elevated? [■] No [ ] Yes: Foundation area enclosure: [ ] None [ ] Breakaway walls [ ] Unfinished [■] Finished

    |Is risk under construction?    [■] No                 Prior condition of:

    |                           [ ] New building        Building: [ ] Poor [ ] Fair [■] Good [ ] Very Good

    |                           [ ] Improvement in progress   Contents: [ ] Poor [ ] Fair [■] Good [ ] Very Good

    |Foundation structure:

    |Piles:[11] Conc [12] Wood [13] Steel   Piers:[21] Reinf conc [22] Reinf block [23] Unreinf block [24] Brick [25] Other

    |[30] Wood posts   Walls:[■] Reinf conc [42] Block [43] Reinf conc shear [44] Treated plywood [45] Brick [46] Other

    |[50] Concrete slab   [60] Other

    |Exterior wall structure:              Exterior wall surface treatment:

    |[■] Reinf. concrete   [4] Steel and glass     [1] Unfinished     [■] Stucco       [5] Metal sheathing/siding

    |[2] Concrete block   [5] Brick or stone     [3] Stone/brick veneer   [4] Wood siding    [6] Vinyl sheathing/siding

    |[3] Wood stud       [6] Other             [7] Other

    |Contents are [ ] household       Contents located in [ ] basement [■] basement and first floor [ ] first floor

    |         [■] other than household            [ ] first floor and above [ ] second floor and above

    |Nearest body of water: PHILIPPINE SEA           Distance from risk: 1/2 MILE

ORIGIN |Was there a general and temporary condition of flooding: [ ] No: Explain fully under Remarks.

    |                                       [■] Yes: Indicate cause of loss -

    |Cause of loss:   [1] Tidal water overflow   [2] Stream, river, or lake overflow

    |                [3] Alluvial fan overflow   [■] Accumulation of rainfall or snowmelt

    |Flood Characteristics: [1] Velocity flow [■] Low velocity flow or ponding [3] Wave action [4] Mud flow [5] Erosion

    |Was flood associated with failure of a dam, storm drain

    | system,pump(s), other flood control measures, etc.?     [ ] Yes [■] No } If "yes" to either question, complete

    |Did other than natural cause contribute to flooding?      [ ] Yes [■] No } "Cause of Loss and Subrogation Report"

    |Date/time water entered building   12/08/02   04:00 PM     Water Height or Wave Action:     Exterior     Interior

    |Date/time water receded from building   12/09/02   04:00 PM     Main Building/Condo Assn:      1 INCHES    -38 INCHES

    |Length of time water remained in building   1 DAY      Appt. Building/Condo Unit: _____

_____                                    05010390

   01/20/03           BILL YOUNG      MATCHED      Adjuster's SSN     **RECEIVED**

   Date of Report         NFIP        JAN 21 2003                      **JAN 21 2003**

```
+------------------------------------------------------------------------------+
| INSURED  : GUAM MEDICAL PLAZA LP        DATE OF REPORT : 01/30/03            |
| LOCATION : 633 GOV. CARLOS CAMACHO      DATE OF LOSS   : 12/08/02            |
|          : TAMUNING, GU 96911           POLICY NUMBER  : 3000183910          |
+------------------------------------------------------------------------------+
| COMPANY  : TCS-THORNE CLAIMS SERVICE, INC   OUR FILE NUMBER: 03-038BY        |
|          : 9611 FLAMING OAK WAY             COMPANY CLAIM #:                 |
|          : FAIRFAX STATION, VA 22039        ADJUSTER NAME  : BILL YOUNG      |
| PHONE    : 703 690-6367                     SS NUMBER      : 05010390        |
+------------------------------------------------------------------------------+
```

### GUAM MED PLAZA

**CLAIM ASSIGNMENT:**

The loss was received on 1-10-03 and the insured was contacted within 24 hrs
The claim was inspected 1-14-03. The loss was inspected within 5 days.

**RISK:**

Insured risk is a 3 story medical building with the lowest floor being a
basement. The construction quality and cosmetic upkeep is good.
Risk is built on slab.
Insured Mr Michael Ysrael purchased property in 1999.
I spoke to Mr. Lynn Orlot (671 688-2798) who understood the restrictions
of basements. Mr. Orlot understood there would be NO content coverage of the
items damaged in the basement. The basement was used as the islands oncology
center. The equipment located in this center did not belong to insured. The
insured believed he had building coverage and this was what he was filing
for on this loss. Mr Orlot said he contacted the agent and there is a building
policy but that the carrier is unknown, at this time I have not heard from
the agent.

**MORTGAGE:**

Not applicable

**COVERAGE:**

2000 Dwelling policy in force. Basement restrictions apply, all four sides
below grade.
Declaration page shows C zone.

TCS-THORNE CLAIMS SERVICE, INC

EXHIBIT

6

```
+------------------------------------------------+------------------------------------------------+
| INSURED   : GUAM MEDICAL PLAZA LP              | DATE OF REPORT : 01/30/03                      |
| LOCATION  : 633 GOV. CARLOS CAMACHO            | DATE OF LOSS   : 12/08/02                      |
|           : TAMUNING, GU 96911                 | POLICY NUMBER  : 3000183910                    |
+------------------------------------------------+------------------------------------------------+
| COMPANY   : TCS-THORNE CLAIMS SERVICE, INC     | OUR FILE NUMBER: 03-038BY                      |
|           : 9611 FLAMING OAK WAY               | COMPANY CLAIM #:                               |
|           : FAIRFAX STATION, VA 22039          | ADJUSTER NAME  : BILL YOUNG                     |
| PHONE     : 703 690-6367                       | SS NUMBER      : 05010390                       |
+------------------------------------------------+------------------------------------------------+
```

GUAM MED PLAZA

**CAUSE OF LOSS:**

Heavy rains created by typoon Pongsona created a GCF in this area, flooding several homes and buildings and encompassed numerous acres.

**SUBROGATION:**

Subrogation does not apply. Flood due to act of nature.

**CONTENTS ADJUSTMENT:**

Basement water level measured 38 inches.
No covered damages basement restrictions.

**PRIOR LOSS:**

None.

**SALVAGE:**

Not applicable.

RECEIVED
FEB 10 2003

**RECOMMENDATIONS:**

Basement restriction for content item applied. No other content items damaged other than those items located in basement.
Please send a letter of denial for this reason.
Certification #05010390

MATCHED
FEB 10 2003

BILL YOUNG

TCS-THORNE CLAIMS SERVICE, INC

FEDERAL EMERGENCY MANAGEMENT AGENCY

THE NFIP REQUIRES THAT A PRELIMINARY REPORT BE RECEIVED WITHIN 15 DAYS OF ASSIGNMENT,

AND AN INTERIM OR FINAL REPORT NOT LATER THAN EVERY 30 DAYS THEREAFTER.

+-------------------------------------------------------+
| NATIONAL FLOOD INSURANCE PROGRAM PRELIMINARY REPORT |
+-------------------------------------------------------+

INSURED _____ GUAM MEDICAL PLAZA LP _____   POLICY NUMBER ___ 3000183910

PROPERTY ADDRESS __ 633 GOV. CARLOS CAMACHO, TAMUNING, GU 96911 ___   DATE OF LOSS ___ 12/08/02

MAILING ADDRESS __ 1475 SAN VITORES RD #267, TUMON, GU 96911 ___   CATASTROPHE NO. _____

INSURED TELEPHONE NUMBER: HOME _ 671 646-1384 ___ WORK _ 671 646-1384 ___   ADJ. FILE NO. __ 03-038BY

ADJUSTING COMPANY TCS-THORNE CLAIMS SERVICE, INC   TAX ID NO. ___ 522078845

ADJUSTER ADDRESS _ 9611 FLAMING OAK WAY, FAIRFAX STATION, VA 22039 ___   ADJ. PHONE NO. __ 541 840 2368

DATE LOSS ASSIGNED _01/10/03__   DATE INSURED CONTACTED _01/11/03__   DATE LOSS INSPECTED _01/14/03

ENCLOSURES|[ ] Building Worksheets ( )  [ ] Photographs ( )  [ ] Proof of Loss  [ ] Other _____
          |[ ] Contents Worksheets ( )  [ ] Narrative ( pt)  [ ] R/C Proof   [ ] Other

INSURANCE |Coverage verified from: [X] NFIP [ ] Agent's Daily [ ] Insured's Policy   Program: [ ] Emergency [X] Regular
          |Term _07/17/02__ to _07/17/03__  Edition: [ ] 95 [ ] 96 [ ] 97 [X] 00  Form: [ ] Dwelling [X] Gen Prop [ ] RCBAP
          |   +----------+              Coverage        Deductible              Reserve
          |   |RESERVES:|  Building      $     0.00    $     0.00          $      0.00
          |   +----------+  Contents      $  500000.00  $    500.00          $      0.00
          |ADVANCED PAYMENT REQUESTED? [ ] No [ ] Yes:  Building $ _____         Contents $ _____
          |If yes, Proof of Loss for amount of payment and supporting documentation must be submitted with this report.

RISK      |Type of   [ ] Single Family  [ ] 2-4 Family  [ ] Condo Assn  [ ] CondoUnit  [ ] Other Residential  [X] Non-residential
          |Building: [ ] Mobile Home: Make _____ Model _____ Serial No. _____
          |Occupancy: [ ] Owner  [X] Tenant  [ ] State government owned  [ ] Unoccupied  Residency:  [ ] Principal  [ ] Seasonal
          |Title verified? [ ] Yes  [X] No  Source of verification _____
          |Number of floors in building incl. basement: [ ] 1 [ ] 2 [X] 3 or more  Is building a split level? [ ] Yes [X] No
          |In case of multiple occupancy, indicate floor(s) occupied by insured: [ ] Basement  [ ] First  [ ] Second and/or above
          |Type of basement: [ ] None  [ ] Unfinished  [X] Finished  Is basement floodproofed? [ ] Yes [ ] No
          |Building elevated? [X] No  [ ] Yes: Foundation area enclosure: [ ] None  [ ] Breakaway walls [ ] Unfinished [X] Finished
          |Is risk under construction?    [X] No                    Prior condition of
          |                              [ ] New building           Building: [ ] Poor [ ] Fair [X] Good [ ] Very Good
          |                              [ ] Improvement in progress Contents: [ ] Poor [ ] Fair [X] Good [ ] Very Good
          |Foundation structure:
          |Piles:[11] Conc [12] Wood [13] Steel  Piers:[21] Reinf conc [22] Reinf block [23] Unreinf block [24] Brick [25] Other
          |[30] Wood posts    Walls: [XX] Reinf conc [42] Block [43] Reinf conc shear [44] Treated plywood [45] Brick [46] Other
          |[50] Concrete slab  [60] Other
          |Exterior wall structure:
          |[X] Reinf. concrete    [4] Steel and glass      Exterior wall surface treatment:
          |[2] Concrete block     [5] Brick or stone        [1] Unfinished       [X] Stucco       [5] Metal sheathing/siding
          |[3] Wood stud          [6] Other                 [2] Stone/brick veneer  [4] Wood siding  [6] Vinyl sheathing/siding
          |Contents are [ ] household     Contents located in  [ ] basement [X] basement and first floor [ ] first floor
          |             [X] other than household            [7] Other _____
          |                                                 [ ] first floor and above [ ] second floor and above
          |Nearest body of water: PHILIPPINE SEA                  Distance from risk: 1/2 MILE

ORIGIN    |Was there a general and temporary condition of flooding:  [ ] No:  Explain fully under Remarks.
          |                                                          [X] Yes: Indicate cause of loss -
          |Cause of loss:   [1] Tidal water overflow   [2] Stream, river, or lake overflow
          |                 [3] Alluvial fan overflow  [X] Accumulation of rainfall or snowmelt
          |Flood Characteristics: [1] Velocity flow  [X] Low velocity flow or ponding  [3] Wave action  [4] Mud flow  [5] Erosion
          |Was flood associated with failure of a dam, storm drain
          | system,pump(s), other flood control measures, etc.?     [ ] Yes  [X] No  ] If "yes" to either question, complete
          |Did other than natural cause contribute to flooding?     [ ] Yes  [X] No  ] "Cause of Loss and Subrogation Report"
          |Date/time water entered building 12/08/02  04:00 PM      Water Height or Wave Action:      Exterior    Interior
          |Date/time water receded from building 12/09/02 04:30 PM  Main Building/Condo Assn.:         1 INCHES   -38 INCHES
          |Length of time water remained in building  1 DAY         Appt. Building/Condo Unit:

MATCHED
FEB 2003

_____         _____         _____



**LOOD POLICY DECLARATIO**        AGENT COPY
06/25/2002                         NO.  3000183910
NATIONAL FLOOD INSURANCE PROGRAM
ROCKVILLE MD  20849-6468

RENEWAL

ISSUE DATE      6/25/2002

| AGENT'S NAME AND ADDRESS | NAMED INSURED AND MAILING ADDRESS |
|---|---|
| CALVO'S INSURANCE UNDERWRITERS<br>PO BOX CI<br>HAGATNA GU  96932 | GUAM MEDICAL PLAZA LP<br>RM 207 REGENCY HOTEL<br>1475 SAN VITROES RD<br>TUMON GU  96911 |

POLICY TERM: 1 YEAR(S)        INCEPTION: 7/17/2002      EXPIRATION: 7/17/2003
THESE DECLARATIONS ARE EFFECTIVE 7/17/2002     12:01 A.M. LOCAL TIME AT THE DESCRIBED LOCATION COVERED
BY THIS POLICY LOCATED AT THE ABOVE MAILING ADDRESS, UNLESS OTHERWISE STATED BELOW.

633 GOV CARLOS CAMACHO ST BLK 2
NEW 3 TRAC 10
TAMUNING GU  96911

## RATING INFORMATION

| | | | | |
|---|---|---|---|---|
| CONSTRUCTION DATE: | 01/01/1997 | COMMUNITY NAME: | GUAM, TERRITORY OF | |
| BUILDING DESCRIPTION: | NON-RESIDENTIAL | COMMUNITY NO.: | 6600010034B | COMMUNITY RATING: 10 |
| NO. OF FLOORS: | THREE OR MORE | PROGRAM STATUS: | REGULAR | RISK ZONE: C |
| BASEMENT DESCRIPTION: | FINISHED | CONDO TYPE: | NOT A CONDO | NO. OF UNITS: N/A |
| CONTENTS LOCATION: | BASEMENT AND ABOVE | | | ELEVATED BUILDING: NO |

LOWEST FLOOR ELEVATION:      N/A      BASE FLOOD ELEVATION:      N/A      RATING ELEVATION:      N/A

| LIMITS OF LIABILITY | BUILDING | NONE | DEDUCTIBLE AMOUNTS | BUILDING | N/A |
|---|---|---|---|---|---|
| | CONTENTS | $500,000 | | CONTENTS | $500 |

### RATES AND AMOUNT OF INSURANCE IN FORCE FOR BUILDING AND CONTENTS

| TYPE OF COVERAGE | BASIC | | | ADDITIONAL | | | DEDUCTIBLE BUYBACK/DISC. | TOTAL PREMIUM |
|---|---|---|---|---|---|---|---|---|
| | AMT. OF INS. | RATE | PREMIUM | AMT. OF INS. | RATE | PREMIUM | | |
| BUILDING | ----- | | | ----- | | | N/A | ----- |
| CONTENTS | 130,000 x | 1.20 = | $1,560 | 370,000 x | .50 = | $1,850 | $.00 | $3,410.00 |

FIRST MORTGAGEE NAME AND ADDRESS
BANK OF HAWAII
P O BOX BH
AGANA GU  96932

| | |
|---|---|
| PREMIUM SUBTOTAL | 3,410.00 |
| EXPENSE CONSTANT | 50.00 |
| FEDERAL POLICY FEE | 30.00 |
| TOTAL PREMIUM | $3,490.00 |

ENDORSEMENTS:

JAN 1 0 2003

| AGENCY NO. | PRODUCER NO. | AGENT PHONE NO. | PAYOR | COUNTERSIGNATURE |
|---|---|---|---|---|
| 0960000113 | | (671) 472-6816 | INSURED | |

# CALVO'S
## Insurance Underwriters, Inc.

Mailing Address: P.O. Box C I , Hagåtña, Guam 96932
Office: 115 Chalan Santo Papa, Hagåtña, Guam 96910
Phone: (671) 472-6816 Ext. 111 ◆ Fax: (671) 477-5273

| | |
|---|---|
| Date: | February 4, 2003 |
| To: | Donna Bowman<br>National Flood Insurance Program |
| Fax: | (800) 767-5574 |
| From: | Bertha Lizama<br>Commercial Lines Representative |
| Page: | 1 of 5 |
| Re: | **Guam Medical Plaza LLP**<br>**Policy No. 3000183910**<br>**Date of Loss: December 8, 2002** |

*2/14/03*
*Hi Donna,*
*Following up on this matter.*
*please respond.*
*thanks,*
*bertha*


**RECEIVED**
**FEB 1 4 2003**
BY:...........

# URGENT !

We had met with the adjuster Bill Young and was informed that several items that were indicated on our original application submitted to your office on June 16, 1998 were not covered under the policy. The original application indicated $500,000 on contents including improvements, electrical improvements, elevators, transformers and equipments. We also indicated that the electrical improvements and transformers were located in the basement. When we submitted the application, the intent was to cover all items.

Then on June 29, 1998, we received a letter from your office indicating that there was an underpayment of $5 in which we paid. There was no mention that the improvements, electrical improvements, elevators, transformers and equipments were not covered under this policy. Again, the intent was to cover all of items indicated.

The policy was then issued based on the full amount requested at $500,000. Our understanding when we received the policy was that the improvements, electrical improvements, elevators, transformers and equipments were covered under this policy.

The insured is now filing a claim and from our understanding with the adjuster Bill Young is that certain items will be denied. If certain items were not covered under this policy, then why were we not informed. The insured has paid 3 years of premium with the intention that the items indicated above were covered under this policy.

We attach a copy of the Application, Notice of Coverage Reduction Letter and Declarations Page of policy issued on July 17, 1998. We ask that your office review these documents and hope to settle this matter.

Should you have any questions, please call our office at the number indicated above.

We await your response.

**EXHIBIT**
**7**

# NATIONAL FLOOD INSURANCE PROGRAM
## Servicing Agent

February 12, 2003

Guam Medical Plaza LP
Rm 207 Regency Hotel
1475 San Vitroes Road
Tumon, GU 96911

Re:     Policy Number:  3000183910
        Date of Loss:    12/8/02

Dear Policyholder:

We are in receipt of the adjuster's closing report for the captioned flood claim. The adjuster advises that the flood damage was confined to the basement area of the building. The building was tenant occupied at the time of loss and the damaged contents were owned by the tenant.

Please refer to Standard Flood Insurance Policy, Section III Property Covered, paragraph B.3. where it lists the only contents items covered in a basement.

In addition, the adjuster stated that the damages being claimed were for building items. At the time of loss you did not have building coverage. Your policy included $500,000 coverage for contents only.

Since the building damage sustained was not covered at the time of the loss and the contents damaged was owned by the tenant, we have no choice but to deny your claim and close the file without payment.

You will have one (1) year from the date of this denial to file suit in the United States District Court for the district in which the insured property was located at the time of loss.

Waiving none, but reserving all rights and defenses under the policy, we remain,

Sincerely,

Donna Bowman
Claims Examiner
NFIP Servicing Agent

Duane Paulson
Claims Supervisor
NFIP Servicing Agent

cc      Thorne Claim Service

        Calvo's Insurance Underwriters
        PO Box CI
        Hagatna, GU 96932

EXHIBIT
8



**CALVO'S**

Insurance Underwriters, Inc.

Mailing Address: P.O. Box C 1, Hagåtña, Guam 96932
Office: 115 Chalan Santo Papa, Hagåtña, Guam 96910
Phone: (671) 472-6816 ◆ Fax: (671) 477-5273

Date:        February 25, 2003

To:          Edie Lohman
             NFIP - Manager

Fax:         (916) 780-7905

From:        Bertha Lizama
             Commercial Lines Representative

Page:        1 of 7

Re:          Guam Medical Plaza LP
             Policy No. 3000183910
             Date of Loss:  December 8, 2002

---

## URGENT

Attached is a copy of our fax dated 2/4/03 to examiner Donna Bowman regarding the captioned claim.  Our client had been denied coverage.  The original application submitted to NFIP indicated items such as improvements, electrical improvements, elevators, transformers and equipments to be covered under the NFIP policy issued. When the application was submitted the intent was to cover these items.  If these items are not covered under this policy, why were we not informed.  Why was the insured not informed when the application was submitted.

Therefore, we are requesting that your office review your files and reconsider payment for this claim.  We attach a copy of the application submitted to your office on 6/16/98 and various documents.

Should you have any questions or comments regarding this matter, please call our office at the number indicated above.

Thank you.

EXHIBIT
9



# NATIONAL FLOOD INSURANCE PROGRAM
### Servicing Agent

## FAX NUMBER (800)742-3148

## FACSIMILE TRANSMITTAL FORM

TO: BERTHA LIZAMA

FAX TELEPHONE NUMBER: 671 - 477 - 5973

DATE: 3/10/03      TIME: _____

FROM: DAVID ZAIKA - UNDERWRITING -

GUAM Medical PLAZA LP CLAIM - 3000183910

TRANSMITTING THIS PAGE PLUS _____ PAGES TO FOLLOW

DEAR BERTHA -

COMMENTS: I INQUIRED of your case to the FIMA UNDERWRITING Section. APPARENTLY THEIR DECISION IS to LEAVE the CLAIM CLOSED without PAYMENT STANDAS IS. - ABOUT your only option is to SUBMIT A cancellation form to this office one for each TERM AND RECEIVE a flat cancellation refund for each TERM DUE to No Insurable INTEREST IN CONTENTS.

IF YOU DO NOT RECEIVE THE TOTAL NUMBER OF PAGES LISTED ABOVE, PLEASE NOTIFY THE SENDER AT 800-638-6620 EXT._____
THANK YOU.

Caesar

**EXHIBIT**
10

# SMITH ORLOFF & ASSOCIATES

*International Insurance Loss Consultants / Adjusters Representing The Insured*

| | |
|---|---|
| 1488 Autumn Road | 196 Arden Road |
| Jenkintown, Pa. 19046 | Gulph Mills, Pa. 19428 |
| 215:886-1204 fax: 885-0179 | 610-526-2213 fax: 526-2218 |

E Mail: Lawins@aol.com
800-811-4008

TO: Mr. David Zaika

COMPANY: National Flood Insurance Program

FAX: 1-800-742-3148

DATE: March 14, 2003

RE: Guam Medical Plaza, LP

C/N: 3000183910

NUMBER OF PAGES INCLUDING COVER: 8

Dear Mr. Zaika,

The purpose of this fax is to respond to your fax of March 10, 2003 to Bertha Lizama of Calvo Insurance closing the file on the above captioned claim.

It is our belief that denying this claim is in error. The deck page of the policy (copy attached) indicates that the policy covers " a three story structure—". Further it states that the contents covered are "Improvements including electrical, improvements, elevator, transformers, and equipment". Our claim is for damage to the improvements, electrical etc.

Clearly there is a conflict in the policy which indicates on one hand that contents are insured and on the other hand that the building including electrical and improvements are insured. Both contract and insurance law state that if there is ambiguity in the document that the interpretation will be made against the drawer of the document. Further, if an insurance policy is capable of two interpretations one of which confers coverage and one of which does not, that the interpretation which grants coverage is the one which prevails.

Accordingly, we have attached our claim for the damages to the Guam Medical Plaza facility.

We await your reply

Very Truly Yours,

Len Orloff, Esq.
cc: Bertha Lizama 671-477-5273
     Michael Ysrael

**EXHIBIT**

*11*

**Guam Medical Center**

**Buildingt Estimate**

**Lower Level**

**Cancer/Radiology Area**

**Room 8x13.5x8**

| | | | |
|---|---|---|---|
| Sheetrock | 344 | $1.35 | $464.40 |
| Ceiling | 108 | $4.00 | $432.00 |

**Room 8x13.5x8**

| | | | |
|---|---|---|---|
| Sheetrock | 344 | $1.35 | $464.40 |
| Ceiling | 108 | $4.00 | $432.00 |

**Room 20x10x8**

| | | | |
|---|---|---|---|
| Sheetrock | 480 | $1.35 | $648.00 |
| Ceiling | 200 | $4.00 | $800.00 |

**Room 9x20x8**

| | | | |
|---|---|---|---|
| Sheetrock | 464 | $1.35 | $626.40 |
| Ceiling | 180 | $4.00 | $720.00 |

**Room 6x8x8**

| | | | |
|---|---|---|---|
| Sheetrock | 224 | $1.35 | $302.40 |
| Ceiling | 48 | $4.00 | $192.00 |

**Room 10x8x8**

| | | | |
|---|---|---|---|
| Sheetrock | 288 | $1.35 | $388.80 |
| Ceiling | 80 | $4.00 | $320.00 |

**Room 6x8x8**

| | | | |
|---|---|---|---|
| Sheetrock | 224 | $1.35 | $302.40 |
| Ceiling | 48 | $4.00 | $192.00 |

**Room 4x6x8**

| | | | |
|---|---|---|---|
| Sheetrock | 160 | $1.35 | $216.00 |
| Ceiling | 24 | $4.00 | $96.00 |

### Room 4x6x8

| | | | |
|---|---|---|---|
| Sheetrock | 160 | $1.35 | $216.00 |
| Ceiling | 24 | $4.00 | $96.00 |

### Room 7x17x8

| | | | |
|---|---|---|---|
| Sheetrock | 384 | $1.35 | $518.40 |
| Ceiling | 119 | $4.00 | $476.00 |

### Room 12x7x8

| | | | |
|---|---|---|---|
| Sheetrock | 304 | $1.35 | $410.40 |
| Ceiling | 84 | $4.00 | $336.00 |

### Room 8x8.5x8

| | | | |
|---|---|---|---|
| Sheetrock | 264 | $1.35 | $356.40 |
| Ceiling | 68 | $4.00 | $272.00 |

### Room 10x8x8

| | | | |
|---|---|---|---|
| Sheetrock | 256 | $1.35 | $345.60 |
| Ceiling | 60 | $4.00 | $240.00 |

### Room 8x14x8

| | | | |
|---|---|---|---|
| Sheetrock | 320 | $1.35 | $432.00 |
| Ceiling | 84 | $4.00 | $336.00 |

### Room 6x10.5x8

| | | | |
|---|---|---|---|
| Sheetrock | 264 | $1.35 | $356.40 |
| Ceiling | 63 | $4.00 | $252.00 |

### Room 6x11x8

| | | | |
|---|---|---|---|
| Sheetrock | 272 | $1.35 | $367.20 |
| Ceiling | 66 | $4.00 | $264.00 |

### Room 6x6x8

| | | | |
|---|---|---|---|
| Sheetrock | 192 | $1.35 | $259.20 |
| Ceiling | 36 | $4.00 | $144.00 |

### Room 15x9x8

| | | | |
|---|---|---|---|
| Sheetrock | 384 | $1.35 | $518.40 |
| Ceiling | 135 | $4.00 | $540.00 |

## Room 6x10x8

| | | | |
|---|---|---|---|
| Sheetrock | 256 | $1.35 | $345.60 |
| Ceiling | 60 | $4.00 | $240.00 |

## Room 9.5x20x8

| | | | |
|---|---|---|---|
| Sheetrock | 472 | $1.35 | $637.20 |
| Ceiling | 190 | $4.00 | $760.00 |

## Room 10x20x8

| | | | |
|---|---|---|---|
| Sheetrock | 480 | $1.35 | $648.00 |
| Ceiling | 200 | $4.00 | $800.00 |

## Room 11.5x9x8

| | | | |
|---|---|---|---|
| Sheetrock | 328 | $1.35 | $442.80 |
| Ceiling | 103.5 | $4.00 | $414.00 |

## Room 8.5x8.5x8

| | | | |
|---|---|---|---|
| Sheetrock | 272 | $1.35 | $367.20 |
| Ceiling | 72.25 | $4.00 | $289.00 |

## Room 8x17.5+8.5x9x8

| | | | |
|---|---|---|---|
| Sheetrock | 552 | $1.35 | $745.20 |
| Ceiling | 216.5 | $4.00 | $866.00 |

## Room 8x17.5x8

| | | | |
|---|---|---|---|
| Sheetrock | 408 | $1.35 | $550.80 |
| Ceiling | 140 | $4.00 | $560.00 |

## Room 24x17.5x8

| | | | |
|---|---|---|---|
| Sheetrock | 664 | $1.35 | $896.40 |
| Ceiling | 420 | $4.00 | $1,680.00 |

## Room 13x11+6x11x8

| | | | |
|---|---|---|---|
| Sheetrock | 560 | $1.35 | $756.00 |
| Ceiling | 209 | $4.00 | $836.00 |

## Room 9x6x8

| | | | |
|---|---|---|---|
| Sheetrock | 224 | $1.35 | $302.40 |
| Ceiling | 54 | $4.00 | $216.00 |

### Room 15.5x14x8

| | | | |
|---|---|---|---|
| | 472 | $1.35 | $637.20 |
| Sheetrock | 217 | $4.00 | $868.00 |
| Ceiling | | | |

### Room 4x5x8

| | | | |
|---|---|---|---|
| | 144 | $1.35 | $194.40 |
| Sheetrock | 20 | $4.00 | $80.00 |
| Ceiling | | | |

### Room 4x5x8

| | | | |
|---|---|---|---|
| Sheetrock | 144 | $1.35 | $194.40 |
| Ceiling | 20 | $4.00 | $80.00 |

### Room 9x13+5x4.5x8

| | | | |
|---|---|---|---|
| Sheetrock | 424 | $1.35 | $572.40 |
| Ceiling | 139.5 | $4.00 | $558.00 |

### Room 5x6x8

| | | | |
|---|---|---|---|
| Sheetrock | 176 | $1.35 | $237.60 |
| Ceiling | 30 | $4.00 | $120.00 |

### Room 8x6x8

| | | | |
|---|---|---|---|
| Sheetrock | 224 | $1.35 | $302.40 |
| Ceiling | 48 | $4.00 | $192.00 |

### Room 5.5x8+17x13x8

| | | | |
|---|---|---|---|
| Sheetrock | 592 | $1.35 | $799.20 |
| Ceiling | 265 | $4.00 | $1,060.00 |

### Room 21x12-5x5

| | | | |
|---|---|---|---|
| Sheetrock | 528 | $1.35 | $712.80 |
| Ceiling | 227 | $4.00 | $908.00 |

### Room 5x5x8

| | | | |
|---|---|---|---|
| Sheetrock | 160 | $1.35 | $216.00 |
| Ceiling | 25 | $4.00 | $100.00 |

### Halls 130x6x8

| | | | |
|---|---|---|---|
| Sheetrock | 2176 | $1.35 | $2,937.60 |
| Ceiling | 780 | $4.00 | $3,120.00 |

### Isla Office

#### Room 11x15x8

| | | | |
|---|---|---|---|
| Sheetrock | 416 | $1.35 | $561.60 |
| Ceiling | 165 | $4.00 | $660.00 |

#### Room 15x17x8

| | | | |
|---|---|---|---|
| Sheetrock | 512 | $1.35 | $691.20 |
| Ceiling | 255 | $4.00 | $1,020.00 |

#### Room 10x15x8

| | | | |
|---|---|---|---|
| Sheetrock | 400 | $1.35 | $540.00 |
| Ceiling | 150 | $4.00 | $600.00 |

#### Room 24x21x8

| | | | |
|---|---|---|---|
| Sheetrock | 720 | $1.35 | $972.00 |
| Ceiling | 504 | $4.00 | $2,016.00 |

#### Room 15x18x8

| | | | |
|---|---|---|---|
| Sheetrock | 528 | $1.35 | $712.80 |
| Ceiling | 270 | $4.00 | $1,080.00 |

#### Hall 9x7x8

| | | | |
|---|---|---|---|
| Sheetrock | 256 | $1.35 | $345.60 |
| Ceiling | 63 | $4.00 | $252.00 |

Bath 5.5x8.5x8

| | | | |
|---|---|---|---|
| Sheetrock | 224 | $1.35 | $302.40 |
| Ceiling | 46.75 | $4.00 | $187.00 |

#### Main Hall 78x8x8

| | | | |
|---|---|---|---|
| Sheetrock | 1344 | $1.35 | $1,814.40 |
| Ceiling | 468 | $4.00 | $1,872.00 |

**Miscellaneous**

| | | | |
|---|---|---|---|
| Replace Studs | 1675 | $9.50 | $15,912.50 |
| Replace Plates | 3100 | $2.25 | $6,975.00 |
| Replace Wiring | 4500 | $5.25 | $23,625.00 |
| Replace Main Elec&Breakers | 1 | $87,500.00 | $87,500.00 |
| Repair Elevator Bank | 1 | $65,000.00 | $65,000.00 |
| Mildew Treat Floor | 4500 | $0.75 | $3,375.00 |
| Mildew Treat Walls | 11048 | $0.75 | $8,286.00 |
| Mildew Treat Ceiling | 4500 | $0.75 | $3,375.00 |

**Stairwells Categories**

| | | | |
|---|---|---|---|
| Mildew Treat Walls | 480 | $0.75 | $360.00 |
| Mildew Treat Floor | 352 | $0.75 | $264.00 |

**General**

| | | | |
|---|---|---|---|
| Clean & Mildew Parking Area | 1 | $5,500.00 | $5,500.00 |
| Clean Drains | 1 | $2,750.00 | $2,750.00 |
| Demo/Debris | 1 | $25,000.00 | $25,000.00 |
| | | | $301,124.90 |
| Overhead | | | $30,112.49 |
| | | | $331,237.39 |
| Profit | | | $33,123.74 |
| | | | $364,361.13 |
| Tax | | | $14,574.45 |
| | | | $378,935.57 |

**From:** Sadler, Jim
**Sent:** Thursday, May 01, 2003 11:19 AM
**To:** Don Beaton (E-mail)
**Cc:** Nelson, Ken; Paulson, Duane
**Subject:** Guam Medical Plaza

  

Guam Med Plaza    Guam Med Plaza
App.tif          App 2.tif

Dear Don,

I hope all is well with you. We were presented with a claim for building items under a contents-only policy. We learned in the course of the handling of the claim that the named insured is the owner of the building, which is leased to the Cancer Institute of Guam. I am sending you the obverse and reverse of the application. Because of, I believe a misunderstanding, the policyholder now has a policy that will pay him nothing.

Here are some of the particulars:
- The building was built beginning January 1, 1997,
- The effective date of coverage was July 17, 1997, and
- The tenant has a policy with Lloyds of London*,
- While the policyholder asked for contents only, it is clear that coverage for "improvements" that was requested did not mean tenant's improvements, as we know them in the insurance industry. In addition to the fact that the named insured is the owner and not the tenant, is the fact that the electrical equipment and elevator were a part of the original construction or made by the owner and not "improvements" made by the tenant.

The policyholder would ask your permission to reform this policy to a building policy that, but for the misunderstanding, was the policyholders original intention. *If reformation is allowed, we will verify before payment that the tenant did not make claim for any of the building items we will consider for payment. We recognize that in a medical facility, especially in an oncology facility, special electrical supply needs may be required. To the extent that a claim is paid to the tenant for any building items we will not allow them under the reformed policy.

Perhaps we can catch up during the Conference.

Thank you.

Jim

1

EXHIBIT

12



# NATIONAL FLOOD INSURANCE PROGRAM
Servicing Agent

May 22, 2003

Guam Medical Plaza LP
Rm 207 Regency Hotel
1475 San Vitroes Rd
Tumon GU 96911

Re:   Policy Number:  3000183910
      Date of Loss:   12/08/2002

Dear Policyholder:

After further review of your case by the Federal Insurance and Mitigation Administration, we must respectfully maintain our denial of the captioned flood claim.

Your Flood Insurance Application specifically requested Contents Only coverage. You do not qualify for tenant improvements coverage under the flood policy because you are the owner of the building. Section III. Property Covered B. Coverage B - Personal Property, 7. of the Standard Flood Insurance Policy - General Property Form states:

"If you are a tenant, you may apply up to 10 percent of the Coverage B limit to improvements:

a.    Made a part of the building you occupy; and
b.    You acquired or made at your expense, even though you cannot legally remove them."

Consequently, no coverage is available to you for building related items under this claim and we must respectfully maintain our February 12, 2003 denial.

Following their review, the Federal Insurance and Mitigation Administration has instructed us to void this policy and afford a full refund of premiums paid back to the policy inception date. We will be initiating this action and the refunds will be generated shortly.

We are required to notify you that you have one year from the date of our February 12, 2003 denial to file suit in the United States District Court for the district in which the insured property was located at the time of loss.

Waiving none, but reserving all rights and defenses under the policy, we remain,

Sincerely,

Duane Paulson
Claims Supervisor
NFIP Servicing Agent

cc    Smith Orloff & Associates
      Calvo's Insurance Underwriters

---

**P.O. Box 6468 • Rockville, MD  20849-6468 • (800) 638-6620**

**NATIONAL CON-SERV, INC., under contract with the FEDERAL EMERGENCY MANAGEMENT A**
**is the Servicing Agent for the National Flood Insurance Program.**

EXHIBIT

13

| **1488 Autumn Road** | | **196 Arden Road** |
| Jenkintown, Pennsylvania 19046 | | Gulph Mills, Pennsylvania 19428 |
| Tel: 215-886-1204  Fax: 215-885-0179 | **800-811-4008** | Tel: 610-526-2213  Fax: 610-526-2218 |
| **e-mail:** orloff@smithorloff.com | | **e-mail: smith@smithorloff.com** |
| Respond to _x_ | | Respond to __ |

Mr. Duane Paulson
National Flood Program
Claims Supervisor
P.O. Box 6468
Rockville, MD. 20849-6468

re: Guam Medical Plaza
    DOL 12/8/2002

June 16, 2003

Dear Mr. Paulson,

I was extremely disappointed to receive your denial of the above captioned loss.

I do understand the logic of the denial as far as the explanation went. However, you have not addressed the issue that I raised in my letter of April 2, 2003. Specifically, you have not explained how you could possibly deny coverage when the declaration page clearly states that coverage exists for "electrical improvements, elevators, transformers and equipments", the very items that were damaged and for which we submitted our claim.

I strongly urge you to reconsider your denial.

Very truly yours,

Leonard Orloff, Esquire

cc: Stanley W. Smith
    Michael Ysrael

LO/tg

**RECEIVED**

JUN 1 9 2003

MATCHED

JUN 1 9 2003

EXHIBIT

_14_



# NATIONAL FLOOD INSURANCE PROGRAM
### Servicing Agent

June 23, 2003

Leonard Orloff, Esquire
Smith Orloff & Associates
1488 Autumn Road
Jenkintown PA 19046

Re:  Insured:      Guam Medical Plaza LP
     Policy Number: 3000183910
     Date of Loss:  12/08/2002

Dear Mr. Orloff:

We are in receipt of your June 16, 2003 correspondence regarding the captioned flood claim.

The Policy Declaration does not "state that coverage exists for "electrical improvements, elevators, transformers and equipments." The submitted Flood Insurance Application does list these items as personal property and refers to them as "improvements." This was construed as a request for coverage for tenant improvements which are allowed under Contents Coverage as outlined in our May 22, 2003 letter.

Section VII. General Conditions B.4.b. of the Standard Flood Insurance Policy states "This policy is also void for reasons other than fraud, misrepresentation, or wrongful act. This policy is void from its inception and has no legal force under the following conditions: b. If the property listed on the application is otherwise not eligible for coverage under the NFIP." Because Guam Medical Plaza LP is not a tenant and no building coverage is carried under the captioned policy, coverage cannot be extended for the "improvements" listed on the Flood Insurance Application.

We must respectfully maintain our previous denial of the claim and the file remains closed without payment. The Insured has one year from the date of our February 12, 2003 denial to file suit in the United States District Court for the district in which the insured property was located at the time of loss.

Waiving none, but reserving all rights and defenses under the policy, we remain,

Sincerely,

Duane Paulson
Claims Supervisor
NFIP Servicing Agent

cc   Guam Medical Plaza LP
     Calvo's Insurance Underwriters

P.O. Box 6468 • Rockville, MD 20849-6468 • (800) 638-6620

NATIONAL CON-SERV, INC., under contract with the FEDERAL EMERGENCY MANAGEMENT
is the Servicing Agent for the National Flood Insurance Program.

Case 1:03-cv-00035     Document 14-2     Filed 09/10/2004     Page 32 of 34

EXHIBIT

15

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF GUAM

Guam Medical Plaza, L.P.,   )   Civil Case Number 03-00035
            )
   Plaintiff      )
            )
v.           )   **DECLARATION OF**
            )   **ROBERT S. BROCK**
Calvo's Insurance Underwriters, Inc. )
And Michael D. Brown, Under  )
Secretary, Federal Emergency  )
Management Agency,    )
            )
   Defendants.    )

## DECLARATION OF ROBERT S. BROCK

 I, Robert S. Brock, the undersigned, state and declare as follows:

 1. I currently hold the position of Associate General Counsel for General Law in the Office of General Counsel, Department of Homeland Security, Federal Emergency Management Agency (FEMA). I have held that position for approximately nine (9) years.

 2. The Under Secretary of the Department for Homeland Security, Federal Emergency Management Agency (FEMA or the Agency) has delegated to the General Counsel, FEMA the authority to consider, ascertain, adjust, determine, compromise and settle any administrative claims for money damages against the United States for injury or loss of property or personal injury or death caused by the negligent or wrongful act or omission of any employee of the FEMA who is acting within the scope of his employment at the time of the alleged act.

 3. My responsibilities as Associate General Counsel for General Law include acting as the General Counsel's designee to consider, ascertain, adjust, determine,



compromise and settle any administrative claims for money damages against the United States for injury or loss of property or personal injury or death caused by the negligent or wrongful act or omission of any employee of FEMA who is acting within the scope of his employment at the time of the alleged act.

4. FEMA's Office of General Counsel (OGC) is designated at 44 C.F.R. §11.11(b) as the addressee of all administrative tort claims against the Agency.

5. OGC has in place routine procedures for handling of administrative claims filed Under the Federal Tort Claims Act (FTCA).

6 When an administrative claim for money damages pursuant to the FTCA is received in OGC, the claim is dated, logged into a central docket, and the claim is investigated and processed directly under my authority. The FTCA claims, their files, and the docket for those claims are currently and have for the past nine years been under my direct control and official responsibility.

7. I reviewed the FTCA administrative claims received in OGC from October 2000 to the present. Based on a review of the OGC's FTCA files and my current knowledge, Guam Medical Plaza, L.P. did not file an administrative tort claim under the FTCA during this time period nor did any person acting on behalf of Guam Medical Plaza, L.P. file an administrative tort claim under the FTCA during this period of time.

In accordance with 28 U.S.C. §1746, I hereby declare and affirm under penalty of perjury that the above statements are true and correct.

Signed this ___ X th day of September 2004

Robert S. Brock
Associate General Counsel for
General Law