TEKER TORRES & TEKER, P.C.
SUITE 2A, 130 ASPINALL AVENUE
HAGÅTÑA, GUAM 96910
TELEPHONE: (671) 477-9891~4
FACSIMILE: (671) 472-2601

*Attorneys for Plaintiff*



IN THE DISTRICT COURT OF GUAM

| | |
|---|---|
| GUAM MEDICAL PLAZA, L.P., | CIVIL CASE NO. 03-00035 |
| Plaintiff, | |
| vs. | **PLAINTIFF'S OPPOSITION TO DEFENDANT MICHAEL D. BROWN, UNDER SECRETARY, FEDERAL EMERGENCY MANAGEMENT AGENCY'S MOTION TO DISMISS** |
| CALVO'S INSURANCE UNDERWRITERS, INC. and MICHAEL D. BROWN, UNDER SECRETARY, FEDERAL EMERGENCY MANAGEMENT AGENCY, | |
| Defendants. | |

## FACTS

On June 24, 1998, Plaintiff submitted an application for flood insurance. The application requested contents coverage and specific items for coverage were listed by Plaintiff in the space provided in the application. The application was submitted by Plaintiff's Agent, Defendant Calvo's Insurance Underwriters, Inc. ("Calvo's"). The policy was renewed annually and was in force on December 8, 2002 when Super Typhoon Pongsona struck the island of Guam. After the typhoon, on January 10, 2003, Plaintiff, through its Agent, Calvo's, submitted a Notice of Loss to

**ORIGINAL**

the Federal Insurance and Mitigation Administration ("FIMA") an administration within the Federal Emergency Management Agency ("FEMA") under coverage provided through plaintiff's Standard Flood Insurance Policy ("SFIP").

On January 10, 2003, the Notice of Loss was acknowledged by FEMA and they assigned Thorne Claim Service as its adjuster. Bill Young of Thorne Claim Service inspected the property four (4) days later on January 14, 2003. Mr. Young met with Leonard Orloff, one of Plaintiff's public adjusters hired by Plaintiff to assist it in resolving the claim. After review of the damaged areas, Mr. Orloff was informed that the claim would be denied because of a lack of coverage. Mr. Young's preliminary report was prepared and received by FEMA on January 22, 2003 which stated there was no coverage.

In response to the knowledge that coverage under the NFIP was being denied Plaintiff contacted its Agent, Calvo's to assist with the claim. On February 4, 2003, Calvo's prepared and sent a fax to Donna Bowman of the NFIP regarding the claim and disputing the denial of coverage. On February 12, 2003, NFIP sent a formal denial letter citing various reasons for its denial. None of those reasons included the failure to file a Sworn Proof of Loss. That same letter specifically stated that Plaintiff had one (1) year from the date of the denial letter to file suit. On February 25, 2003, Bertha Lizama of Calvo's, sent a fax to the NFIP manager, Eddie Lowman requesting that his office review the Claim and reconsider its denial. Ms. Lizama received a response from David Zaika of NFIP which stated that the decision to leave the claim closed without payments stood due to no insurable interest in contents. Again the response made no reference to any failure to file a Sworn Proof of Loss.

On March 14, 2003, Mr. Orloff sent a letter to Mr. Zaika of NFIP responding to his fax to Ms Lizama of Calvo's setting forth why there was coverage and also attaching documentation

TEKER TORRES & TEKER, P.C.
SUITE 2A, 130 ASPINALL AVENUE
HAGÅTÑA, GUAM 96910
TELEPHONE: (671) 477-9891

M:\COMMON\USERS\Guam Medical Plaza 012 PLD.wpd -2-

Case 1:03-cv-00035   Document 18   Filed 10/21/2004   Page 2 of 14

on the financial losses. Subsequently, on May 22, 2003, NFIP again upheld the denial on the basis that no coverage was available for the lost items. Nowhere in the May 22, 2003 letter did the NFIP state that the denial was for the failure to submit a Sworn Proof of Loss. Thereafter, a reconsideration request letter was sent by Mr. Orloff to Duane Paulson on June 16, 2003. Mr. Paulson responded to Mr. Orloff sustaining the NFIP's previous denial of the claim and stating that the insured had one (1) year from the date of the February 12, 2003 denial to file a suit in the United States District Court "in which the insured property was located at the time of loss." Nowhere in the June 23, 2003 letter does it base its denial on the failure to submit a Sworn Proof of Loss. Following up on the statements in the denial letters, Plaintiff filed its Complaint in this matter on October 31, 2003. (*See Declaration of Michael Ysrael attached hereto as Exhibit "1"*)

## POINTS AND AUTHORITIES

**A. Estoppel.** Plaintiff's claim for flood losses incurred as a result of Super Typhoon Pongsona were denied by FEMA due to lack of coverage for contents and no insurable interest. FEMA, in its motion, now asserts that Plaintiff is barred from recovery due to failure to file a Sworn Proof of Loss.

NFIP is estopped from asserting that the Plaintiff is jurisdictionally barred from recovering under the flood policy because it failed to file a timely Sworn Proof of Loss. The doctrine of estoppel applies in insurance cases if the insured can show that it was, in some manner, mislead by the actual statements of the insurer, or its agents, upon a showing that it relied on the conduct or misrepresentation and a further showing that it was prejudiced thereby. *Schoonover vs. American Family Insurance Company*, 572 N.E. 2d 1258 (1991), appeal after remand, 595 N.E. 2d 230 (1992). The doctrine of estoppel rests on grounds of public policy, fair dealing, good faith and justice and its purpose is to forbid one from speaking against his or her own acts or representations

or commitments to the detriment of one whom such conduct or statements were directed and who reasonably relied on them. *Caldonias Sand and Gravel Campbell*, 39 ALR 3d 121 (1969).

From an insurance standpoint, estoppel is based on the alleged ignorance of the insured that invokes the estoppel, charges of misleading representations or conduct on the part of the insurer, and an innocent or deleterious change of position by the insured and reliance on the insurer's conduct or statements, i.e., it may arise where there is no intent by the insurer to mislead. *Aims vs. Crown Life Insurance Company of Toronto*, 406 N.E. 2d 222 (1980). In short, it is the effect upon the insured that gives vitality to the charge of estoppel by an insurer and against the insurer's effort to charge the insured with breach of contract. *Hartford Accident and Indemnity Company vs. DEF Bast, Incorporated*, 372 N.E. 2d 829 (1977).

On January 14, 2003, Mr Orloff was informed by Mr. Young that there was no coverage and, thus, the claim would be denied. On January 30, 2003, Mr. Young filed his final report which indicated there was no insurable interest in the contents. At that point Plaintiff's representatives felt no need to file a Sworn Proof of Loss since none would be considered. Equitable tolling should apply to protect the insured claim until such time as the issue of coverage is resolved. *See Guam Housing and urban Renewal Authority vs. Dongbu Insurance Co., Ltd.*, 2001 Guam 24. With the knowledge that denial would be based on no coverage the Plaintiff enlisted the help of its Agent, Calvo's, to have the issue of coverage reevaluated. Calvo's then sent a letter to FEMA on February 4, 2003. However, on February 12, 2003, a formal denial letter was sent to Plaintiff indicating that the contents were owned by the tenant and the personal property in the basement was not covered. The parties continued to go back and forth in review and re-review of the denial. In additional denial letters from FEMA dated May 22, 2003 and June 23, 2003, FEMA made it clear that the denials would be upheld for a lack of coverage or no insurable interest in the losses. At no

TEKER TORRES & TEKER, P.C.
SUITE 2A, 130 ASPINALL AVENUE
HAGÅTÑA, GUAM 96910
TELEPHONE: (671) 477-9891

M:\COMMON\USERS\Guam Medical Plaza 012 PLD.wpd -4-

Case 1:03-cv-00035  Document 18  Filed 10/21/2004  Page 4 of 14

time did FEMA assert that a failure to file a Sworn Proof of Loss was a basis of the denial although they have now raised that in their Motion as the basis for dismissal of this claim.

FEMA always communicated to Plaintiff in its denials that Plaintiff did not have insurable interest in the contents of the building and did not have coverage. Plaintiff disputes that it did not have coverage because in the application Plaintiff checked the box Contents and identified specific content items in the space provided for that additional information. The dispute in this case is about coverage and whether or not Plaintiff's claim was wrongfully denied. However, FEMA has now taken the position that a failure to provide a Sworn Proof of Loss is jurisdiction and precludes any review by this Court.

When insurers have two or more grounds on which to avoid liability, any notice given the insured as to grounds for denying or avoiding liability should embrace all such grounds, under penalty of the insured being deemed to have waived any ground not specified. *Reilly vs. New York Life Insurance Company*, 47 P.2d 840 (1935).

Plaintiff asserts that FEMA is estopped from arguing that failure to file a Sworn Proof of Loss precludes of review coverage. The Sworn Proof of Loss is to fix the claim amount from which the evaluation and assessment of the losses is done. In this case, there was no evaluation of the losses because after the site review on January 14th it was communicated to Plaintiff that there was no coverage. Furthermore, none of the letters of denial stated that the failure to file a Sworn Proof of Loss was the basis for denial of the claim, although they now assert it. FEMA's actions and Plaintiff's reliance of FEMA's denial statements mans FEMA is estopped to take such a position when it has failed to identify that as a basis for denial of the claim.

Good faith on the part of the insurer requires that it point out the details in which a notice of proof of loss is insufficient under the contract and, thereupon, give the insured an

TEKER TORRES & TEKER, P.C.
SUITE 2A, 130 ASPINALL AVENUE
HAGÅTÑA, GUAM 96910
TELEPHONE: (671) 477-9891

M:\COMMON\USERS\Guam Medical Plaza\012-PLD.wpd -5- 

Case 1:03-cv-00035   Document 18   Filed 10/21/2004   Page 5 of 14

opportunity to correct these defects. Thus, good faith does not permit an insurer to be silent and evasive under such circumstances. *Johnson vs. Scottish Union*, 160 Tenn. 152, 22, S.W. 2d 362 (1929). On March 14, 2003, Plaintiff's agent, Mr. Orloff, sent a letter to FEMA and attached documentation of the losses. Arguably, what was attached there fixes the amount of the claim and constitutes a Proof of Loss. FEMA responded to Mr. Orloff but made no mention of the attached loss statement. FEMA had an obligation to act in good faith and should have informed the Plaintiff that it would accept the document as a Proof of Loss to fix them amount of claim but required that it correct its defect and resubmit it as a Sworn Proof of Loss. If FEMA intended to raise the failure to file a Sworn Proof of Loss it should have, in good faith, pointed out the defective nature of Mr. Orloff's attachment.

When an insured has attempted to file a proof of loss, albeit in a defective or insufficient manner, the burden is upon the insurer to make proper objections or it may be deemed to have waived the defect or insufficiency. *Federal Land Bank vs. Rocky Mountain Fire Ins. Co.*, 85 Mont. 405, 279 P.239 (1929). Moreover, it has been held that an insurer which accepts proofs under a reservation of rights, but without objection to the proof's sufficiency, has waived its right to later reject the proofs due to an insufficiency or incompleteness. *A&S Corp. vs. Centennial Ins. Co.*, 242 F.Supp. 584 (N.D.IL. 1965). Thus, in this case, the lack of good faith conduct by FEMA in not addressing the defective nature of the proof of claim also precludes it from raising the defense in this motion.

While no affirmative act by an insurer is necessary in order for a forfeiture to occur, when the insurer <u>does</u> gain the right to assert a forfeiture, it will <u>not</u> be permitted to do an act entirely inconsistent with that right and, at the same time, claim the forfeiture. *Adam vs. Columbian Natl. Life Ins. Co.*, 218 Ill. App. 54 (1st Dist. 1921). Thus, an insurer will not be permitted to lull an

TEKER TORRES & TEKER, P.C.
SUITE 2A, 130 ASPINALL AVENUE
HAGÅTÑA, GUAM 96910
TELEPHONE: (671) 477-9891

insured into a false state of security, and into position that the insured would not have taken, but for, the insurer's misleading conduct. *Lee vs. Ohio Casualty Ins. Co.*, 373 N.E. 2d 1027 (4th Dist. 1978).

**B. Waiver.** FEMA has waived its right to claim a jurisdictional defense based upon failure to file a Sworn Proof of Loss. Furthermore, it has also waived its right to assert that Plaintiff did not have coverage for the items identified in the 1998 application it reviewed and approved. An insurer is estopped from raising a coverage defense if it lulled the insured into a false sense of security. Uncontroverted proof of the insurer's waiver is not required; rather, the insured need only establish those facts which would render enforcement of the coverage defense unjust, inequitable, or unconscionable. *Id.* at 1031.

Waiver is essentially unilateral and is a legal consequence of the insurer's conduct, i.e., no act of the insured is necessary to complete a finding of waiver by the insurer. *Western Casualty Insurance Company vs. Brochu*, 475 N.E. 2d 872 (1985). Strong proof is not required of waiver. It is founded in the subtle operation of mind and speech, i.e., it may arise by expression but more often by implication. *Downing vs. Wolverine Insurance Company*, 210 N.E. 2d 603 (1965). In instances of implied waiver, policy right may be less when the insurer induces its insured to believe that there is no need to comply with certain policy provisions but that such provisions will not be enforced. *Downing supra* at 606. Thus, if the insurer having knowledge of the loss, and, by some act of representation, throws its insured off-guard as to the necessity of fulfilling some policy requirement, the insurer should not be permitted to take advantage of the insured's failure to act. *Fedas vs. Insurance Company of the State of Pennsylvania*, 151 A. 285, 300 (1930). FEMA never stated that the failure to file a Sworn Proof of Loss was the basis for denial. However, they now wrongfully assert that that basis should preclude this matter from being heard by the Court.

FEMA seeks to forfeit the insured's policy rights by stating that there was no

TEKER TORRES & TEKER, P.C.
SUITE 2A, 130 ASPINALL AVENUE
HAGÅTÑA, GUAM 96910
TELEPHONE: (671) 477-9891

coverage. However, their form application provides a specific open area under contents for the applicant to write in items of coverage which are not personal property. FEMA argues that Plaintiff purchased a policy for contents only *(See Declaration of Donald R. Beaton at paragraph 3)* for which it had no insurable interest. Plaintiff sought coverage for "improvements including electrical improvements, elevators, transformers and equipment." However, FEMA reviewed the application and even deemed that an additional Five Dollars ($5.00) was due for the coverage requested. Thus, FEMA is not only estopped but has also waived its right to assert the defense of failure to provide a Sworn Proof of Loss and to allege that there was coverage only for contents and not the building.

Whether the Plaintiff had an insurable interest in the content items is a question of fact for this Court to determine after an evidentiary hearing. *Hane vs. Hellock Farmers Mutual Insurance Company*, 258 N.E. 2d 779 (1979). Whether insurance was obtained in good faith depends upon the facts and circumstances at the time of the procurement of the insurance. FEMA accepted the application for flood insurance on June 24, 1998 and reviewed the policy. After review of the policy, it determined that there had not been an adequate premium paid for the insurance requested and informed the Plaintiff that it owed an additional Five Dollars ($5.00) for the coverage it requested, which Plaintiff paid. FEMA obtained premiums from Plaintiff for over five (5) years when the Plaintiff was hit with a flood as a result of Super Typhoon Pongsona and filed its claim, it was then told that it had no coverage. Donald R. Beaton, in his Declaration at paragraph 4, states that the National Flood Insurance Program relies on the information provided by the applicant or his Agent to issue the policy but then subsequently argues that Plaintiff should have requested building insurance for the items it wanted insured. Clearly someone reviewed the application and determined that the premiums were incorrect and saw what was requested for coverage to the extent that the Plaintiff and its agent, Calvo's, erred in the submission of the application form provided that

TEKER TORRES & TEKER, P.C.
SUITE 2A, 130 ASPINALL AVENUE
HAGÅTÑA, GUAM 96910
TELEPHONE: (671) 477-9891

M:\COMMON\USERS\Guam Medical Plaza 012\Pl.Dwnd 18 -8-

Case 1:03-cv-00035    Document 18    Filed 10/21/2004    Page 8 of 14

error was waived when the policy was reviewed by FEMA and insurance was issued and premiums were accepted over the following five years.

Unanticipated forfeitures of insured's property rights are not looked upon with favor by Courts. Courts will examine whether the insured has waived its right to assert a forfeiture in an effort to prevent the insured from avoiding payment because of the insured's failure to comply with some requirement of the policy. *Bank of Lands vs. Schultz*, 248 N.E. 2d 813 (1969). While no affirmative act by the insurer is necessary in order for a forfeiture to occur, when the insurer does not gain a right to assert a forfeiture, it will not be permitted to do an act entirely inconsistent with its right and at the same time, claim the forfeiture. *Adam vs. Columbian National Life Insurance Company*, 218 Ill. App. 54 (1921). Thus, an insurer that waives a forfeiture is bound to the contract as though no forfeiture had occurred.

Reviewing all facts in a light most favorable to the Plaintiff, in light of the doctrines of estoppel, waiver and equitable tolling, FEMA's Motion to Dismiss or for Summary Judgment should be denied regarding Defendant's motion arguments in sections I, IIA, IIB, IIC.

**C. Attorney's fees and costs.** Awarding of attorney's fees and costs are within the discretion of the Court and Defendant's Motion for Dismissal or for Summary Judgment on this issue should be denied.

Respectfully submitted this 19th day of October, 2004.

TEKER TORRES & TEKER, P.C.

By /s/ PHILLIP TORRES
PHILLIP TORRES, ESQ.
*Attorneys for Plaintiff*

# EXHIBIT 1

**TEKER TORRES & TEKER, P.C.**
SUITE 2A, 130 ASPINALL AVENUE
HAGÅTÑA, GUAM 96910
TELEPHONE: (671) 477-9891 ~ 4
FACSIMILE: (671) 472-2601

*Attorneys for Plaintiff*

IN THE DISTRICT COURT OF GUAM

| | |
|---|---|
| GUAM MEDICAL PLAZA, L.P., | CIVIL CASE NO. 03-00035 |
| Plaintiff, | |
| vs. | **DECLARATION** |
| CALVO'S INSURANCE UNDERWRITERS, INC. and MICHAEL D. BROWN, UNDER SECRETARY, FEDERAL EMERGENCY MANAGEMENT AGENCY, | |
| Defendants. | |

**I, MICHAEL YSRAEL,** hereby declare as follows:

1. I am over the age of eighteen (18) years and the authorized representative of Plaintiff, Guam Medical Plaza, L.P.

2. On June 24, 1998, Plaintiff submitted an application for flood insurance. Plaintiff requested contents insurance coverage and identified specific content items for coverage in the space provided by the application. The application was submitted by Plaintiff's Agent, Defendant Calvo's Insurance Underwriters, Inc. ("Calvo's").

ORIGINAL

3. The Flood Insurance Policy was issued in 1998 and renewed annually. It was in force on December 8, 2002 when Super Typhoon Pongsona struck the island of Guam.

4. On January 10, 2003, at Plaintiff's request, Calvo's, submitted a Notice of Loss to the Federal Insurance and Mitigation Administration ("FIMA") an administration within the Federal Emergency Management Agency ("FEMA") under coverage provided through the Standard Flood Insurance Policy ("SFIP").

5. On January 14, 2003, Leonard Orloff, a public adjuster hired to assist with Plaintiff's flood claim, met Bill Young of Thorne Claim Service as he inspected the property. That day I was informed that the claim would be denied due to a lack of coverage under the policy. Specifically, I was informed by FEMA's adjusters that Plaintiff had no insurable interest. Plaintiff relied on the statements of FEMA's adjuster that the claim was being denied solely on a lack of coverage. Based upon the denial for lack of coverage and that claim losses would not be considered, Plaintiff thought there was no need to file a sworn proof of loss to fix the amount of the claim because no claim amount would be considered by FEMA.

6. With the knowledge that coverage under the NFIP was being denied Plaintiff contacted Calvo's to take all steps necessary to pursue Plaintiff's rights under the policy and to assist with the claim. On February 4, 2003, Calvo's prepared and sent a fax to Donna Bowman of the NFIP regarding the Claim and disputing the denial of coverage.

7. Plaintiff was lead to believe by FEMA's adjuster that the only remedy to determine coverage was to file a lawsuit. Prior to filing the lawsuit, Plaintiff continued to request reconsiderations of the denial of coverage. FEMA continued to deny any coverage under the policy. In FEMA's continued denials of coverage, FEMA never identified the failure to file a Sworn Proof of Loss as a basis for the denial, as more specifically set forth below.

TEKER TORRES & TEKER, P.C.
SUITE 2A, 130 ASPINALL AVENUE
HAGÅTÑA, GUAM 96910
TELEPHONE: (671) 477-9891

Case 1:03-cv-00038   Document 18   Filed 10/21/2004   Page 12 of 14

8. On February 12, 2003, NFIP sent a formal denial letter citing various reasons for its denial. None of those reasons included the failure to file a Sworn Proof of Loss.

9. On February 25, 2003, Bertha Lizama of Calvo's, sent a fax to the NFIP manager, Eddie Lowman requesting that his office review the Claim and reconsider its denial. Ms. Lizama received a response from the NFIP which stated that the decision to leave the claim closed without payments stood due to no insurable interest in contents. No reference to any failure to file a Sworn Proof of Loss as a basis for denial of the claim was included by FEMA.

10. On March 14, 2003, Plaintiff instructed Mr. Orloff to send a letter to David Zaika of NFIP questioning his response to Ms Lizama of Calvo's that there was no coverage. Mr. Orloff also attached documentation of the monetary loss to help identify exactly what was being claimed as covered under the policy.

11. On May 22, 2003, Plaintiff received a letter from NFIP that upheld the denial on the basis that no coverage was available for the lost items. Nowhere in the May 22, 2003 letter did the NFIP state that the denial was for the failure to submit a Sworn Proof of Loss nor was any reference made to the loss statement attached to Mr. Orloff's March 14, 2003 letter.

12. On June 16, 2003, Mr. Orloff sent Duane Paulson another letter requesting for reconsideration letter. Mr. Paulson responded on June 23, 2003 to Mr. Orloff sustaining the NFIP's previous denial of the Claim and stating that the insured had one (1) year from the date of the February 12, 2003 denial to file a suit in the United States District Court "in which the

///

///

///

///

TEKER TORRES & TEKER, P.C.
SUITE 2A, 130 ASPINALL AVENUE
HAGÅTÑA, GUAM 96910
TELEPHONE: (671) 477-9891

| | |
|---|---|
| 1 | insured property was located at the time of loss." Nowhere in the June 23, 2003 letter does it |
| 2 | identify the failure to submit a Sworn Proof of Loss as a basis for denial of the claim. |
| 3 | I declare under penalty of perjury that the foregoing Declaration is true and correct. |
| 4 | Executed at Hagåtña, Guam on this 19th day of October, 2004. |

_____
MICHAEL YSRAEL